UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x
FORT WORTH EMPLOYEES'  : Civil Action No. 1:09-cv-03701-JGK
RETIREMENT FUND, On Behalf of Itself and :
All Others Similarly Situated,  : CLASS ACTION
 :
            Plaintiffs,  : MEMORANDUM OF LAW IN SUPPORT
 : OF THE MOTION OF EMPLOYEES'
    vs.  : RETIREMENT SYSTEM OF THE
 : GOVERNMENT OF THE VIRGIN
J.P. MORGAN CHASE & CO., et al.,  : ISLANDS FOR APPOINTMENT AS LEAD
 : PLAINTIFF AND FOR APPROVAL OF
            Defendants.  : SELECTION OF LEAD COUNSEL
 :
——————————————————————— x

I.  **PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of certain Mortgage Pass-Though Certificates ("Certificates") issued by J.P. Morgan Chase & Co. ("J.P. Morgan" or the "Company") pursuant and/or traceable to the J.P. Morgan Acceptance Corporation I ("J.P. Morgan Acceptance") Registration Statement No. 333-141607 and accompanying Prospectus (collectively, the "Registration Statements") and Prospectus Supplements. The Action alleges violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Institutional Investor Employees' Retirement System of the Government of the Virgin Islands ("USVI GERS") hereby moves this Court for an Order to: (i) appoint USVI GERS as Lead Plaintiff in the Action under Section 27 of the Securities Act; and (ii) approve USVI GERS's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that USVI GERS is the most adequate plaintiff, as defined by the PSLRA. USVI GERS is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, USVI GERS is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

USVI GERS acquired approximately 3,540,508 J.P. Morgan Mortgage Trust 2007-S3 1A1 Mortgage Pass-Through Certificates ("2007-S3 1A1 Certificates") and suffered significant losses as

a result of its transactions in 2007-S3 1A1 Certificates. *See* Alba Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, USVI GERS, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.     PROCEDURAL HISTORY

On March 11, 2009, a securities fraud class action was filed against Defendants for violations of Sections 11, 12(a)(2) and 15 of the Securities Act, captioned *Fort Worth Employees' Retirement Fund vs. J.P. Morgan Chase & Co., et al.*, Index No. 600767/2009 (the "*Fort Worth* Action"), in the Supreme Court of the State of New York for New York County. On April 10, 2009, Defendants removed the *Fort Worth* Action to federal court.

By Stipulation and Order, dated July 10, 2009, the parties agreed that the Action will remain pending before this Court and the Court ordered plaintiff to issue a notice pursuant to the PSLRA within 20 days of the July 10, 2009 Order. On July 30, 2009, counsel for plaintiff in the *Fort Worth* Action, pursuant to the PSLRA, published notice of the Action, advising potential class members of, *inter alia*, the nature of the action and the deadline for filing motions for appointment of Lead Plaintiff. 15 U.S.C. §77z-1(3)(A)(i). According to the notice, the deadline for filing Lead Plaintiff motions is September 28, 2009.

---

[1]     References to the "Alba Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated September 28, 2009, and submitted herewith.

## III.     FACTUAL BACKGROUND

J.P. Morgan Acceptance was formed in 1988 for the purpose of acquiring, owning and selling interests in the Certificates. J.P. Morgan Acceptance is a subsidiary of J.P. Morgan Securities, Inc. ("J.P. Morgan") and is engaged in mortgage lending and other real estate finance-related businesses, including mortgage banking, mortgage warehouse lending, and insurance underwriting.

The Complaint alleges that, on March 27, 2007, J.P. Morgan Acceptance and the Defendant Issuers caused Registration Statements to be filed with the Securities and Exchange Commission ("SEC") in connection with the issuance of hundreds of millions of dollars of the Certificates. The Certificates were issued pursuant to Prospectus Supplements, each of which was incorporated into the Registration Statements. The J.P. Morgan Issuing Trusts issued the Certificates pursuant to the Registration Statements, which explained the structure of the Issuing Trusts and provided an overview of the Certificates. The Certificates were then sold to investors by underwriters pursuant to a series of prospectus supplements that were also filed with the SEC and incorporated by reference into the Registration Statements ("Prospectus Supplements"). Each Prospectus Supplement included a detailed description of the particular J.P. Morgan Issuing Trust and the Certificates it would issue. The Registration Statements further represented that the mortgages underlying the Certificates were investment-grade and were subject to specific loan underwriting and appraisal standards were based on and met such standards.

The Certificates entitled investors to receive monthly distributions of interest and principal on cash flows paid by the borrowers on the mortgages held by the J.P. Morgan Issuing Trusts. As the underlying mortgage borrowers in each issuance paid their mortgages, distributions were to be made to the investors of the particular Certificate as disclosed in the Prospectus Supplement disseminated with respect to that Certificate. If the underlying borrowers did not pay their mortgages, losses passed to investors based on the seniority of their Certificates. Consequently, the investment quality

- 3 -

of the Certificates was inextricably connected to the quality of the mortgage loan pools held by each J.P. Morgan Issuing Trust.

However, as the Complaint alleges, J.P. Morgan, and certain of its entities, failed to disclose in the Registration Statements that the loan originators that originated the mortgages to borrowers had ignored and/or never intended to follow the stated underwriting and appraisal standards and guidelines, and that loan purchasing guidelines were ignored. The underlying mortgages were also loans on properties for which the collateral appraisals materially overstated the value of the underlying properties. The Certificates that were sold to investors as investment-grade instruments were later revealed to be below investment-grade instruments. Additionally, as underlying mortgage borrowers became delinquent, defaulted and suffered foreclosures, the purportedly investment-grade Certificates were downgraded, cash flows were reduced and the Certificates were significantly reduced in value. The Complaint further alleges that, as a direct and proximate result of Defendants' false and materially misleading statements and material omissions, investors suffered damages when the truth about the risk profile and value of the Certificates became known and the price dropped.

## IV.   ARGUMENT

### A.   USVI GERS Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). Plaintiff in the *Fort Worth* Action caused the first notice regarding the pendency of this Action to be published on *GlobeNewswire*, a national,

business-oriented newswire service, on July 30, 2009. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. USVI GERS Satisfies the "Lead Plaintiff" Requirements of the Securities Act

#### a. USVI GERS Has Complied with the Securities Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §77z-1(a)(3)(A) and (B) expires on September 28, 2009. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on July 30, 2009, USVI GERS timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

USVI GERS has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Alba Decl., Ex. B. In addition, USVI GERS has selected and retained competent counsel to represent itself and the class. *See* Alba Decl., Ex. C. Accordingly, USVI GERS has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. USVI GERS Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. USVI GERS, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c. USVI GERS Has the Requisite Financial Interest in the Relief Sought by the Class

During the relevant period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. B, USVI GERS acquired approximately 3,540,508 2007-S3 1A1 Certificates and suffered significant losses as a result of its transactions in 2007-S3 1A1 Certificates. *See* Alba Decl., Ex. B. USVI GERS thus has a significant financial interest in this case. Therefore,

USVI GERS satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### d. USVI GERS Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). USVI GERS satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are

typical. *See Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

USVI GERS satisfies this requirement because, just like all other class members, it: (1) purchased J.P. Morgan Certificates; (2) was adversely affected by Defendants' false and misleading Registration Statements; and (3) suffered damages as a result thereof. Thus, USVI GERS's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of USVI GERS to represent the class to the existence of any conflicts between the interest of USVI GERS and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, USVI GERS is an adequate representative of the class. As evidenced by the injuries suffered by USVI GERS and the class, the interests of USVI GERS are clearly aligned with the members of the class, and there is no evidence of any antagonism between USVI GERS's interests and those of the other members of the class. Further, USVI GERS has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, USVI GERS's proposed Lead

Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner Thus, USVI GERS *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve USVI GERS's Choice of Counsel

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, USVI GERS has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corporation Securities Litigation*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. C. Specifically, the court in Enron stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve USVI GERS's selection of counsel.

### V. CONCLUSION

For all the foregoing reasons, USVI GERS respectfully requests that the Court: (i) appoint USVI GERS as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

- 10 -

DATED: September 28, 2009

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.


           /s/ *Mario Alba Jr.*
           MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that, on September 28, 2009, I caused a true and correct copy of the attached:

> Notice of Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of Employees' Retirement System of the Government of the Virgin Islands for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and
>
> Declaration of Mario Alba Jr. in Support of the Motion of Employees' Retirement System of the Government of the Virgin Islands for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Mario Alba Jr.*
Mario Alba Jr.

JP MORGAN ALT (SDNY)
Service List - 9/24/2009   (08-0070)
Page 1 of 1

**Counsel For Defendant(s)**

Adam Zurofsky
Floyd Abrams
S. Penny Windle
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY  10005-1702
   212/701-3000
   212/269-5420(Fax)

Andrew J. Ehrlich
Martin Flumenbaum
Roberta A. Kaplan
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
   212/373-3000
   212/757-3990(Fax)

James J. Coster
Joshua M. Rubins
Justin E. Klein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, NY  10169
   212/818-9200
   212/818-9606(Fax)

A. Robert Pietrzak
Dorothy J. Spenner
Sidley Austin LLP
787 7th Avenue, 22nd Floor
New York, NY  10019
   212/839-5300
   212/839-5599(Fax)

**Counsel For Plaintiff(s)**

Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173(Fax)

Geoffrey M. Johnson
Johnson & Conway, LLP
18 Sycamore Avenue, Suite 2
Ho Ho Kus, NJ  07423
   201/447-5600
   201/447-2080(Fax)

David R. Scott
Scott + Scott LLP
108 Norwich Avenue
Colchester, CT  06415
   860/537-5537
   860/537-4432(Fax)

Joseph P. Guglielmo
Scott + Scott, LLP
29 West 57th Street, 14th Floor
New York, NY  10019
   212/223-6444
   212/223-6334(Fax)