# Robbins Geller
# Rudman & Dowd LLP

| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Scott H. Saham
ScottS@rgrdlaw.com

**APPLICATION GRANTED**
**SO ORDERED**

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.

10/4/10

October 4, 2010

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-5-10

VIA FACSIMILE 212/805-7912

The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 12B
New York, NY 10007-1312

Re:  *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., et al.*
     Civil Action No. 1:09-cv-03701-JGK

Dear Judge Koeltl:

I write on behalf of proposed Intervenor Members United Corporate Federal Credit Union ("Members United") and its successor in interest the National Credit Union Administration ("NCUA"), an independent agency in the executive branch of the United States government. On September 13, 2010, Members United moved to intervene into this litigation.

On September 24, 2010, the NCUA instituted a conservatorship for Members United. The Order of Conservatorship is attached hereto as Exhibit A. The Order grants the NCUA as conservator "all the powers of the members, the directors, the officers, and the committees of the credit union" and authorizes the NCUA "to operate the credit union in its own name." 12 U.S.C. §1786(h)(8).

The NCUA respectfully requests a one week extension of time to file Members United's reply in support of intervention which is scheduled to be filed today. No prior extension on this deadline has been requested. The one week extension is requested in order to enable the NCUA to review the status of the case in order to familiarize itself with the litigation prior to the filing of the scheduled reply brief.

**Robbins Geller
Rudman & Dowd LLP**

The Honorable John G. Koeltl
October 4, 2010
Page 2

      I have contacted defense counsel and they have agreed to the one week extension. Thank you for your consideration of this matter.

                    Respectfully submitted,

                    SCOTT H. SAHAM

SHS:jpk
Attachment

cc:    All Counsel of Record (via email)

# EXHIBIT A



————National Credit Union Administration————

# UNITED STATES OF AMERICA
# NATIONAL CREDIT UNION ADMINISTRATION
Alexandria, Virginia

|  |  |
|---|---|
| In the Matter of the Conservatorship of MEMBERS UNITED CORPORATE FEDERAL CREDIT UNION, Charter No. 22253 | NCUA Docket No. 10-0036-CO |

## ORDER OF CONSERVATORSHIP

To: The Board of Directors and Other Officials
Members United CorporateFederal Credit Union
4450 Weaver Parkway
Warrenville, IL 60555

Notice is hereby given that, pursuant to 12 U.S.C. §1786(h)(1)(A), the National Credit Union Administration Board ("NCUA Board") has appointed itself Conservator of Members United Corporate Federal Credit Union, charter No. 22253 ("MU"), for the reasons set forth in the Confidential Statement of Grounds for Conservatorship, incorporated herein by reference. By this appointment, the NCUA Board as Conservator is exercising its lawful authority *ex parte,* and without notice, immediately to take possession and control of the business, assets and records of MU.

Pursuant to 12 U.S.C. §§1786(h)(4), (h)(8), this Order is effective upon service and the Conservator is forthwith vested with all powers of members, directors, and officers and committees of MU. The Board of Directors and management are ordered forthwith to cease all activity on behalf of MU. Any business purportedly conducted on behalf of MU following service of this Order may subject members of the Board of Directors and management to civil and/or criminal liability.

The Board of Directors of the MU, its officers, employees and agents, are hereby ORDERED immediately to turn over and release to the duly appointed Principal Agent and sub-agents of the Conservator all books, records, accounts, documents, attorney work product, assets and property, both real and personal, of every description, belonging to MU.

### Appointment of Principal Agent and Sub-Agents of Conservator

Pursuant to 12 U.S.C. §1786(h)(6), Scott Hunt, Director of NCUA's Office of Corporate Credit Unions, and his successor(s), is hereby appointed Principal Agent of the NCUA Board as Conservator of MU. The following persons are hereby appointed sub-agents of the Agent for the Conservator:

| | |
|---|---|
| Victoria Nahrwold | Russell Moore |
| John Bean | Douglas Ito |
| Jane Walters | JeanMarie Komyathy |

The Principal Agent for the Conservator is authorized to appoint by letter such additional sub-agents as he deems necessary.

### Authority of Principal Agent and Sub-Agents of Conservator

The Principal Agent for the Conservator and his sub-agents each possess all the authority delegable to such agents of the NCUA Board under 12 U.S.C. §§1787(b)(2), (b)(12) - (16), (c), (g), (h), including but not limited to the authority to:

(a) maintain possession and control of the business, assets, records, and property of MU;

(b) to sell, enforce collection of and liquidate all such assets and property;

(c) to operate, manage and transact the business of MU;

(d) to repudiate agreements, contracts and leases to which MU is a party;

(e) to compound all bad and doubtful debts;

(f) to make distribution and payment to creditors and members as their interests may appear;

(g) to sue in the name of the Conservator or its Agent or in the name of MU;

(h) to defend such actions as may be brought against the Conservator, its Agent or MU;

(i) to receive, examine, and pass upon claims made against MU;

(j) to execute such documents on behalf of MU and to do such other things as may be necessary to conduct the business of MU;

(k) to assign, extend, discharge in whole or in part, or foreclose (including making an entry to foreclose) any mortgage or real or personal property standing in the name of MU individually or held by MU in any fiduciary capacity, and to subordinate the lien of any such mortgage to any other mortgage, lease, or other interest, and to initiate and to defend any action with respect to any such mortgage;

(l) to sell, lease, convey, grant assessments or other interest in, enter agreements with respect to, and to initiate and to defend any action with respect to any real estate acquired by MU individually, by virtue of the foreclosure, or held by MU in any fiduciary capacity;

(m) to sign, seal with the corporate seal, acknowledge and deliver all pleadings, affidavits, deeds, contracts, releases, discharges, certificates, leases, assents, grants, and other instruments necessary or appropriate to carry out the foregoing powers, and such execution shall in each case be conclusive as to the authority of the executing officer.

### Grounds for Conservatorship

Pursuant to 12 U.S.C. §1786 (h)(1)(A), the NCUA Board has determined that the imposition of a conservatorship is necessary to conserve the assets of MU, to protect the National Credit Union Share Insurance Fund ("NCUSIF"), and to protect the interests of the members of MU. The grounds for imposing this conservatorship are summarized in the Confidential Statement of Grounds for Conservatorship, which is incorporated by reference in this Order. It is essential to immediately resolve the problems addressed in the Confidential Statement in order to conserve MU's assets, to protect the NCUSIF, and to protect the interests of the members of MU.

### Nonpublication of Grounds for Conservatorship

Because MU will continue to operate during the conservatorship, public disclosure of the nature of the grounds supporting this Order (as set forth in the Confidential Statement) could cause damage to MU or otherwise undermine the ability of the Conservator to maintain normal operations of MU, to protect its assets, the interests of its members, the NCUSIF, and others. Accordingly, it is hereby ORDERED that the contents of the Confidential Statement shall not be disclosed or otherwise made public

except to the extent authorized by the Principal Agent or sub-agents of the Conservator or as otherwise ordered by a court of competent jurisdiction.

### Opportunity to Consent or to Apply For Relief

The Board of Directors of MU may consent to this conservatorship action or may, pursuant to 12 U.S.C. 1786(h)(3), no later than ten days after this Order is served, apply to the United States District Court for either the District of Columbia or the judicial district in which MU's main office is located for an order requiring the NCUA Board to show cause why it should not be enjoined from continuing possession and control of MU as Conservator.

                              NATIONAL CREDIT UNION
                              ADMINISTRATION BOARD

                              By: *Mary Rupp*
                                  MARY RUPP
                                  Secretary of the Board

Dated: September 24, 2010