```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────
EMPLOYEES' RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE VIRGIN ISLANDS, on
behalf of itself and all others         09 Civ. 3701 (JGK)
similarly situated,
                Plaintiff,              MEMORANDUM OPINION
                                              AND ORDER
      - against -

J.P. MORGAN CHASE & CO., ET AL.,
                Defendants.
───────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The lead plaintiff, the Employees' Retirement System of the Government of the Virgin Islands, moves pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of the Court's March 30, 2011 Opinion and Order granting the defendants' motion to dismiss in part and denying that motion in part. Emps.' Ret. Sys. of the Gov't of the V.I. v. J.P. Morgan Chase & Co., No. 09 Civ. 3701, 2011 WL 1201520 (Mar. 30, 2011) (the "Opinion").

Rule 60(b) sets forth the grounds by which a court, in its discretion, can provide relief from a final judgment or order. See Fed. R. Civ. P. 60(b); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) allows a court to relieve a party from a final judgment for, among other reasons, "(1) mistake, inadvertence, surprise, or excusable neglect;" "(2) newly-discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) exists to strike a balance between

"serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. While Rule 60(b) should be read broadly to do "substantial justice," final judgments or orders should not be reopened casually. Id. Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." Id.; see also Minima v. N.Y.C. Dep't of Homeless Servs., No. 09 Civ. 1027, 2010 WL 176829, at *1 (S.D.N.Y. Jan. 19, 2010); Meteor AG v. Fed. Express Corp., No. 08 Civ. 3773, 2009 WL 3853802, at *3 (S.D.N.Y. Nov. 18, 2009).

The lead plaintiff grounds its motion for reconsideration on an apparent error in the Opinion as originally entered. The Opinion contained a footnote stating that two statements alleged in the Second Amended Complaint to be found in the shelf registration statement were actually found in the Prospectus Supplement. On this ground, the Court distinguished In re CitiGroup Inc. Bond Litigation, 723 F. Supp. 2d 568 (S.D.N.Y. 2010), on which the lead plaintiff relied.

The lead plaintiff is correct that the alleged statements did in fact appear in both the shelf registration statement and the Prospectus Supplement. The excerpts of the shelf registration statement included among the exhibits presented in support of and opposition to the motion to dismiss omitted the pages containing these statements. However, this is immaterial to the Opinion's conclusions. The Court held that plaintiffs lack standing to

2

bring claims under Sections 11 and 12 of the Securities Act of 1933 that relate to securities that they did not purchase. This holding is correct for the reasons stated in the Opinion and is consistent with the overwhelming majority of cases to consider the issue.[1] In distinguishing In re Citigroup, the Court was explaining why the lead plaintiff would lack standing even if that case were followed; it was not endorsing In re Citigroup's holding.

Accordingly, the lead plaintiff has failed to meet the standard for a motion for reconsideration and its motion is denied. The Court is filing an amended Opinion to reflect the newly submitted excerpts from the shelf registration statement.

### CONCLUSION

For the foregoing reasons, the lead plaintiff's motion for reconsideration is **denied**. The Clerk is directed to close Docket No. 125.

SO ORDERED.

Dated:   New York, New York
         May 9, 2011

                                    /s/ John G. Koeltl
                                    John G. Koeltl
                                    United States District Judge

---

[1] See, e.g., In re Lehman Bros. Sec. & ERISA Litig., 684 F. Supp. 2d 485, 490-91 (S.D.N.Y. 2010); Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co. ("PERS of Miss."), 714 F. Supp. 2d 475, 480 (S.D.N.Y. 2010); N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc., No. 08 Civ. 5653, 2010 WL 1473288, at *3-4 (S.D.N.Y. Mar. 29, 2010); N.J. Carpenters Vacation Fund v. Royal Bank of Scot. Group, PLC, 720 F. Supp. 2d 254, 264-66 (S.D.N.Y. 2010); City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc., 703 F. Supp. 2d 253, 260-61 (E.D.N.Y. 2010); but see In re CitiGroup Inc. Bond Litig., 723 F. Supp. 2d 568, 584-85 (S.D.N.Y. 2010); In re Countrywide Fin. Corp. Sec. Litig., 588 F. Supp. 2d 1132, 1164 (C.D. Cal. 2009).