UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
FORT WORTH EMPLOYEES'          :   Civil Action No. 1:09-cv-03701-JPO
RETIREMENT FUND, On Behalf of Itself and :
All Others Similarly Situated,           :   CLASS ACTION
                                         :
                    Plaintiff,           :   MEMORANDUM OF LAW IN SUPPORT
                                         :   OF LEAD PLAINTIFF'S MOTION TO
        vs.                              :   MODIFY ORDER APPOINTING LEAD
                                         :   PLAINTIFF
J.P. MORGAN CHASE & CO., et al.,         :
                                         :
                    Defendants.          :
                                         :
———————————————————— x

666761_1

# TABLE OF CONTENTS

**Page**

I.  Introduction ............................................................................................................1

II. Procedural History ..................................................................................................4

III. Courts Routinely Permit the Withdraw and Substitution of Lead Plaintiffs in Class
    Actions ....................................................................................................................5

    A.  USVI GERS' Motion to Withdraw as Lead Plaintiff Should Be Granted..............6

    B.  Northern California Laborers Should Be Appointed Lead Plaintiff in Lieu
        of USVI GERS..................................................................................................7

        1.  Northern California Laborers Has the Largest Financial Interest in
            the Relief Sought by the Class ...............................................................10

        2.  Northern California Laborers Satisfies Rule 23.........................................10

    C.  The Court Should Approve Northern California Laborers' Selection of
        Counsel ............................................................................................................11

IV. Conclusion .............................................................................................................13

# TABLE OF AUTHORITIES

Page

## CASES

*Billhofer v. Flamel Techs.*,
    No. 07 Civ. 9920, 2010 U.S. Dist. LEXIS 99438
    (S.D.N.Y. Sept. 20, 2010) ...........................................................................................3

*Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.*,
    335 F. Supp. 2d 275 (D. Conn. 2004) .........................................................................3

*Cole v. Am. President Lines, Ltd.*,
    156 F. Supp. 334 (S.D.N.Y. 1957) .............................................................................3

*Coopersmith v. Lehman Bros.*,
    344 F. Supp. 2d 783 (D. Mass. 2004) .........................................................................8

*Donoghue v. Miracor Diagnostics, Inc.*,
    No. 00 Civ. 6696 (JGK) (RLE), 2002 U.S. Dist. LEXIS 2461
    (S.D.N.Y. Feb. 11, 2001) ............................................................................................3

*Duling v. Gristede's Operating Corp.*,
    265 F.R.D. 91 (S.D.N.Y. 2010) ..................................................................................6

*Ferrari v. Impath, Inc.*,
    No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898
    (S.D.N.Y. July 20, 2004) ...........................................................................................11

*Fischler v. AmSouth Bancorporation*,
    No. 96-1567-CIV-17A, 1997 U.S. Dist. LEXIS 2875
    (M.D. Fla. Feb. 6, 1997) .............................................................................................2

*Gluck v. CellStar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) .............................................................................2

*Grebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ................................................................................2

*In re Am. Serv. Grp., Inc.*,
    No. 3:06-00323, 2006 US Dist. LEXIS 61779
    (M.D. Tenn. Aug. 28, 2006) ........................................................................................6

*In re Currency Conversion Fee Antitrust Litig.*,
    MDL No. 1409, M 21-05, 2004 U.S. Dist. LEXIS 22132
    (S.D.N.Y. Nov. 3, 2004) ..............................................................................................6

- ii -

**Page**

*In re Enron Corp., Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002) ...................................................................2

*In re Flight Safety Techs., Inc. Sec. Litig.*,
231 F.R.D. 124 (D. Conn. 2005) ...................................................................6

*In re IMAX Sec. Litig.*,
No. 06 Civ. 6128 (NRB), 2009 U.S. Dist. LEXIS 58219
(S.D.N.Y. June 29, 2009) ..............................................................................3

*In re IMAX Sec. Litig.*,
No. 06 Civ. 6128 (NRB), 2011 U.S. Dist. LEXIS 41709
(S.D.N.Y. Apr. 15, 2011) ..................................................................8, 9, 10

*In re Initial Pub. Offering Sec. Litig.*,
224 F.R.D. 550 (S.D.N.Y. 2004) ...................................................................6

*In re Initial Public Offering*,
214 F.R.D. 117 (S.D.N.Y. 2002) ...............................................................6, 8

*In re Neopharm, Inc. Sec. Litig.*,
No. 02 C 2976, 2004 U.S. Dist. LEXIS 5814
(N.D. Ill. Apr. 8, 2004) ..................................................................................8

*In re Nice Sys., Ltd. Sec. Litig.*,
188 F.R.D. 206 (D.N.J. 1999) ........................................................................2

*In re NYSE Specialists Sec. Litig.*,
240 F.R.D. 128 (S.D.N.Y. 2007) ...............................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
191 F.R.D. 369 (S.D.N.Y. 2000) ...................................................................6

*In re Terayon Commc'ns Sys. Sec. Litig.*,
No. C 00-01967 MHP, 2004 U.S. Dist. LEXIS 3131
(N.D. Cal. Feb. 23, 2004) ...........................................................................6, 7

*In re Xerox Sec. Litig.*,
No. 3:99CV2374 (AWT), 2006 WL 1359339
(D. Conn. May 12, 2006) ...............................................................................6

*Lintz v. Agria Corp.*,
No. 08 Civ. 3536 (WHP), 2008 U.S. Dist. LEXIS 99846
(S.D.N.Y. Dec. 3, 2008) ...............................................................................12

- iii -

Page

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    No. CV 09-3007 (SJF)(AKT), 2010 U.S. Dist. LEXIS 103218
    (E.D.N.Y. Aug. 17, 2010) ...................................................................................11

*Sgalambo v. McKenzie*,
    268 F.R.D. 170 (S.D.N.Y. 2010) ...................................................................10, 11

*Sofran v. Labranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ...................................................................10

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ...........................................................2

*Zuckerman v. Foxmeyer Health Corp.*,
    No. 3:96-CV-2258-T, 1997 U.S. Dist. LEXIS 23549
    (N.D. Tex. Mar. 28, 1997) ..............................................................................2

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §77k..........................................................................................................................2
    §77l...........................................................................................................................2
    §77o..........................................................................................................................2
    §77z-1(a) ...................................................................................................................1
    §77z-1(a)(3) ..............................................................................................................7
    §77z-1(a)(3)(A)(i) .....................................................................................................7
    §77z-1(a)(3)(B)(i) ......................................................................................................7
    §77z-1(a)(3)(B)(iii) ....................................................................................................2
    §77z-1(a)(3)(B)(iii)(I)(bb) .....................................................................................9, 10
    §77z-1(a)(3)(B)(iii)(I)(cc) ......................................................................................9, 10
    §77z-1(a)(3)(B)(iii)(II)(aa) .......................................................................................11
    §77z-1(a)(3)(B)(v) ....................................................................................................11

Federal Rule of Civil Procedure
    Rule 15.......................................................................................................................6
    Rule 21.......................................................................................................................5
    Rule 23..................................................................................................................9, 10

## SECONDARY AUTHORITIES

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and
    Procedure* (3d ed. 2001)
    §1688.1.......................................................................................................................6

666761_1

Pursuant to Federal Rule of Civil Procedure 21 and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1(a), Lead Plaintiff Employees' Retirement System of the Government of the Virgin Islands ("USVI GERS" or "Lead Plaintiff") hereby seeks to withdraw as the lead plaintiff in this action, and the Laborers Pension Trust Fund for Northern California ("Northern California Laborers") seeks to have the lead plaintiff order modified so as to substitute Northern California Laborers as lead plaintiff.

## I.      Introduction

On April 8, 2010 the Court appointed USVI GERS as lead plaintiff in this action. *See* Dkt. No. 74. However, USVI GERS now wishes to withdraw as lead plaintiff. In its place, Northern California Laborers seeks to be substituted as the lead plaintiff, so that through counsel for lead plaintiff there can be a smooth transition and continuity in the ongoing prosecution of this action on behalf of absent class members.[1] USVI GERS selected Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as its counsel and the Court approved that selection by appointing Robbins Geller as Lead Counsel in its April 8, 2010 Order.[2] Northern California Laborers has also selected Robbins Geller as counsel which will ensure the substitution of lead plaintiffs is seamless.

The withdrawal of USVI GERS and substitution of Northern California Laborers as lead plaintiff will benefit the proposed class by ensuring a lead plaintiff and class representative who can fully participate in the litigation and represent the interests of all class members. Northern California Laborers bought the securities at issue in this action pursuant to a Registration Statement and

---

[1]      The certification of Northern California Laborers is attached as Exhibit A to the Declaration of Susan G. Taylor in Support of Lead Plaintiff's Motion to Modify Order Appointing Lead Plaintiff ("Taylor Decl."), filed concurrently herewith.

[2]      Robbins Geller is the successor law firm to Coughlin Stoia Geller Rudman & Robbins LLP.

Prospectus Supplement ("Offering Document") alleged to contain false and misleading statements and omissions regarding the certificates available for purchase.  Specifically, it purchased J.P. Morgan Mortgage Trust 2007-S3 Mortgage Pass-Through Certificates ("2007-S3 Certificates"), the same certificates purchased by USVI GERS.  Taylor Decl., Ex. A.  Additionally, Northern California Laborers has affirmed the allegations in the Second Amended Complaint for Violation of §§11, 12 and 15 of the Securities Act of 1933 ("SAC").  *Id*.  Therefore, the securities at issue, the proposed class definition, the allegations in the SAC and all other aspects of this litigation will remain constant if this motion is granted.

Furthermore, no party to this action will be prejudiced in any manner by the withdrawal of USVI GERS and the substitution of Northern California Laborers in its place.[3]  Discovery is in the early stages and defendants had not yet noticed any depositions of USVI GERS or any other non-parties associated with Lead Plaintiff at the time they were informed of the impending substitution.[4]  Additionally, the discovery that defendants have already responded to would be the same regardless of the institution holding the title of lead plaintiff in this action, thus there will be no duplication of

---

[3]     Defendants have indicated that they will likely oppose this motion, however, "a number of courts have concluded that defendants lack standing to challenge the adequacy or typicality of the proposed lead plaintiffs."  *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 439 (S.D. Tex. 2002) (citing *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 547, 550 (N.D. Tex. 1997); *Grebel v. FTP Software*, 939 F. Supp. 57, 60-61 (D. Mass. 1996); *Fischler v. AmSouth Bancorporation*, No. 96-1567-CIV-17A, 1997 U.S. Dist. LEXIS 2875, at *5-*8 (M.D. Fla. Feb. 6, 1997); *Zuckerman v. Foxmeyer Health Corp.*, No. 3:96-CV-2258-T, 1997 U.S. Dist. LEXIS 23549, at *7-*10 (N.D. Tex. Mar. 28, 1997); *In re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 218 n.11 (D.N.J. 1999)).  *See also* 15 U.S.C. §77z-1(a)(3)(B)(iii) (setting forth the requirement that the courts should presume the most adequate plaintiff to be one who comports with certain requirements, subject to rebuttal "***only upon proof by a member of the purported plaintiff class***").

[4]     Moreover, lead counsel has already told defense counsel that once Northern California Laborers is appointed lead plaintiff, it will endeavor to provide discovery information and documents on an expedited basis.

- 2 -

666761_1

effort or additional burden on defendants in terms of their obligations to respond to discovery going forward.  Furthermore, Lead Plaintiff's motion for class certification has not yet been filed, therefore this motion does not affect defendants' ability to respond to that motion pursuant to the current schedule or any modification to the class cert briefing schedule that the Court should order.  Finally, Lead Plaintiff does not believe that this substitution should affect the pre-trial dates entered in the September 9, 2011 Scheduling Order.  *See* Dkt. No. 147.[5]

At the outset of this litigation there was one other competing movant for lead plaintiff, Fort Worth Employees' Retirement Fund ("Forth Worth").  However, Fort Worth withdrew its motion for appointment as lead plaintiff and declared its support for appointing USVI GERS in its place in light of the fact that USVI GERS had the largest loss and was, therefore, the presumptive lead plaintiff under the PSLRA.  *See*  Fort Worth Employees' Retirement Fund's Statement in Response to Employees' Retirement System of the Government of the Virgin Islands for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel (Dkt. No. 43) at 1.  Like USVI GERS, Northern California Laborers has a larger financial interest in the litigation than Fort Worth making

---

[5]     To the extent defendants continue to assert that they will not engage in a meet and confer on their discovery responses or in any further discovery based on their assertion that the Complaint must be amended, plaintiffs will move the Court for an order compelling compliance with the discovery rules.  Lead Plaintiff has expressly told defendants that it does not intend to amend the Complaint and is not aware of any authority that requires a plaintiff to amend a complaint when substituting a party.  Indeed, several courts have held that a lead plaintiff may be substituted without filing an amended complaint.  *See Billhofer v. Flamel Techs.*, No. 07 Civ. 9920, 2010 U.S. Dist. LEXIS 99438, at *5-*6 (S.D.N.Y. Sept. 20, 2010) (citing *In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2009 U.S. Dist. LEXIS 58219, at *4 (S.D.N.Y. June 29, 2009) ("*IMAX I*") (permitting substitution of lead plaintiff without filing an amended complaint); *Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.*, 335 F. Supp. 2d 275, 285 (D. Conn. 2004) (permitting substitution of plaintiff without filing an amended complaint); *Donoghue v. Miracor Diagnostics, Inc.*, No. 00 Civ. 6696 (JGK) (RLE), 2002 U.S. Dist. LEXIS 2461, at *1 (S.D.N.Y. Feb. 11, 2001) (same); *Cole v. Am. President Lines, Ltd.*, 156 F. Supp. 334, 335 (S.D.N.Y. 1957) (noting substitution of plaintiff with "no change in the complaint")).

it the presumptive lead plaintiff. *See* Taylor Decl., Exs. A-B. Therefore, as discussed fully below, Fort Worth would have no basis for moving again to be named lead plaintiff and because no other party originally moved to be appointed lead plaintiff, there is no reason to reopen the notice. Therefore, the instant motion should be granted, permitting USVI GERS to withdraw as lead plaintiff and naming Northern California Laborers in its place.

## II.    Procedural History

This litigation was commenced in state court and removed to the Southern District of New York on April 10, 2009. Thereafter, statutory notice was published informing class members of the opportunity to move to be appointed lead plaintiff. Forth Worth and USVI GERS moved to be appointed lead plaintiff in response. Fort Worth ultimately supported the appointment of USVI GERS as it had the larger financial interest, and officially withdrew its application on March 10, 2010. The Court then appointed USVI GERS as lead plaintiff on April 8, 2010.

USVI GERS filed a First Amended Complaint on April 9, 2010 and defendants moved to dismiss. In lieu of opposing that motion, USVI GERS filed the SAC. Defendants moved to dismiss the SAC on August 9, 2010. Lead Plaintiff opposed defendants' motion, and on March 29, 2011, the Court upheld the claims under §11 alleging misrepresentations and omissions concerning the underwriting guidelines, appraisals and LTV ratios with respect to one offering, and the §15 control person claims against the individual defendants, while dismissing claims regarding offerings that Lead Plaintiff did not purchase and claims against certain JP Morgan entities. *See* March 29, 2011 Opinion and Order (Dkt. No. 121). Lead Plaintiff then filed a Motion for Reconsideration regarding the issue of standing which was denied on May 9, 2011. The Court issued an Amended Opinion and Order on May 10, 2011.

The parties appeared for a status conference on July 27, 2011 to discuss the proposed joint pre-trial schedule. During the status conference Judge Koeltl asked the parties to submit a revised

666761_1

schedule which allowed for less time for discovery and provided further detail and explanation of the types of discovery needed.  The parties prepared a revised joint pre-trial schedule pursuant to the Court's direction.  The Court made several modifications to the proposed deadlines and entered the modified schedule on September 9, 2011.

The parties have also been engaged in discovery over the past several months.  They exchanged Initial Disclosures on October 7, 2011, and served initial discovery requests on August 31, 2011.  Defendants provided written objections and responses to Lead Plaintiff's document requests and interrogatories on October 10, 2011, but have not produced any documents.  Defendants have informed Lead Plaintiff that it will not engage in any meet and confer discussions or produce any documents or information until a substitute lead plaintiff has been appointed and any amended pleadings have been filed.  Lead Plaintiff informed defendants that it does not intend to file an amended complaint as the withdrawal and substitution of lead plaintiffs does not affect any of the substantive allegations of the SAC.

Lead Plaintiff has also served third party document requests on 21 different entities.  Lead Plaintiff is in the process of conducting meet and confer conferences with many of those entities and is in the process of collecting and analyzing their document productions.  These efforts have been somewhat hampered by defendants' refusal to provide information and documents that are necessary for continuing discovery of the third parties.  In light of this, Lead Plaintiff anticipates it will need to file a motion to compel discovery in order to obtain the Court's assistance in resolving these issues.

## III.    Courts Routinely Permit the Withdraw and Substitution of Lead Plaintiffs in Class Actions

Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  In making a determination whether a party may be added, courts will apply the "'same standard of liberality'" afforded to

motions to amend pleadings under Rule 15.  *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010) (citation omitted).  Thus, a request to add or drop a party should be granted unless it causes a substantial delay in the case or prejudices a party to the action.  *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1688.1 (3d ed. 2001); *see also In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, M 21-05, 2004 U.S. Dist. LEXIS 22132, at *4 (S.D.N.Y. Nov. 3, 2004) ("'absent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't with to'") (citation omitted).

### A.    USVI GERS' Motion to Withdraw as Lead Plaintiff Should Be Granted

Courts routinely permit lead plaintiffs to withdraw from class actions in a variety of circumstances where they have determined they no longer wish to serve in a representative capacity. *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007) (citing *In re Am. Serv. Grp., Inc.*, No. 3:06-00323, 2006 US Dist. LEXIS 61779, at *13 (M.D. Tenn. Aug. 28, 2006) ("any plaintiff may move the Court for reconsideration of this appointment of the lead plaintiff"); *In re Xerox Sec. Litig.*, No. 3:99CV2374 (AWT), 2006 WL 1359339, at *1 (D. Conn. May 12, 2006) (considering motion to add or substitute lead plaintiffs); *In re Flight Safety Techs., Inc. Sec. Litig.*, 231 F.R.D. 124, 131 n. 6 (D. Conn. 2005) (acknowledging ability to entertain motion to remove lead plaintiff); *In re Initial Pub. Offering Sec. Litig.*, 224 F.R.D. 550 (S.D.N.Y. 2004) ("*IPO II*") (considering motions to withdraw, substitute, and add lead plaintiffs); *In re Terayon Commc'ns Sys. Sec. Litig.*, No. C 00-01967 MHP, 2004 U.S. Dist. LEXIS 3131 (N.D. Cal. Feb. 23, 2004) (considering motion to disqualify lead plaintiff); *In re Initial Public Offering*, 214 F.R.D. 117, 120-21 (S.D.N.Y. 2002) ("*IPO I*") (establishing standard for deciding a motion for appointment of substitute lead plaintiffs); *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 380-81

- 6 -

(S.D.N.Y. 2000) (considering motion to substitute lead plaintiff)).  The law is clear – there is nothing

unusual about a lead plaintiff electing not to continue participating in the prosecution of an action.

Moreover, where another plaintiff who suffered significant losses stands ready to prosecute

this action on behalf of the putative class, no basis exists to refuse USVI GERS' request to withdraw

as lead plaintiff.  Indeed, rather than refusing to allow a lead plaintiff to withdraw, "[c]ourts have

interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing 'duty to

monitor whether lead plaintiffs are capable of adequately protecting the interest of class members.'"

*NYSE Specialists*, 240 F.R.D. at 133 (quoting *Terayon*, 2004 U.S. Dist. LEXIS 3131, at *19).  In

fact, the court in *NYSE Specialists* found that "[i]t is certainly within the lead plaintiffs' discretion

and, perhaps more importantly, part of a lead plaintiff's responsibility to propose their own

withdrawal and substitution should it be discovered that they many no longer adequately represent

the interests of the purported plaintiff class."  *Id*. at 134.  To that end, the Court may make changes

to the order appointing lead plaintiff as USVI GERS has requested here.

### B.    Northern California Laborers Should Be Appointed Lead Plaintiff in Lieu of USVI GERS

The PSLRA establishes the procedure for the appointment of a lead plaintiff in each private

action  arising under the Securities Act of 1933.  15 U.S.C. §77z-1(a)(3).  The pendency of the action

must be publicized in a widely circulated national business-oriented publication or wire service not

later than 20 days after filing of the first complaint.  15 U.S.C. §77z-1(a)(3)(A)(i).  The PSLRA also

provides that the court shall appoint as lead plaintiff the member or members of the class that the

court determines to the most capable of adequately representing the interests of class members.  15

U.S.C. §77z-1(a)(3)(B)(i).

While the PSLRA does not explicitly set forth a procedure for substituting a new lead

plaintiff when the previously certified one withdraws, several courts have considered and granted

666761_1

such motions.  These decisions have been based upon the PSLRA's provisions governing the selection of the original lead plaintiff, as adapted for the particular factual situation before each court.  For example, in *IPO I*, the court set forth its own standard for the selection of a substitute lead plaintiff that did not seek lead plaintiff status at the inception of the litigation, finding that "any movant . . . who either (a) filed a complaint in these consolidated actions, as explicitly contemplated by the PSLRA, (b) moved to be appointed lead plaintiff in response to the initial notice of pendency, or (c) moved to be appointed lead plaintiff within 60 days of the withdrawal of the previous lead plaintiff would qualify under the PSLRA's lead plaintiff requirements.  214 F.R.D. at 120 (citations omitted).  *See also In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2011 U.S. Dist. LEXIS 41709, at *6 (S.D.N.Y. Apr. 15, 2011) ("*IMAX II*") (allowing applications for new lead plaintiff to be filed within 21 days of order denying the lead plaintiff's motion for class certification); *In re Neopharm, Inc. Sec. Litig.*, No. 02 C 2976, 2004 U.S. Dist. LEXIS 5814, at *9 (N.D. Ill. Apr. 8, 2004) (allowing withdrawal of lead plaintiff and setting 21-day period for any new party to move to be appointed); *Coopersmith v. Lehman Bros.*, 344 F. Supp. 2d 783, 791 (D. Mass. 2004) (holding "that where the 60 day period has expired, and there is no lead plaintiff for whatever reason, other applicants can and should be properly considered").  Therefore, while the Northern California Laborers did not initially file an action or seek to be named a lead plaintiff within the 60-day time period, there is no reason its application should not be considered now.

Additionally, there is no need to re-open the entire notice and lead plaintiff process.  "[W]here a new lead plaintiff is willing to step forward, there is no need to start the process anew when all putative class members were given notice of the opportunity to move for appointment as lead plaintiff by means of the statutorily required public notice . . . ."  *IPO I*, 214 F.R.D. at 120 n.5.  Here, the appropriate notice was provided, alerting all parties to the opportunity and process by which to move for lead plaintiff.  *See* first notice published on *GlobeNewswire* on July 30, 2009,

- 8 -

attached as Ex. A to Declaration of Mario Alba Jr. in Support of the Motion of Employees' Retirement System of the Government of the Virgin Islands for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel (Dkt. No. 40). The only movants in response to the notice were Fort Worth and USVI GERS. Any other class members who could have moved for lead plaintiff at the time the original notice was published in 2009 chose not to do so. Northern California Laborers is now willing to step forward, and its application will demonstrate that it easily meets the requirements for being appointed lead plaintiff in this litigation.

Even if the Court could potentially consider Fort Worth, the only other original movant for lead plaintiff, as a substitute for USVI GERS, Northern California Laborers will demonstrate that it should be considered the presumptive lead plaintiff under the PSLRA.[6] First, Northern California Laborers' net purchases and losses exceed those of Fort Worth, demonstrating that Northern California Laborers has the "largest financial interest" in this litigation. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb). *See* §III.B.1., *infra*; Taylor Decl., Ex. A. Second, Northern California Laborers "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). *See* §III.B.2., *infra*. Appointing Northern California Laborers in this situation is consistent with the court's decision in *IMAX II*. There, the court found that the new party stepping forward as the substitute lead plaintiff had losses which far exceeded "the losses of any of the original movants who

---

[6]    There is a question whether Fort Worth's original application should even be considered at this stage given that it withdrew its application on March 10, 2010. *See* March 10, 2010 Order (Dkt. No. 52). When considering the original lead plaintiff movants as potential substitutes for the withdrawing party, the court in *IMAX II* only contemplated reviewing the applications of movants who had not withdrawn their application or had not been previously removed from consideration by the court. *IMAX II*, 2011 U.S. Dist. LEXIS 41709, at *8-*9 ("To the extent that any of the original movants (***who have not withdrawn their applications or previously been removed by this Court***) sought to be named lead plaintiff at this stage of the litigation . . . ."). Thus, Fort Worth's original application should not be considered nor should it be allowed to submit a renewed application at this time.

could have renewed an application at this time.  Thus, even if we were to consider the remaining movants from the first lead plaintiff application process, The Merger Fund, . . . would still be named plaintiff."  *IMAX II*, 2011 U.S. Dist. LEXIS 41709, at *9.  The same reasoning applies here and Northern California Laborers' motion to be substituted as the lead plaintiff should be granted.

**1.      Northern California Laborers Has the Largest Financial
Interest in the Relief Sought by the Class**

Northern California Laborers purchased 13,178,208 2007 S-3 Certificates issued pursuant and/or traceable to the false and misleading Offering Document, and was damaged thereby.  *See* Taylor Decl., Ex. A.  To the best of its knowledge, there are no other applicants who have sought appointment as lead plaintiff that have a larger financial interest.   15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb).

**2.      Northern California Laborers Satisfies Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted).   Northern California Laborers satisfies both of these requirements, thereby justifying its appointment as lead plaintiff.

'"Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'"  *Id.* at 173-74 (citation omitted).  The requirement of typicality does not mean, however, that the claims of the lead plaintiff and those of the class must be identical.  *See Sofran v. Labranche & Co.*, 220 F.R.D. 398,

- 10 -

402 (S.D.N.Y. 2004); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004). Here, Northern California Laborers, just like all other class members, purchased J.P. Morgan Certificates issued pursuant to the false and misleading Offering Document and suffered damages thereby. Thus, Northern California Laborers' claims are typical because they arise from the same factual predicate as the claims in the Complaint.

"'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'" *Sgalambo*, 268 F.R.D at 174 (citation omitted). Northern California Laborers' interests are aligned with the interests of the class. Furthermore, there is no evidence of antagonism between Northern California Laborers and the class and it has certified its willingness to serves as a lead plaintiff and class representative in order to seek the greatest recovery for the class consistent with the merits of the claims. Taylor Decl., Ex. A.

As such, Northern California Laborers satisfies the typicality and adequacy requirements at this stage.

### C. The Court Should Approve Northern California Laborers' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

Northern California Laborers selected Robbins Geller to serve as Lead Counsel. Robbins Geller "has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively." *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech*

*Telecomms. Corp.*, No. CV 09-3007 (SJF)(AKT), 2010 U.S. Dist. LEXIS 103218, at *16 (E.D.N.Y. Aug. 17, 2010) (citing *Lintz v. Agria Corp.*, No. 08 Civ. 3536 (WHP), 2008 U.S. Dist. LEXIS 99846, at *6 (S.D.N.Y. Dec. 3, 2008) (appointing Robbins Geller to serve as lead counsel and noting that plaintiff "has retained competent and experienced counsel")); *see also* Taylor Decl., Ex C. Indeed, Robbins Geller has already met the requirements for being appointed lead counsel for this litigation. *See* April 8, 2010 Order Appointing Lead Plaintiff and Approving Selection of Lead Counsel (Dkt. No. 74).

Moreover, Robbins Geller has already spent significant time pursuing this litigation against defendants. Robbins Geller has spent hundreds of hours investigating the actions of defendants and developing the claims in this litigation. Specifically, Robbins Geller has reviewed SEC filings, press releases and other media materials, pleadings in similar cases, and interviewed numerous witnesses to develop the facts and allegations included in the SAC. These efforts resulted in successfully opposing a large portion of defendants' motion to dismiss. Robbins Geller has also already engaged in discovery on class certification and liability issues and will continue to diligently pursue all available information in support of the class' claims. Appointing Robbins Geller as lead counsel will allow for the continued efficient prosecution of this litigation with little to no delay to the deadlines previously set by Judge Koeltl. Thus, the Court may be assured that, in the event this motion is granted, the members of the class will continue to receive the highest caliber of legal representation available. Given Robbins Geller's extensive experience and proven track record as counsel in securities class actions in general, and in this case in particular, Northern California Laborers' selection of Robbins Geller as lead counsel should be approved.

IV.     **Conclusion**

For all of the foregoing reasons, Lead Plaintiff USVI GERS respectfully requests that the

Court grant its Motion to Modify Order Appointing Lead Plaintiff, allow it to withdraw as Lead

Plaintiff and appoint Northern California Laborers in its place.

DATED:  November 18, 2011                Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         ARTHUR C. LEAHY
                                         THOMAS E. EGLER
                                         JONAH H. GOLDSTEIN
                                         SCOTT H. SAHAM
                                         SUSAN G. TAYLOR
                                         RYAN A. LLORENS
                                         NATHAN R. LINDELL
                                         IVY T. NGO
                                         L. DANA MARTINDALE


                                                    s/ Susan G. Taylor
                                         ————————————————————
                                                 SUSAN G. TAYLOR

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)
                                         artl@rgrdlaw.com
                                         tome@rgrdlaw.com
                                         jonahg@rgrdlaw.com
                                         scotts@rgrdlaw.com
                                         susant@rgrdlaw.com
                                         ryanl@rgrdlaw.com
                                         nlindell@rgrdlaw.com
                                         ingo@rgrdlaw.com
                                         dmartindale@rgrdlaw.com

666761_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 18, 2011.

s/ Susan G. Taylor
SUSAN G. TAYLOR

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:   susant@rgrdlaw.com

# Mailing Information for a Case 1:09-cv-03701-JPO

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Thomas E. Egler**
  e_file_sd@rgrdlaw.com,tome@rgrdlaw.com

- **Andrew James Ehrlich**
  aehrlich@paulweiss.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com

- **Joseph Peter Guglielmo**
  jguglielmo@scott-scott.com,llorenzana@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Roberta Ann Kaplan**
  rkaplan@paulweiss.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alfred Robert Pietrzak**
  rpietrzak@sidley.com,nyefiling@sidley.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Scott H. Saham**
  scotts@rgrdlaw.com

- **Owen Harris Smith**
  osmith@sidley.com,nyefiling@sidley.com

- **Dorothy Jane Spenner**
  dspenner@sidley.com,nyefiling@sidley.com

- **Tobias James Stern**
  tstern@paulweiss.com

- **Susan G. Taylor**
  susant@rgrdlaw.com

- **Carolina Cecilia Torres**
  ctorres@csgrr.com

- **Sarah Penny Windle**
  windls@cahill.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Geoffrey M. Johnson**
Scott + Scott, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106