UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FORT WORTH EMPLOYEES' RETIREMENT FUND, On Behalf of Itself and All Others Similarly Situated, | : : : : | Civil Action No. 1:09-cv-03701-JPO <br><br> CLASS ACTION |
| Plaintiff, <br><br> vs. <br><br> J.P. MORGAN CHASE & CO., et al., <br><br> Defendants. | : : : : : : : : : : | MEMORANDUM OF LAW IN SUPPORT OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA'S AND CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

721426_1

Proposed lead plaintiff, the Laborers Pension Trust Fund for Northern California and Construction Laborers Pension Trust for Southern California (collectively, the "California Laborers Funds") respectfully submit this memorandum of law in support of their motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1; and (2) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.   INTRODUCTION

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23.  15 U.S.C. §77z-1(a)(3)(B).  Here, the California Laborers Funds should be appointed as lead plaintiff because they: (1) timely filed their motion for appointment as lead plaintiff; (2) have the largest financial interest in the outcome of this litigation of any person or groups of persons of which they are aware; and (3) will adequately represent the interests of the class.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).

In addition, the California Laborers Funds' selection of Robbins Geller to serve as lead counsel should be approved because Robbins Geller possesses extensive experience in the prosecution of securities class actions, and this action in particular, and will adequately represent the interests of all class members.

## II.   ARGUMENT

### A.   The California Laborers Funds Should Be Appointed Lead Plaintiff

On May 15, 2012, this Court entered an Order permitting the prior lead plaintiff, the Employees' Retirement System of the Government of the Virgin Islands ("Virgin Islands"), to withdraw as lead plaintiff.  *See Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701 (JPO), 2012 U.S. Dist. LEXIS 69497 (S.D.N.Y. May 15, 2012).  In doing so, the Court

- 1 -

provided a 30-day window for any party "who either (a) filed the complaint, (b) moved to be appointed lead plaintiff in response to the initial notice of pendency, or (c) moved to be appointed lead plaintiff within 30 days of the withdrawal of the previous lead plaintiff" to "file a motion to be appointed lead plaintiff." *Id.* at *15-*16.

In addition, the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that – "

>    (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
>    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I).  The California Laborers Funds meet each of these requirements and should therefore be appointed as lead plaintiff.

### 1. The California Laborers Funds' Motion Is Timely

The California Laborers' Funds' Motion is being filed "within 30 days of the withdrawal of the previous lead plaintiff." *Fort Worth Emps. Ret. Fund*, 2012 U.S. Dist. LEXIS 69497, at *15. As such, the motion is timely and the California Laborers' Funds are entitled to be considered for appointment as lead plaintiff.

### 2. The California Laborers Funds Have the Largest Financial Interest in the Relief Sought by the Class

Northern California Laborers purchased approximately $13 million worth of the J.P. Morgan Mortgage Trust 2007-S3 Certificates (the "2007-S3 Certificates") issued pursuant and/or traceable to the false and misleading Offering Documents, and was damaged thereby.  Southern California Laborers purchased approximately $10 million worth of the 2007-S3 Certificates issued pursuant and/or traceable to the false and misleading Offering Documents, and was damaged thereby.  *See*

Declaration of David A. Rosenfeld in Support of the Laborers Pension Trust Fund for Northern California's and Construction Laborers Pension Trust for Southern California's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the California Laborers Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The California Laborers Funds Satisfy Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing the largest financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). The California Laborers Funds satisfy these requirements.

"'Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Id.* at 173-74 (citation omitted). The requirement of typicality does not mean, however, that the claims of the lead plaintiff and those of the class must be identical. *See Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004). Here, the California Laborers Funds, just like all other class members, purchased the 2007-S3 Certificates issued pursuant to the false and misleading Offering Documents and suffered damages thereby. Thus, the California Laborers Funds' claims are typical

- 3 -

because they arise from the same factual predicate as the claims in the Complaint. *See generally Fort Worth Emps. Ret. Fund*, 2012 U.S. Dist. LEXIS 69497, at *16-*58 (holding that "purchasers of any tranche of certificates within the 2007-S3 offering, is eligible to be a part of the class and to vie for lead plaintiff status" and "is not prevented from doing so because it bought securities from a different tranche within the 2007-S3 offering than did the original lead plaintiffs").

"'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'" *Sgalambo*, 268 F.R.D at 174 (citation omitted). The California Laborers Funds have decades of experience working cooperatively together. For example, the California Laborers Funds have existing joint agreements that provide for the coordination of calculating and payment of benefits between and among the plans. In addition, the California Laborers Funds share common contributing employers and a joint sponsor. The California Laborers Funds are also active members together in several organizations, including an organization formed and operated for the benefit of multiemployer plans. Finally, fund representatives conferred with one another prior to filing the joint motion for appointment as lead plaintiff and are actively coordinating their joint prosecution of this action. *See* Rosenfeld Decl., Ex. B.

The California Laborers Funds' interests are aligned with the interests of the class and there is no evidence of antagonism between the California Laborers Funds and the class. The California Laborers Funds have also certified and evidenced their willingness and ability to serve as lead plaintiff and class representatives in order to seek the greatest recovery for the class consistent with the merits of the claims.

For purposes of this Motion, the California Laborers Funds satisfy the typicality and adequacy requirements.

### B. The Court Should Approve the California Laborers Funds' Selection of Robbins Geller as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

The California Laborers Funds selected Robbins Geller to serve as Lead Counsel. Robbins Geller "has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively." *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007 (SJF)(AKT), 2010 U.S. Dist. LEXIS 103218, at *16 (E.D.N.Y. Aug. 17, 2010) (citing *Lintz v. Agria Corp.*, No. 08 Civ. 3536 (WHP), 2008 U.S. Dist. LEXIS 99846, at *6 (S.D.N.Y. Dec. 3, 2008) (appointing Robbins Geller to serve as lead counsel and noting that plaintiff "has retained competent and experienced counsel")); *see also* Rosenfeld Decl., Ex. C. Indeed, Robbins Geller has been serving as lead counsel in this litigation for the past two years. *See* Dkt. No. 74.

Unlike any other counsel, Robbins Geller has already invested significant resources pursuing this litigation on behalf of the class. To date, Robbins Geller has spent thousands of hours investigating the actions of defendants, developing the claims in this litigation, and prosecuting this case. Specifically, Robbins Geller has reviewed SEC filings, press releases and other media materials, pleadings in similar cases, and interviewed a number of witnesses to develop the facts and allegations included in the Second Amended Complaint. These efforts resulted in successfully opposing a large portion of defendants' motion to dismiss. Robbins Geller has also already engaged in significant discovery on class certification and liability issues, having subpoenaed, obtained, and reviewed tens of thousands of relevant documents from multiple third parties. Robbins Geller has

also already retained and utilized the services of several experts experienced in residential mortgage-based securities to consult on the issues in this case. Robbins Geller has and will continue to diligently pursue all available information in support of the class' claims. Approving the selection of Robbins Geller as lead counsel will ensure the continued efficient prosecution of this litigation.

Given Robbins Geller's extensive experience and proven track record as counsel in securities class actions in general, and in this case in particular, the California Laborers Funds' selection of Robbins Geller as lead counsel should be approved.

### III. CONCLUSION

The California Laborers Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the California Laborers Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of counsel, and grant such other relief as the Court may deem just and proper.

DATED: June 15, 2012

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
THOMAS E. EGLER
JONAH H. GOLDSTEIN
SCOTT H. SAHAM
SUSAN G. TAYLOR
RYAN A. LLORENS
NATHAN R. LINDELL
IVY T. NGO
L. DANA MARTINDALE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
tome@rgrdlaw.com
jonahg@rgrdlaw.com
scotts@rgrdlaw.com
susant@rgrdlaw.com
ryanl@rgrdlaw.com
nlindell@rgrdlaw.com
ingo@rgrdlaw.com
dmartindale@rgrdlaw.com

Lead Counsel for Plaintiff

721426_1

CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 15, 2012.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
     & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

721426_1

# Mailing Information for a Case 1:09-cv-03701-JPO

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Darrell Scott Cafasso**
  cafassod@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com

- **Andrew James Ehrlich**
  aehrlich@paulweiss.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com

- **Joseph Peter Guglielmo**
  jguglielmo@scott-scott.com,llorenzana@scott-scott.com,tcrockett@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Roberta Ann Kaplan**
  rkaplan@paulweiss.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,susanw@rgrdlaw.com

- **Alfred Robert Pietrzak**
  rpietrzak@sidley.com,nyefiling@sidley.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com,jdoty@ssbb.com

- **Robert Andrew Sacks**
  sacksr@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Scott H. Saham**
  scotts@rgrdlaw.com

- **Owen Harris Smith**
  osmith@sidley.com,nyefiling@sidley.com

- **Dorothy Jane Spenner**
  dspenner@sidley.com,nyefiling@sidley.com

- **Tobias James Stern**
  tstern@paulweiss.com

- **Sarah Penny Windle**
  windls@cahill.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Geoffrey M. Johnson
Scott + Scott, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
```