CCBVEMPA                              Argument

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

EMPLOYEES' RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE
VIRGIN ISLANDS, FORT WORTH
EMPLOYEES' RETIREMENT FUND,
on behalf of itself and all
others similarly situated,

                    Plaintiffs,

          v.                          09 CV 3701 (JPO)

JP MORGAN CHASE & CO., J.P.
MORGAN MORTGAGE ACQUISITION
CORP., J.P. MORGAN SECURITIES,
INC., LOUIS SCHIOPPO, JR.,
CHRISTINE E. COLE, DAVID M.
DUZYK, EDWIN F. McMICHAEL,

                    Defendants.

------------------------------x
                                      New York, N.Y.
                                      December 11, 2012
                                      2:15 p.m.

Before:

                    HON. J. PAUL OETKEN,

                                      District Judge

                         APPEARANCES

ROBBINS GELLER RUDMAN & DOWD
     Attorneys for Plaintiffs
BY:  SUSAN G. TAYLOR

SIDLEY AUSTIN
     Attorneys for Defendants
BY:  ALFRED R. PIETRZAK
     DOROTHY J. SPENNER
     DAVID L. BREAU

CCBVEMPA                         Argument

1           (In open court)

2           THE DEPUTY CLERK:  Your Honor, this is in the matter

3    of Employees' Retirement System of the Government of the Virgin

4    Islands, and Fort Worth Employees' Retirement Fund v. JP Morgan

5    Chase & Co., et al.

6           Starting with plaintiffs' counsel, can I have all

7    counsel state their appearance for the record please.

8           MS. TAYLOR:  Good afternoon, your Honor.

9           Susan Taylor from Robbins, Geller, Rudman & Dowd on

10   behalf of the plaintiffs.

11          THE COURT:  Good afternoon.

12          MS. SPENNER:  Good afternoon.

13          Dorothy Spenner from Sidley Austin on behalf of the

14   defendants.

15          THE COURT:  Good afternoon.

16          MR. BREAU:  David Breau from Sidley Austin for

17   defendants.

18          MR. PIETRZAK:  Robert Pietrzak, Sidley Austin, for

19   defendants.

20          THE COURT:  Good afternoon.

21          MR. PIETRZAK:  Good afternoon, your Honor.

22          THE COURT:  Okay.  We're here for a couple of things.

23          I guess first is plaintiffs' motion for relief under

24   Rule 54(b) and Rule 60(b)(5), given the Second Circuit's

25   decision in, what do we call it, the *Goldman* case?  I guess

1      that's the *Goldman* case.

2              MS. TAYLOR:  That's the shorthand anyway, yes, your

3      Honor.

4              THE COURT:  There's that.

5              And then there's the related issue of defendants'

6      request for a stay pending Supreme Court review of that same

7      decision.

8              And then there's also, from some time ago, which I

9      apologize, but I haven't gotten to till now, there were some

10     letters relating to subpoenas.

11             So we can address all of those in whatever order you

12     like.

13             Oh, and then there's also the issue of the Section 12

14     claims, as to which, I guess, the parties seek clarification as

15     to whether they are still in the case, right?

16             So I guess it would be helpful for me -- the easy part

17     first.  If there's no stay of the case, the Second Circuit's

18     decision is the law.  And it seems clear to me -- and I think

19     the parties agree -- that it's appropriate for me to grant the

20     motion for relief under the Rules 54(b) and Rule 60(b) to allow

21     the claims that were dismissed basically on review of the law

22     that has now been rejected by the Second Circuit, for those

23     claims to be reinstated.  I don't think there's any dispute as

24     to what the claims are.  There are claims as to the

25     certificates, to other certificates, basically, beyond those

1    that the plaintiffs purchased.

2           Did I say that right?

3           MS. TAYLOR:  That's correct, your Honor.

4           THE COURT:  Okay.

5           Am I right, Ms. Spenner, that there is agreement on

6    that, putting aside the issue of a stay?

7           MS. SPENNER:  There is agreement that the claims that

8    had not been previously dismissed can be reinstated as to the

9    ten offerings, but I just want to be careful and exclude sort

10   of the Section 12-type issue.

11          THE COURT:  All right.  Yes.

12          Let's talk about the stay.

13          Defendants argue that the Second Circuit's decision is

14   an outlier and they disagree with it.  And they think there's a

15   good chance that the Supreme Court will grant cert.  And I did

16   look at the surpetition.  It's a good surpetition; it's a very

17   good Supreme Court advocate on a surpetition.

18          I still think with anyone -- being a student of the

19   Supreme Court, making predictions as to any single case that's

20   going to be granted by the Supreme Court at any given time is a

21   hard thing.  And any one case, even when there's an arguable

22   split between circuits, the odds -- maybe I thought the odds

23   were one percent before I looked at the surpetition.  Having

24   read the *Nomura* decision by the First Circuit and the

25   surpetition, maybe it's higher than one percent; maybe it's

1     ten.  I don't know.  But it's still below 50, because any given

2     case, there are all sorts of reasons involving further

3     percolation.  The split is not a self-conscious split; it's not

4     one circuit saying we disagree with another circuit.  There are

5     lots of reasons they might not grant this case.  And if they

6     are not going to grant this case, we should just -- the Second

7     Circuit has said what it's said, and we should proceed.

8               So I guess I'll ask, Ms. Spenner, if you want to

9     address that.  And also if you can give me any information on

10    the timing of the Supreme Court's review, if you know of any.

11              MS. SPENNER:  Sure.

12              So as I understand it, the Supreme Court has asked for

13    an opposition.  No opposition was filed.  The Supreme Court has

14    asked for an opposition.  I believe that is due some time in

15    late January or mid January.  And it's supposed to be discussed

16    at the February 15th conference.

17              So I think, you know, within the next couple of months

18    we will all have clarity on whether the Supreme Court is going

19    to take up the issue.  Obviously arguments can be made about

20    the significance that they are asking for an opposition.

21              I think your Honor had already denied the stay

22    request, but I think I would reiterate that with leave for us

23    to review it if the Supreme Court takes up the decision.  And

24    we'll see what happens obviously, but I expect we may very well

25    be back given what's transpired.

1          And I would just reiterate that given the scope issues

2     in this case, this is actually the rare circumstance where a

3     stay could very well be warranted, because the entire framework

4     and scope of this case with respect to discovery, with respect

5     to class certification, with respect to the myriad of

6     third-party subpoenas that have already gone out that we now

7     have to address even today partially before your Honor, all of

8     that work it makes sense to do at one time for the full scope

9     of offerings that are at issue in the case.  And so certainly

10    if the Supreme Court takes up the decision, we think a stay is

11    absolutely warranted.

12          THE COURT:  Let me ask you about efficiency.

13          I guess one thought I had is -- first and foremost, I

14    think I can assume the Second Circuit -- they grade my papers

15    and I follow what they say.  So I don't generally assume in any

16    given case that a decision by the Second Circuit is going to be

17    reversed or questioned by the Supreme Court.  It's always

18    possible.  And if that happens, obviously we'll address it when

19    we need to.

20          But in terms of efficiency, would there be some sort

21    of rational -- there obviously has been -- I think there's been

22    no significant discovery in the case other than maybe some

23    third-party subpoenas.  Is there a way to start discovery with

24    respect to the subset of claims that aren't affected by the

25    Second Circuit's decision; that is, those claims as to the one

1    certificate that was purchased.

2              MS. SPENNER:  I think certainly it makes sense and

3    could very well make sense here to only do discovery as to the

4    one offering first.  And in terms of document discovery, that

5    can be sort of severed off.  Even the third-party subpoenas

6    that we'll talk about were only because only one offering was

7    in the case, were only issued as to one offering.  Defendants

8    could do their document production.  And we have indicated to

9    plaintiff that we expect our first production as of the stay,

10   obviously, to go out the next week.  We can conduct our

11   discovery, our custodians, our search terms as to just the one

12   offering first.  And that will cut out a significant amount of

13   work in the event that the other ten don't end up in the case.

14             Where sort of it becomes difficult if things go on for

15   too long is that it doesn't make sense to do class

16   certification briefing, for example, on just one offering if

17   ten will end up coming back into the case, or depositions, for

18   that matter, where we suspect there will be significant overlap

19   of custodians and people who will be deposed.

20             But it is possible, and we would certainly advocate

21   for until we figure out what the Supreme Court is going to do

22   with the situation, which has great impact here obviously, to

23   only conduct discovery as to -- document discovery as to the

24   one offering; sort of put off the rest.  Again, we're talking

25   in two months we'll know whether a further stay actually makes

CCBVEMPA                          Argument

1    sense to discuss or whether it's just an interim situation.

2            I will note also -- and I think we attached this to

3    our brief -- obviously we agreed that your Honor has to follow

4    what the Second Circuit has said at this point.

5            Judge Kaplan, in the *IndyMac* case, when faced with a

6    similar motion for relief, declined to rule on it for some time

7    and was waiting to see what the Supreme Court did until he

8    finished the ruling.

9            At that point, at the point when it first happened, we

10   didn't think there was a dispute here; but now there's clearly

11   a great dispute as to the Section 12 issues.

12           THE COURT:  So he's not applying -- there was a

13   similar motion to amend.

14           MS. SPENNER:  There was.

15           And this was great disagreement between the parties as

16   to which offerings.  Because of the nature in which the

17   originators overlapped or didn't in those set of deals, there

18   was a lot of, you know, paperwork and discussion among the

19   parties as to how the NECA should be applied, how the *Goldman*

20   case should be applied in that situation.

21           And Judge Kaplan did deny a request for a stay, but

22   simultaneously, in a sense, stayed the motion by saying I'm

23   going to wait to see what the Supreme Court does until I rule

24   on a motion for relief.

25           So that is certainly an option that your Honor could

1    take since now there is a great disagreement in this case as to

2    Section 12, which would have the effect, of course, of

3    discovery only proceeding as to one offering.

4                THE COURT:  Right.

5          And I guess I'm just trying to think.  I hesitate to

6    ignore the Second Circuit, which has issued its decision, but I

7    guess the theory of doing that is if it happens that the

8    Supreme Court grants cert. and reverses or modifies the

9    principles in the case, then you had to amend twice, I guess.

10   Then you've amended once or you've allowed claims, and then you

11   have to go back and undo it.

12               MS. SPENNER:  Right.

13         And I think Judge Kaplan framed it he denied the

14   motion without prejudice to renewal, similar to what your Honor

15   did on the stay, without prejudice to renewal after the Supreme

16   Court acts on the writ for certiorari and, if the writ is

17   granted, decides the case, just to alleviate the sort of

18   starting and stopping, which unfortunately all of us have had

19   to endure in this case.

20               THE COURT:  Right.

21         I'll hear from plaintiffs' counsel.

22               MS. TAYLOR:  If I may, particularly on that point,

23   there's another court and another decision that's gone entirely

24   the opposite way, another case actually against J.P. Morgan,

25   some of these same defendants that these counsel represent.

CCBVEMPA                          Argument

1          In a very similar case, the Court has added all of the

2     Section 11 claims back in for those offerings which had been

3     previously dismissed.  And that case is progressing following

4     the Second Circuit *Goldman* decision, the reasoning in that

5     case.

6               THE COURT:  And is that in this Court?

7               MS. TAYLOR:  That's in the Southern District of New

8     York.

9               THE COURT:  Which judge has that?

10              MS. SPENNER:  Is this the plumbers and pipefitters?

11              MS. TAYLOR:  Yes.

12              MS. SPENNER:  It's the Eastern District of New York.

13     It's Judge Korman.

14              THE COURT:  Okay.  Oh, that's right.

15              MS. SPENNER:  There's a bit of a wrinkle.  He took it

16     upon himself without a new motion to add the offerings back in;

17     but then the parties had a dispute as to whether he had gotten

18     the offerings right.

19          He asked for the parties to write to the Court to

20     clarify that; we did.  We've now agreed which offerings would

21     be affected.  But the judge has not yet amended his order.

22          And, in fact, we've moved to stay that case pending

23     the Supreme Court's review.  And he's not ruled on the stay

24     motion either.

25          So, yes, we do have a scheduling order in place, but

1    it's really unclear what the impact will be in that case.

2            THE COURT:  Okay.

3            MS. TAYLOR:  And with respect to the stay, as I think

4    we point out in our papers and as your Honor has already

5    discussed, obviously we think it's quite speculative whether or

6    not the Supreme Court is even going to take it.  And given the

7    nature of the kind of discovery in this case, it will be

8    broader in the sense that there will be additional claims, but

9    the exact same types of documents being requested from the same

10   third parties, primarily dealing with the same individuals who

11   were working on these particular offerings, using the same

12   types of search terms, sort of the broad view of discovery is

13   going to be the same as far as what we're asking and what these

14   third parties and defendants are going to have to search for,

15   whether it's one claim or all of the claims.

16           THE COURT:  But given that the Supreme Court may

17   change the state of things, doesn't it make sense to have a

18   period of discovery that is limited to the one offering for the

19   next few months at least?

20           MS. TAYLOR:  I mean yes, that does make some sense.

21   And, frankly, I think that's sort of what the parties have been

22   pursuing anyway pending this Court's decision on which claims

23   will be entering.  As far as whether it's a matter of months, I

24   don't know that it will make that much difference as far as the

25   work that the parties are going to do.  I suspect that even if

1    you said just proceed on the current one offering that we have,

2    I don't know that we would actually receive much in the way of

3    a document production from any of the third parties or

4    defendants within a couple of months to make that much of a

5    difference as far as their burden is concerned.

6         But, yes, certainly that is a way to proceed.

7         THE COURT:  I'm going to grant the motion for relief.

8    I don't know the docket number of it, but the motion for relief

9    filed by plaintiffs from the Court's May 9th, 2011 order under

10   both Rule 54(b) and 60(b)(5), because I find that the Second

11   Circuit's decision is a change in the law as argued by

12   plaintiffs that warrants revisiting that prior decision by

13   Judge Koeltl in this case.

14        I'm obviously aware of the Second Circuit; I read the

15   surpetition.  And the fact that they called for a response

16   doesn't mean nearly as much as the call for the views of the

17   solicitor general would mean, but it means something.  So I

18   want the parties to obviously keep you posted on what the

19   Supreme Court does.

20        And in the event that the Court either calls for the

21   views of the solicitor general or grants cert., please notify

22   me right away, and I'll reconsider a stay of either a stay of

23   the case or a stay of a portion of the case, for example, a

24   stay of discovery other than as to the one offering.

25        So on that motion, I would like -- I guess I'll ask

CCBVEMPA                          Argument

1   plaintiff to give me a proposed order for the exact language

2   after conferring with the defendants.  I assume you all can

3   agree on the scope of the order, other than the 12(a)(2) issue,

4   which I'm about to address.  Other than that, you all can

5   agree, right?

6             MS. TAYLOR:  Yes.

7             MS. SPENNER:  I think so.

8             THE COURT:  I'll tell you where I am on the 12(a)(2)

9   issue.  I don't think it's in the case; I think it's gone.  I

10  think Judge Koeltl ruled on alternative grounds.  And when I

11  allow the substitution of the new lead plaintiff, I considered

12  issues of prejudice.  And there was, I think, really reliance

13  on my part and on the defendants' part on the notion that the

14  case wouldn't change, that the claims in the case wouldn't

15  change.  And that was part of what I was basing my decision on

16  in allowing substitution of the lead plaintiff.

17            So my inclination is that those claims -- the

18  dismissal with prejudice of those claims remains law of the

19  case.

20            If you want to make a record of anything other than

21  what you've said in your papers, you may.

22            MS. TAYLOR:  I'll be very brief, your Honor.

23            THE COURT:  Sure.

24            MS. TAYLOR:  Thank you.

25            I think plaintiffs' view is at the time that Judge

1    Koeltl dismissed the Section 12 two claims, he was primarily

2    focused on the fact that the lead plaintiffs at the time didn't

3    have Section 12 two standing.  And sort of his view of those

4    claims stemmed and flowed from that fact.

5           And our position is that fact changed with the

6    introduction of the new lead plaintiffs, that they do, in fact,

7    have Section 12 standing.

8           And then in conjunction with the *Goldman* decision that

9    allows plaintiffs to bring claims for others and reinstated the

10   Section 11, Section 12, and Section 15 claims when they

11   remanded the decision, that it would make sense that these

12   plaintiffs could pursue those claims going forward.

13          We don't think that there has been any prejudice to

14   defendants in that they've been on notice of these claims since

15   the inception of the case.  There has been no judgment on the

16   Section 12 claims.

17          The sort of practical matter of going forward, whether

18   it's Section 11 or Section 12 or both doesn't really change the

19   scope of the case as far as the work that needs to be done.

20   The claims are very similar, almost identical as far as what

21   the plaintiffs are going to need to prove, the type of

22   discovery we will have to have.  That will not change as a

23   result of the Section 12 claims being included in the case.

24   It's an issue of damages, which obviously would be dealt with

25   at a later time.

1              THE COURT:  Ms. Spenner, would you like to address the

2      issue?

3              MS. SPENNER:  Sure.  I will briefly.

4              As your Honor noted, the law of the case doctrine

5      means that you have to adhere to the prior rulings, unless

6      there's a change in controlling law or new evidence for the

7      need to correct clear error.  And we think there's none of that

8      here.

9              Judge Koeltl, as you know, dismissed the Section 12

10     claims for two reasons:  That USVI versus the prior lead

11     plaintiff didn't allege that it purchased certificates in the

12     IPO, which is a requirement under Section 12.  And that even if

13     an aftermarket purchaser would have had standing, the second

14     amended complaint's allegation as to whether the defendants

15     that were sued on that claim were appropriate statutory sellers

16     was too conclusory to be supported, and so nothing really

17     changes that result here.  Certainly the NECA does not -- the

18     *Goldman* decision does not speak in any way, shape, or form as

19     to those issues.

20             And essentially, if we go back now and act as if Judge

21     Koeltl's ruling doesn't exist for the reasons that he held,

22     we're essentially gutting the pleading requirements of Section

23     12, and we're gutting the individual standing requirements.

24     And as your Honor has already noted, it is notable that when

25     they sought a substitution, and even now they claim they don't

1    need to amend the complaint, no amendment is necessary.

2           So under the facts and circumstances here, there would

3    be great prejudice to defendants if these claims are suddenly

4    allowed back in the case.  And it would completely be in

5    conflict of the law of the case doctrine.

6           And, in fact, as we stated in our papers, the brief

7    discussion of Section 12, albeit in a different context and not

8    on all fours, shows that the *Goldman* court is citing the *Morgan*

9    *Stanley* decision and the same decisions on which Judge Koeltl

10   relied in dismissing the Section 12 claims here in noting that

11   the Section 12 claims in the *Goldman* case were dropped by the

12   plaintiffs in that case.  So we just think there's no new

13   facts, there's no new evidence, there's no error in what Judge

14   Koeltl held.

15          And plaintiffs should be stuck with their

16   representation to defendants and to the Court that they wanted

17   no amendment; that the case remains as it was; that they were

18   simply looking to stand and choose a prior lead plaintiff, and

19   those shoes contained no Section 12 claims, which were

20   dismissed with prejudice, which is a critical component of

21   this.

22          The other two things I would point out is their claim

23   that defendants won't be prejudiced, because there's just

24   damages.  Section 11 and 12 are not identical; that's why, for

25   example, Judge Koeltl ruled one way on certain Section 11

1   claims and an entirely different way on Section 12.

2          Obviously the entire scope of the case is greatly

3   affected if the Section 12 claims are allowed back in.  So

4   that's a critical prejudice to defendants at this point, who

5   have relied on plaintiffs' representation for over a year now.

6          I think that's all I have.

7          THE COURT:  I agree with defendants on the point, and

8   so I'm going to -- insofar as clarification is required, I'm

9   going to just clarify that any relief granted based on the *NECA*

10  *v. Goldman* case does not extend to reinstatement of the

11  12(a)(2) claims.  And those 12(a)(2) claims, based on law of

12  the case and also the overall history of this case, including

13  substitution of the lead plaintiff, require me to reject the

14  request -- either by motion for relief or some other form -- to

15  reinstate those 12(a)(2) claims which were previously dismissed

16  with prejudice by Judge Koeltl and remain dismissed with

17  prejudice.

18         So based on that, I assume you all can agree on a

19  proposed order with respect to the motion for relief.  And I'll

20  hear from you when there's any news from the Supreme Court

21  about the surpetition.

22         And then the only other issue were these letters from

23  actually some time ago relating to third-party subpoenas.

24         Are you all prepared to talk about that, as well, or

25  not?

1      MS. TAYLOR:  I don't have those letters with me; I

2 didn't know that was going to be part.  But certainly I can, to

3 the best of my ability, recall exactly whatever it is your

4 Honor would like to discuss.

5      THE COURT:  I guess on behalf of the lead plaintiffs,

6 counsel for lead plaintiffs has written challenging 58

7 subpoenas that defendants had served on absent class members I

8 guess a couple of months ago.  And they argued that some of

9 them violate the rules on their face because of they call for

10 production in New York, but they are more than 100 miles; they

11 go to someone more than 100 miles away.

12      And defendant has argued, among other things, that

13 plaintiffs don't have standing to object to the subpoenas; that

14 some of the individuals have complied voluntarily; that they

15 are recipients of the subpoenas.

16      In any event, the law doesn't at least clearly or

17 categorically preclude -- as a matter of class action,

18 discovery law does not preclude the validity of subpoenas

19 served on absent class members.  And I'm inclined to agree that

20 they are not categorically precluded, that they are not

21 necessarily inappropriate, and, in any event, it's not clear to

22 me that lead plaintiffs have standing to object to the

23 subpoenas.  So I think they're fine.

24      Has there been anymore action on this front?

25      MS. SPENNER:  No.  In light of the letters to your

1   Honor, we had sent letters to the third parties saying you

2   don't need to produce anything if you haven't already, to those

3   that were outstanding.  And then obviously with the *Goldman*

4   decision back and forth, we've sort of held off to see what the

5   scope of the case is.

6            What we can now -- assuming that's your Honor's

7   ruling, we can now provide those subpoenas.  And I would

8   imagine we'll need to issue additional similar subpoenas with

9   respect to the remaining ten offerings.  And at this point,

10  even amend those subpoenas to include all offerings.

11           MS. TAYLOR:  Just one point on that, your Honor.

12           THE COURT:  Yes.

13           MS. TAYLOR:  To the extent during sort of our

14  meet-and-confer, and even while submitting the letters to the

15  Court, one of lead plaintiffs' concerns was sort of the breadth

16  of the language in the subpoenas.  I understand your Honor is

17  saying you don't believe that lead plaintiffs have standing to

18  object to those.  Defendants had mentioned that they were

19  specifically just looking for transactional information.  But

20  our concern, and the concern of some of the other case law

21  that's gone before, saying that absent class member discovery

22  isn't necessarily proper is when you're sort of getting into a

23  situation where you're seeking information about claims and

24  defenses of absent class members sort of in the notion of

25  putting them in a position of having to respond as parties when

1   they're really absent class members and relying on the lead

2   plaintiffs to engage in the discovery process.

3           So just we want to, I guess, continue to lodge our

4   objection to the extent that those subpoenas or others like

5   them continue to go out seeking further information and

6   transactional documents from those types of absent class

7   members.

8           THE COURT:  Ms. Spenner, do you want to address that?

9           MS. SPENNER:  Sure.

10          I mean, well, certainly as to these subpoenas, these

11  are limited, and much more limited; they only sought trading

12  information, which can't be had from lead plaintiffs.

13          THE COURT:  And J.P. Morgan doesn't have the

14  information itself?  That was one of their arguments, I

15  thought.

16          MS. SPENNER:  Not necessarily.  There could be other

17  pricing information that could conflict with information J.P.

18  Morgan has.  Not necessarily.

19          And there's certainly information out in the market

20  about other purchases that were conducted through J.P. Morgan

21  that impact all sorts of class certification and other pricing

22  and damages issues.

23          So as to these subpoenas, we think that's sort of a

24  not really appropriate objection at this time.  I will note

25  though that there are going to be many issues in this case

CCBVEMPA                      Argument

1   about plaintiffs' knowledge, knowledge of people in the class

2   and absent class members.  And so we obviously haven't issued

3   subpoenas geared towards that kind of information yet, and

4   we're still considering when and how we may do so.  But it's

5   probably no surprise to anyone that we will all need to

6   confront that issue at some point in time.

7            THE COURT:  Yes.

8            I'm going to deny the motion to quash.  I don't even

9   know if it's actually filed as a motion, it may be just a

10  premotion letter, but I'll deny it anyway, but without

11  prejudice to motions based on breadth in the future, based

12  on -- I mean given what I saw and the way defendants have

13  represented the breadth of the subpoenas, I didn't think these

14  were too broad.  However, going forward, this is without

15  prejudice to arguments in the future about the breadth of

16  subpoenas and whether there may be a proper motion to quash in

17  the future.

18           I also will probably be referring this to the

19  magistrate judge for discovery purposes because it just seems

20  like there's going to be -- especially if the Supreme Court

21  denies cert., there's going to be a high volume of discovery in

22  the case, and those magistrate judges are very good at that

23  stuff.  So I'll probably be referring this to the magistrate

24  judge.

25           I can't remember whether there's currently a case

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    management plan that has -- I assume we need to set new

2    deadlines for discovery.

3            Is there currently a deadline in place or no?

4            MS. TAYLOR:  There is, your Honor.  We had only

5    addressed sort of redoing the schedule with respect to class

6    certification.  We had made a previous motion to your Honor

7    with respect to the larger schedule that just the class

8    certification piece sort of be taken out.  But, yes,

9    considering the time that's elapsed and the potential change in

10   the claims, we will need to do a new case scheduling order.

11           THE COURT:  You know what I might do is I might just

12   for now, I might schedule something shortly after we think the

13   Supreme Court will rule, and then just revisit where things

14   stand.  Between now and then, I'm just going to have you limit

15   discovery to the one offering that will be at issue in any

16   event.

17           MS. SPENNER:  And I think it was up for discussion at

18   a February 15th conference.

19           THE COURT:  Okay.  So February 15th.

20           MS. SPENNER:  So maybe late February.

21           THE COURT:  So late February.  So it will be the

22   following week that they'll know?

23           THE LAW CLERK:  Usually announced either Friday at 2

24   p.m. or Monday at 9:30 a.m.

25           THE COURT:  My law clerk is the Supreme Court expert.

CCBVEMPA                        Argument

1           MS. SPENNER:  I was thinking you knew better than us

2      when the timing would be.

3           THE COURT:  He knows better than anybody.

4           MS. SPENNER:  Sometimes they put it off, if you waited

5      until late February or early March.

6           THE COURT:  We can have a conference the last week of

7      February, if that's okay.  The week of February 25th.

8           MS. SPENNER:  I think that works.

9           THE COURT:  Ms. Taylor, does that work for you?

10          MS. TAYLOR:  Yes, your Honor, I think so.

11          MS. SPENNER:  I know I have a vacation around that,

12     but I don't have the dates in front of me.

13          THE COURT:  Do you want to do it the week before or

14     after?

15          MS. SPENNER:  The week after would certainly work.  If

16     we go too far before, we might not know anything, so -- or the

17     first week of March.

18          THE COURT:  We can do the first week.  I think the

19     week of March 4th we're pretty open, right?

20          Can we do March 4th at 10 a.m.?

21          MS. TAYLOR:  Yes.

22          MS. SPENNER:  That's fine.

23          THE COURT:  Monday, March 4th.  Okay.

24          And then at that point we'll hopefully know more, and

25     then we'll go from there.

CCBVEMPA                        Argument

1              Oh, you already gave me a proposed order.

2              MS. TAYLOR:  Yes, yes, we had, your Honor.  I just

3     didn't know if you wanted us to add some additional language,

4     which we're happy to do.

5              MS. SPENNER:  Judge Koeltl dismissed some other claims

6     with prejudice, some aspects of Section 11 claims and Section

7     15 claims.

8              THE COURT:  Right.  No, I know.

9              MS. SPENNER:  So we may need to -- I'm not sure what

10    was handed to you.

11             THE COURT:  I actually misstated something in my

12    ruling on substitution as to Section 15 claims.  I think I said

13    they were dismissed, when, in fact, they were not dismissed as

14    to the individual defendants.

15             MS. SPENNER:  Right.

16             THE COURT:  But I think his opinion is pretty clear

17    about what's in and what's out.

18             MS. SPENNER:  Absolutely.

19             THE COURT:  But if you'd like to have it clarified in

20    the proposed order -- the important thing to be clarified is

21    what I said about Rule 12(a)(2) claims.

22             MS. SPENNER:  Exactly.

23             THE COURT:  Why don't you give me another proposed

24    order after conferring.  I think everyone will be in agreement

25    on what's in and what's out.

CCBVEMPA                        Argument

1            MS. SPENNER:  Great.

2            THE COURT:  Okay?

3            And we'll see you all back here March 4th at 10 a.m.

4            MS. SPENNER:  Thank you, your Honor.

5            THE COURT:  Anything else for today?

6            MS. TAYLOR:  Not from the plaintiffs.

7            THE COURT:  Okay.  Thanks a lot.

8            MS. TAYLOR:  Thank you.

9                              *    *    *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25