```
UNITED STATES DISTRICT COURT                  (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
FORT WORTH EMPLOYEES' RETIREMENT    : 09 Civ. 3701 (JPO) (JCF)
FUND, ET AL.,                       :
                                    :         MEMORANDUM
                                    :         AND   ORDER
              Plaintiffs,           :
                                    :
     - against -                    :
                                    :
J.P. MORGAN CHASE & CO., ET AL.,    :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/13

This is a securities action brought on behalf of a class of purchasers of mortgage-backed securities issued by J.P. Morgan Acceptance Corporation I. The defendants now seek certain disclosures from the lead plaintiffs. For the reasons that follow, the defendants' application is granted in part and denied in part.

Discussion

The factual and procedural background of this action is fully set forth in prior opinions. See, e.g., Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., 862 F. Supp. 2d 322 (S.D.N.Y. 2012).

    A.   Identification of Confidential Witnesses

The defendants seek names, addresses, and employers of the confidential informants referenced in 15 paragraphs of the complaint. (Letter of Dorothy J. Spenner dated March 25, 2013

1

("Spenner Letter") at 1). The lead plaintiffs have objected on grounds that the information is protected by the work product doctrine. (Letter of Susan Goss Taylor dated March 28, 2013 ("Taylor Letter") at 1). They argue that they have fulfilled their duty by disclosing a list of 44 individuals believed to have relevant information, which includes the confidential witnesses. (Taylor Letter at 2). They contend that it would not be burdensome for the defendants to determine which of these persons are the confidential witnesses referenced in the complaint.

While there is some disagreement within this district as to whether the identities of confidential informants referenced in the complaint are privileged, the majority view, especially more recently, is that "the names of the persons identified in the [complaint] as confidential informants are not entitled to any work product protection." Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc., 278 F.R.D. 335, 340 (S.D.N.Y. 2011); accord In re Bear Stearns Cos. Securities, Derivative, & ERISA Litigation, No. 08 MDL 1963, 2012 WL 259326, at *2 (S.D.N.Y. Jan. 27, 2012); In re America International Group, Inc. 2008 Securities Litigation, No. 08 Civ. 4772, 2012 WL 1134142, at *4 (S.D.N.Y. March 6, 2012); but see In re SLM Corp. Securities Litigation, No. 08 Civ. 1029, 2011 WL 611854, at *1 (S.D.N.Y. Feb. 15, 2011); In re Veeco Instruments, Inc. Securities Litigation, No.

05 MD 1695, 2007 WL 274800, at *1 (S.D.N.Y. Jan. 29, 2007) (identity of witnesses interviewed by counsel and "relied upon in the preparation of the complaint . . . is protected from disclosure by the work-product privilege"). Courts have also required more than a mere list of potential witnesses in initial disclosures. See Arbitron, 278 F.R.D. at 340; Memorandum Endorsement dated Oct. 14, 2010, In re Dynex Capital, Inc. Securities Litigation, No. 05 Civ. 1897 (S.D.N.Y. Oct. 14, 2010), ECF No. 92 (confidential informants "should [be] particularly named by plaintiff, and not merely identified as part of a longer list of witnesses").

Furthermore, leaving the defendants to contact all 44 individuals to identify the confidential informants would be costly and time-consuming where the lead plaintiffs can easily provide the same information. Accordingly, the defendants' application for disclosure of the identities of the confidential informants referenced in the complaint is granted.[1]

The lead plaintiffs have not identified any specific concerns that the confidential witnesses may have, such as risk of retaliation in a current or future job. To the extent such

---

[1] The defendants also seek response to Interrogatory No. 3. To the extent there are individuals who are not named in the response to Interrogatory No. 2 who may have personal knowledge concerning the originators' mortgage origination practices, their identities should be disclosed.

3

anxieties exist, lead plaintiffs' counsel may submit an ex parte affidavit setting forth particularized facts that would substantiate these fears. See Arbitron, 278 F.R.D. at 344. The lead plaintiffs shall have two weeks from the date of this order to submit any such affidavit, and the Court will determine whether the facts justify maintaining any witness' anonymity or taking some other measures to protect that witness' interests.

B.  Retainer and Monitoring Agreements

The defendants also seek documents concerning the lead plaintiffs' retention of counsel in this action and all agreements with counsel concerning the lead plaintiffs' residential mortgage-backed securities ("RMBS") investments or monitoring of those investments. (Spenner Letter at 3-4). Although the fact of a retainer, the identity of the client, and the fee information are not privileged, see Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A., 258 F.R.D. 95, 101 (S.D.N.Y. 2009), the party seeking disclosure must make a showing of the requested information's relevance to its claims or defenses, see Gaus v. Conair Corp., No. 94 Civ. 5693, 2000 WL 358387, at *3 (S.D.N.Y. April 7, 2000).

The defendants argue that the dates of the agreements' execution may be relevant to their statute of limitations defense. When the lead plaintiffs retained counsel may indeed be pertinent

4

to identifying the time when the lead plaintiffs became aware of facts giving rise to potential claims. See, e.g., Kramas v. Security Gas & Oil Inc., 672 F.2d 766, 771 (9th Cir. 1982). Thus, the date each retention agreement was executed "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

The defendants also argue that the arrangement between the lead plaintiffs and their lawyers may be relevant to the fitness of lead plaintiffs or their counsel to represent the class. However, they have provided no non-speculative basis for raising such concerns. See, e.g., Piazza v. First America Title Insurance Co., No. 3:06CV756, 2007 WL 4287469, at *1 (D. Conn. Dec. 5, 2007) (fee agreement is irrelevant to class certification when there was no basis for defendants' speculation regarding conflicts of interest). Furthermore, the defendants will have the opportunity to question the lead plaintiffs at deposition on their adequacy to represent the class without the necessity of disclosure of the retainer and monitoring agreements. Accordingly, the defendants' request for documents concerning the lead plaintiffs' retention of counsel is denied except for the dates each agreement was executed.

C. Remaining Issues

The parties have agreed that the remaining issues need not be resolved at this point. The lead plaintiffs have agreed to search

e-mails of fund managers who communicated with lead plaintiffs' outside managers. The parties have also agreed that the lead plaintiffs will produce statements that include information about purchases of RMBS other than the certificates at issue or about the general RMBS market; however, the lead plaintiffs will not search specifically for this information.

Conclusion

For the reasons discussed, the defendants' application is granted in part and denied in part as set forth above.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       May 7, 2013

Copies mailed this date to:

Arthur C. Leahy, Esq.
Ivy T. Ngo, Esq.
Jonah H. Goldstein, Esq.
Matthew I. Alpert, Esq.
Nathan R. Lindell, Esq.
Scott H. Saham, Esq.
Susan G. Taylor, Esq.
Thomas E. Egler, Esq.
L. Dana Martindale, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Carolina C. Torres, Esq.
David A. Rosenfeld, Esq.
Samuel H. Rudman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Rd.
Suite 200
Melville, NY 11747

Joseph P. Guglielmo, Esq.
Thomas L. Laughlin, IV, Esq.
Scott + Scott, L.L.P.
405 Lexington Ave.
40th Floor
New York, NY 10174

Geoffrey M. Johnson, Esq.
Scott + Scott, L.L.P.
12434 Cedar Rd., Suite 12
Cleveland Heights, OH 44106

Alfred R. Pietrzak, Esq.
Dorothy J. Spenner, Esq.
Owen H. Smith, Esq.
David L. Breau, Esq.
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019

Alison L. MacGregor, Esq.
Kelley Drye & Warren, LLP
101 Park Ave.
New York, NY 10178

Darrell S. Cafasso, Esq.
Sullivan & Cromwell, LLP
125 Broad St.
New York, NY 10004

Robert A. Sacks. Esq.
Sullivan & Cromwell, LLP
1888 Century Park East, Suite 2100
Los Angeles, CA 90067

Richard F. Lubarsky, Esq.
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036

Richard F. Lubarsky, Esq.
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036