```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
FORT WORTH EMPLOYEES' RETIREMENT     : 09 Civ. 3701 (JPO) (JCF)
FUND, et al.,                        :
                                     :            MEMORANDUM
                                     :            AND  ORDER
              Plaintiffs,            :
                                     :
    - against -                      :
                                     :
J.P. MORGAN CHASE & CO., et al.,     :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

This is a securities action brought on behalf of a class of purchasers of mortgage-backed securities issued by J.P. Morgan Acceptance Corporation I. The plaintiffs have submitted a letter application seeking relief from what they argue is the defendants' failure to comply with obligations under Rule 30(b)(6) of the Federal Rules of Civil Procedure in connection with the deposition of corporate witnesses. (Letter of Daniel S. Drosman dated Oct. 25, 2013 ("Drosman 10/25/13 Letter")). The defendants responded, opposing the relief requested by the plaintiffs (Letter of Dorothy J. Spenner dated Nov. 4, 2013 ("Spenner 11/4/13 Letter")), and the plaintiffs replied (Letter of Daniel S. Drosman dated Nov. 8, 2013 ("Drosman 11/8/13 Letter")).

Background

The factual and procedural background of this action is set

1

forth in prior opinions.  See Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., 862 F. Supp. 2d 322 (S.D.N.Y. 2012); Employees' Retirement System of the Government of the Virgin Islands v. J.P. Morgan Chase & Co., 804 F. Supp. 2d 141 (S.D.N.Y. 2011), amended by Order dated Jan. 4, 2013.

On July 18, 2013, the plaintiffs served a Rule 30(b)(6) deposition notice, advising defendants J.P. Morgan Acceptance Corporation I and J.P. Morgan Securities, Inc. that they intended to take the deposition of the defendants' designees on nine topics, most of which contained multiple subparts.  (Lead Plaintiffs' Notice of Deposition of Defendants J.P. Morgan Acceptance Corporation I and J.P. Morgan Securities, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) ("30(b)(6) Notice"), attached as Exh. A to Drosman 10/25/13 Letter, at 8-11).  The defendants objected to each of the identified topics but indicated that, notwithstanding their objections, they would produce witnesses to testify about five of the nine subjects.  (J.P. Morgan Acceptance Corporation I's and J.P. Morgan Securities, Inc.'s Objections and Responses to Lead Plaintiffs' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), attached as Exh. B to Drosman 10/25/13 Letter).  There does not appear to have been any further negotiation among counsel over the scope of the depositions.

Meanwhile, at the same time that the plaintiffs propounded

their 30(b)(6) deposition notice, they also served document demands on the defendants and subsequently indicated that at least some of the requested documents were pertinent to the 30(b)(6) depositions. (Drosman 11/8/13 Letter at 5-6).[1]  There was some communication among counsel concerning the timing of the defendants' responses and the possibility of delaying the 30(b)(6) depositions.  (Various e-mails, attached as Exhs. 3, 4, and 5 to Spenner 11/4/13 Letter).

Ultimately, the defendants produced Seth M. Fenton and Paul White as their 30(b)(6) witnesses on September 12 and 13, 2013. (Deposition Transcript of Seth M. Fenton dated Sept. 12, 2013 ("Fenton Dep.") and Deposition Transcript of Paul White dated Sept. 13, 2013 ("White Dep."), attached respectively as Exhs. 1 and 2 to Spenner 11/4/13 Letter).  According to the plaintiffs, these depositions were unsatisfactory in a number of respects.  First, the witnesses were unprepared to testify at all regarding the four topics that the defendants had objected to in their entirety. (Drosman 10/25/13 Letter at 3-4).  Even as to other topics, the

---

[1] The plaintiffs have not provided copies of the relevant e-mail correspondence, reasoning that my individual rules forbid them from doing so.  This is a curious interpretation of my admonition that "[c]opies of correspondence between counsel shall not be sent to the court."  (Individual Practices of Judge Francis § 1.A.). That rule is intended to deter counsel from making my chambers the repository for communications that may never be relevant to any dispute requiring court intervention; it does not prevent counsel from supporting or opposing a discovery motion with pertinent documentation, including correspondence among attorneys.

witnesses were sometimes unable to testify beyond broad generalities. (Drosman 10/25/13 Letter at 4-7). Furthermore, the plaintiffs contend that they were hampered by the defendants' failure to produce documents in advance of the depositions. (Drosman 10/25/13 Letter at 7-8). Finally, the plaintiffs maintain that defendants' counsel engaged in improper conduct at the depositions, coaching the witnesses by making speaking objections. (Drosman 10/25/13 Letter at 8-11).

I will address each of these issues in turn and will provide additional background facts as they become relevant to the analysis.

Discussion

The disputes here appear to have festered in part because of the reluctance of counsel to engage with each other and with the Court. Rather than resolving the issue of the scope of the 30(b)(6) deposition in advance, both sides proceeded as if they did not need to negotiate with each other or seek the Court's assistance. In this, the defendants were more in the wrong. The weight of the authority holds that a party believing it has received a flawed 30(b)(6) notice may not merely rest upon its objections, but must move for a protective order.

> [T]here is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested

4

> discovery until an order compelling discovery is issued. While it is indeed good practice to discuss any issues respecting a 30(b)(6) deposition notice with the party which noticed the deposition in an attempt to work out an agreement, in the absence of an agreement, a party cannot decide on its own to ignore the notice.

New England Carpenters Health Benefits Fund v. First Databank, Inc., 242 F.R.D. 164, 166 (D. Mass. 2007) (footnote omitted); accord Robinson v. Quicken Loans, Inc., No. 3:12-cv-981, 2013 WL 1776100, at *3 (S.D. W. Va. April 25, 2013); United States ex rel. Fry v. Health Alliance of Greater Cincinnati, No. 1:03-cv-167, 2009 WL 5227661, at *2-3 (S.D. Ohio Nov. 20, 2009). This principle applies not only to objections that go to the notice in its entirety, but also to those that define the scope of the 30(b)(6) deposition. See International Brotherhood of Teamsters, Airline Division v. Frontier Airlines, Inc., No. 11-cv-2007, 2013 WL 627149, at *7 (D. Colo. Feb. 19, 2013). But the issue is not free from doubt; at least one court takes the position that some objections to a 30(b)(6) notice may be adjudicated on a motion to compel, thus shifting the burden of going forward to the requesting party. See Lykins v. CertainTeed Corp., Civ. A. No. 11-2133, 2012 WL 3542016, at *4 & nn. 9 & 10 (D. Kan. Aug. 16, 2012). Therefore, I will not grant the plaintiffs' application on the ground that the defendants have procedurally defaulted, but will instead address the merits.

A. <u>Deposition Topics</u>

The first of the four topics for which the defendants declined to designate a witness is identified as Deposition Subject Matter No. 4 and comprises "Repurchase requests." (30(b)(6) Notice at 10, ¶ 4). A repurchase request, in turn, is defined as "a request or demand made of or by [the defendants] to repurchase, replace or buy back a residential mortgage loan that [the defendants] purchased from an Originator because the loan breached any representation or warranty made in connection with [the defendants'] purchase or sale of the loan." (30(b)(6) Notice at 6, ¶ 22). On its face, this topic would appear to be overbroad, as it could be interpreted to include any repurchase request ever made or received by the defendants. But the topic includes defined terms that substantially narrow its scope. "Originators" are "the lenders that originated the Loans." (30(b)(6) Notice at 5, ¶ 19). The "Loans," in turn, are the "mortgage loans that were included in the Offerings" (30(b)(6) Notice at 5, ¶ 17), and the "Offerings" are the specific securities offerings at issue in this case (30(b)(6) Notice at 2-3, ¶ 7). Thus, the plaintiffs have asked for a witness who can testify about repurchase requests related to loans contained in the securitizations that they purchased. This is relevant subject matter, and the defendants shall comply.

Deposition Subject Matter No. 5 calls for a witness to testify

6

concerning "[a]ny disputes of any kind, including, but not limited to, actual, threatened, or potential litigation, arbitration, or mediation, no matter what forum or jurisdiction, between or among [the defendants] and any other person related to the Offerings, Certificates, Loans, Originators or any of the allegations in the Complaint." (30(b)(6) Notice at 10-11, ¶ 5). In this instance, the defined terms do not sufficiently cabin the scope of the topic. "Disputes of any kind" relating to every aspect of the subject matter of this litigation defines a topic that is both all-encompassing and fatally vague. The defendants need not identify a witness to testify as to this subject matter.

Similarly, Deposition Subject Matter No. 7 is overly broad in scope. It requests testimony relating to "[a]ny communications with, and/or any testimony provided to, any Governmental Body regarding [the defendants'] Securitization Business," where "Securitization Business" is defined as "the structuring, underwriting, offering, issuance and sale of Residential Mortgage-Related Securities, including acquiring underlying mortgage loans." (30(b)(6) Notice at 11, ¶ 7 and at 6, ¶ 24). Effectively, this would require testimony about any communication between the defendants and any governmental agency. What are relevant are those communications between governmental bodies and the defendants in connection with any of the offerings at issue or any loans

included in those offerings.  With that limitation, the defendants shall designate one or more appropriate witnesses.

Finally, Deposition Subject Matter No. 8 calls for a witness to testify about "[a]ny credit default swaps, credit insurance, or other credit or loss protection that [the defendants] issued or purchased concerning the Offerings, Certificates or Loans." (30(b)(6) Notice at 11, ¶ 8).  This topic is defined with sufficient precision and clarity, and the defendants shall identify witnesses to address it.

### B. Adequacy of Witness Preparation

The plaintiffs complain that even as to the topics for which the defendants did designate corporate representatives, the witnesses were unprepared to testify in any detail.  The defendants respond that their witnesses were qualified to testify generally about the topics identified by the plaintiffs, and that a 30(b)(6) deposition is not intended to be a "memory test."  Furthermore, according to the defendants, the witnesses provided substantial, detailed information about a wide range of pertinent topics.

But what is determinative is not how much the witnesses did testify about, it is whether they were unable to testify about pertinent subject matter within the scope of the notice.

> Once the deposing party has served a satisfactory notice, the responding party is required to "make a conscientious good-faith endeavor to designate the persons having

>     knowledge of the matters sought by [the party noticing
>     the deposition] and to prepare those persons in order
>     that they can answer fully, completely, unevasively, the
>     questions posed . . . as to the relevant subject
>     matters." Tailored Lighting Inc. v. Osram Sylvania
>     Products, Inc., 255 F.R.D. 340, 349 (W.D.N.Y. 2009)
>     (alterations in original) (quoting Securities Exchange
>     Commission v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992))
>     (internal quotation marks omitted).

Soroof Trading Development Co. v. GE Fuel Cell Systems, LLC, No. 10 Civ. 1391, 2013 WL 1286078, at *2 (S.D.N.Y. March 28, 2013).

Here, the witnesses did not meet that standard. To take but a single example, while they could testify about J.P. Morgan's due diligence procedures generally, they were not prepared to address the due diligence performed in connection with the specific transactions at issue. (Fenton Dep. at 240-41; White Dep. at 186-87). To be sure, no two witnesses could testify comprehensively about the full range of issues identified in the 30(b)(6) notice, even with heroic preparation. But the remedy is to designate additional witnesses who have more transaction-specific knowledge.

The appropriate course now is to fashion a process that will provide the plaintiffs with the information to which they are entitled. Therefore, the plaintiffs shall, on the basis of the transcripts of the depositions that have been taken, identify to defendants' counsel those subjects that they believe were not adequately addressed by the defendants' designees. The defendants shall then respond by, for example, designating additional

9

witnesses, suggesting that some issues be narrowed, or offering alternative forms of evidence. If the parties are unable to resolve their differences in this manner, they may resubmit any residual disputes to me.

    C. Documents for Depositions

The plaintiffs next contend that the defendants failed to produce requested documents sufficiently in advance of the 30(b)(6) depositions. Reconstructing the events to assess fault is not a particularly fruitful exercise at this point. In the future, the party taking a deposition shall, two weeks before the deposition, identify any documents pertinent to the deposition that it previously requested but has not yet received. The producing party shall provide those documents one week prior to the deposition or explain why it is unable to do so. The party taking the deposition may then decide whether to go forward with the deposition, postpone it to await additional documents, or seek relief from the Court.

    D. Deposition Conduct

Finally, the plaintiffs object to what they allege was improper conduct by defendants' counsel during the 30(b)(6) depositions. Rule 30(c)(2) of the Federal Rules of Civil Procedure provides in part that, at a deposition, "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." Thus, "speaking objections" that cue a witness how to answer (or

avoid answering) a question are prohibited. See Meyer Corp. U.S. v. Alfay Designs, Inc., No. 10 CV 3647, 2012 WL 3536987, at *3 (E.D.N.Y. Aug. 13, 2012); Morales v. Zondo, Inc., 204 F.R.D. 50, 54 (S.D.N.Y. 2001); Phillips v. Manufacturers Hanover Trust Co., No. 92 Civ. 8527, 1994 WL 116078, at *2-3 (S.D.N.Y. March 29, 1994).

Here, defendants' counsel overstepped these bounds by, for example, providing commentary that suggested to the witness that he lacked the knowledge to answer the question. (Fenton Dep. at 131; White Dep. at 116). Of course, there are times when it is necessary for counsel to explain the basis for an objection in order to focus and expedite the deposition, but any such explanation should be offered outside the presence of the witness. Any attorney who is unable to observe the rules for conducting or defending a deposition will be precluded from further participation in depositions.

Conclusion

The disputes concerning the Rule 30(b)(6) depositions of the defendants are resolved as set forth above.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       December 9, 2013

11

Copies mailed this date to:

Arthur C. Leahy, Esq.
Jonah H. Goldstein, Esq.
Matthew I. Alpert, Esq.
Nathan R. Lindell, Esq.
Scott H. Saham, Esq.
Susan G. Taylor, Esq.
Thomas E. Egler, Esq.
Angel P. Lau, Esq.
L. Dana Martindale, Esq.
Ashley M. Robinson, Esq.
Caroline M. Robert, Esq.
Daniel S. Drosman, Esq.
Darryl J. Alvarado, Esq.
Hillary B. Stakem, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Luke O. Brooks, Esq.
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104

Carolina C. Torres, Esq.
David A. Rosenfeld, Esq.
Samuel H. Rudman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Rd.
Suite 200
Melville, NY 11747

Joseph P. Guglielmo, Esq.
Thomas L. Laughlin, IV, Esq.
Scott + Scott, L.L.P.
405 Lexington Ave.
40th Floor
New York, NY 10174

Geoffrey M. Johnson, Esq.
Scott + Scott, L.L.P.
12434 Cedar Rd., Suite 12
Cleveland Heights, OH 44106

Alfred R. Pietrzak, Esq.
Dorothy J. Spenner, Esq.
Owen H. Smith, Esq.
David L. Breau, Esq.
Daniel A. McLaughlin, Esq.
Danny C. Moxley, Esq.
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019

Alison L. MacGregor, Esq.
Kelley Drye & Warren, LLP
101 Park Ave.
New York, NY 10178

Darrell S. Cafasso, Esq.
Sullivan & Cromwell, LLP
125 Broad St.
New York, NY 10004

Robert A. Sacks. Esq.
Sullivan & Cromwell, LLP
1888 Century Park East, Suite 2100
Los Angeles, CA 90067

Richard F. Lubarsky, Esq.
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036