**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Darryl J. Alvarado
dalvarado@rgrdlaw.com
619-744-2692

January 2, 2014

VIA ECF

The Honorable James C. Francis IV
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18D
New York, NY 10007-1312

      Re:    *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*,
             No. 1:09-cv-03701-JPO (S.D.N.Y.)

Dear Judge Francis:

      Plaintiffs write in response to defendants' letter dated December 31, 2013, concerning the modified protective order sought by non-party Western Asset Management Company ("WAMCO") and defendants.

      Any delay in defendants' receipt of WAMCO documents is of defendants' own making. Plaintiffs informed defendants ***more than seven weeks ago*** that they would not agree to the modified protective order sought by WAMCO because its provisions were unduly burdensome and unmanageable. *See* Ex. 1. Nevertheless, plaintiffs stated that they would consider a modified protective order and a joint call with counsel for defendants and WAMCO if WAMCO was willing to limit or modify the burdensome and unnecessary provisions contained in the modified protective order. *See* Ex. 2. During a meet and confer telephonic conference on November 27, 2013, plaintiffs reiterated their willingness to consider a modified protective order and to have a joint call with counsel for WAMCO if WAMCO was willing to limit or modify the burdensome and unnecessary provisions.[1] Defendants never again raised the WAMCO protective order issue. Instead, nearly three weeks later, counsel for WAMCO phoned counsel for plaintiffs directly and re-sent the modified protective order on December 19, 2013, which was unchanged from the version sent weeks earlier. Four days later, on December 23, 2013, plaintiffs once again informed counsel for defendants and WAMCO that the modifications were unnecessary, unworkable, and could prejudice plaintiffs. *See* Ex. 3. Plaintiffs also offered to meet and confer in an effort to resolve the dispute informally, but defendants filed their motion instead. *Id.* Defendants then

---

[1]    Notably, plaintiffs' willingness to have a joint call with counsel for defendants and WAMCO in connection with defendants' discovery requests to WAMCO was in contrast to defendants' refusal to have a joint call with counsel for plaintiffs and Clayton concerning plaintiffs' discovery requests to Clayton.

Robbins Geller
Rudman & Dowd LLP

The Honorable James C. Francis IV
January 2, 2014
Page 2

waited more than a week to seek entry of the modified protective order – the same modified protective order plaintiffs declined to consent to *more than seven weeks ago*.

The protective order improperly seeks entry by a New York court but enforcement by a California court. Throughout the meet and confer process, WAMCO insisted that it would produce documents only if the modified protective order was entered in the Central District of California. Indeed, the modified protective order circulated by counsel for WAMCO two weeks ago was captioned for the Central District of California and counsel for WAMCO stated that "[t]he PO would be filed in the C.D. of California." Ex. 2. However, defendants have now proposed a modified protective order that is entered in the Southern District of New York but that is governed by California law, requires adjudication in the Central District of California, and purports to command the Clerk of the Court of the Central District of California to perform certain functions, such as file documents in California under seal. The latest iteration of the modified protective order – calling for entry by this Court in the Southern District of New York but requiring adjudication and enforcement in California – is improper.[2] In any event, there is no valid reason to require adjudication of issues arising out of the protective order in California, which would unnecessarily complicate proceedings related to the protective order by placing them in front of a judge with no knowledge of the facts or procedural posture of this litigation. In the unlikely event that it becomes necessary, this Court is perfectly capable of protecting WAMCO's rights under the Stipulated Protective Order already in place.

Further, the modified protective order is unmanageable, burdensome, and would prejudice plaintiffs. For example, the modified protective order requires the parties to confer with WAMCO before using any WAMCO documents in connection with all hearings and dispositive motions or at trial and to submit to WAMCO all submissions to the Court containing WAMCO material. This requirement would preclude a party from using WAMCO documents at a hearing or trial for cross-examination or impeachment, as such documents are *never* required to be disclosed in advance. Further, even if plaintiffs have advance notice that a WAMCO document will be used, there is no justifiable reason to require plaintiffs faced with a looming deadline on a dispositive motion to negotiate – and then perhaps litigate – the use of WAMCO documents with a third-party. In short, this requirement is onerous, unworkable, and void of any legal support. There is also no legal support for the modified protective order's limitation on challenges to WAMCO's confidentiality designations. Such a clause would only encourage WAMCO to improperly over-designate

---

[2] The recent amendments to Federal Rule of Civil Procedure 45 effective December 1, 2013, make clear that New York is the proper venue for adjudication and enforcement of the subpoena to WAMCO, which maintains an office in New York. *See* Fed. R. Civ. P. 45 (c)(2) (compliance may be required "within 100 miles of where the person resides, is employed, or regularly transacts business in person").

904194_1

**Robbins Geller Rudman & Dowd LLP**

The Honorable James C. Francis IV
January 2, 2014
Page 3

documents as confidential, compounding the problems created by the other burdensome and unnecessary provisions in the modified protective order.³

Finally, the modified protective order is completely unnecessary. The Stipulated Protective Order in this case is more than sufficient to protect WAMCO's discovery material. For example, the Stipulated Protective Order enables all producing parties, including non-parties such as WAMCO, to designate discovery material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." *See* Stipulated Protective Order, Dkt. No. 150, ¶¶2.6, 5.2(a). Indeed, the Stipulated Protective Order has an explicit provision indicating that the protections apply to third parties such as WAMCO. *Id.*, ¶16. The Stipulated Protective Order also allows WAMCO to remedy inadvertent failures to designate discovery material confidential. *Id.*, ¶¶5.3, 12. The Court's recent entry of a Fed. R. Evid. 502(d) Order further protects WAMCO in the event of inadvertent disclosure. *See* Dkt. No. 243. The Stipulated Protective Order also makes clear that any information produced by WAMCO may be used only for purposes of prosecuting this action and may be disclosed only to a certain narrowly-tailored group of individuals. *See* Dkt. No. 150, ¶¶7.1-7.3. Finally, the Stipulated Protective Order ensures that confidential discovery material is not filed publicly. *Id.*, ¶9.

The lone justification defendants and WAMCO advance for seeking their unmanageable and burdensome modifications – that some other party in some other litigation violated the protective order in place in that case with respect to WAMCO documents – is not a basis to require plaintiffs here to agree to WAMCO's unworkable and unnecessary provisions. Indeed, the modifications sought – relocating resolution of disputes to California, forcing the parties to confer with WAMCO before using its documents in connection with hearings, dispositive motions or trial, and limiting challenges to confidentiality designations – have no connection whatsoever to the supposed justification for the modifications advanced by WAMCO.

---

³   Defendants point to instances where they agreed to "supplemental protections" required by non-parties subpoenaed by plaintiffs. Both instances are inapposite because neither sought to relocate disputes to another district and neither contained burdensome and unworkable protections like the ones sought by WAMCO's modified protective order. For example, with respect to documents from AHM Liquidating Trust, the "additional protections" referred to are common provisions such as a clawback for privileged documents, "attorneys' eyes only" designation, and protection of private confidential information such as Social Security numbers and borrower identities. *See, e.g.*, Ex. B to Defendants' 12/31/2013 Letter to Judge Francis. Moreover, the only difference between the protective order sought by New Century and the operative Stipulated Protective Order in this case was the addition of clarifying language stating explicitly that the protections of the Stipulated Protective Order applied to non-parties.

904194_1

**Robbins Geller Rudman & Dowd LLP**

The Honorable James C. Francis IV
January 2, 2014
Page 4

   Accordingly, the modified protective order sought by WAMCO and defendants should be denied.

                 Respectfully submitted,

                 DARRYL J. ALVARADO

DJA:llf

Enclosure

cc: Belinda Vega, Esq. (via e-mail)
   Ralph Hirschman, Esq. (via e-mail)

904194_1

**Robbins Geller Rudman & Dowd LLP**

The Honorable James C. Francis IV
January 2, 2014
Page 5

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 2, 2014.

> s/ DARRYL J. ALVARADO
> DARRYL J. ALVARADO
>
> ROBBINS GELLER RUDMAN
>     & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101-3301
> Telephone:  619/231-1058
> 619/231-7423 (fax)
>
> E-mail:  DAlvarado@rgrdlaw.com

904194_1

# Mailing Information for a Case 1:09-cv-03701-JPO-JCF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com

- **David Lionel Breau**
  dbreau@Sidley.com,nyefiling@Sidley.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com

- **Rebecca L. Butcher**
  butcher@lrclaw.com

- **Darrell Scott Cafasso**
  cafassod@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com,kcook@rgrdlaw.com

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrew James Ehrlich**
  aehrlich@paulweiss.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com

- **Joseph Peter Guglielmo**
  jguglielmo@scott-scott.com,sfein@scott-scott.com,edewan@scott-scott.com,tcrockett@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Geoffrey M. Johnson**
  gjohnson@scott-scott.com,edewan@scott-scott.com,efile@scott-scott.com

- **Roberta Ann Kaplan**
  rkaplan@paulweiss.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Angel P. Lau**
  alau@rgrdlaw.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Richard Franklin Lubarsky**
  rlubarsky@llf-law.com

- **Alison Leigh MacGregor**
  amacgregor@kelleydrye.com,docketing@kelleydrye.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **Daniel Allan McLaughlin**
  dmclaughlin@sidley.com,nyefiling@sidley.com

- **Danny Cameron Moxley**
  cmoxley@sidley.com,nyefiling@sidley.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alfred Robert Pietrzak**
  rpietrzak@sidley.com,nyefiling@sidley.com

- **Caroline M Robert**
  crobert@rgrdlaw.com

- **Ashley M Robinson**
  ashleyr@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com,jdoty@ssbb.com

- **Samuel Howard Rudman**
  e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Andrew Sacks**
  sacksr@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Scott H. Saham**
  scotts@rgrdlaw.com

- **Alan Howard Scheiner**
  ascheiner@llf-law.com

- **Owen Harris Smith**
  osmith@sidley.com,nyefiling@sidley.com

- **Dorothy Jane Spenner**
  dspenner@sidley.com,nyefiling@sidley.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com

- **Tobias James Stern**
  tstern@paulweiss.com

- **Susan G. Taylor**
  susant@rgrdlaw.com

- **Carolina Cecilia Torres**
  ctorres@csgrr.com

- **Sarah Penny Windle**
  windls@cahill.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)