SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CONOR R. CROWLEY, individually and on behalf of all others similarly situated,

                  Plaintiff,

- against -

J.P. MORGAN CHASE & CO., and CHASE BANK USA, N.A.,

                  Defendants.

Index No.

09112540

FILED
SEP 02 2009
COUNTY CLERK'S OFFICE
NEW YORK

## CLASS ACTION COMPLAINT

Plaintiff, Conor R. Crowley ("Plaintiff" or "Crowley"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated in the State of New York, based upon Plaintiff's personal knowledge and/or information and belief, and alleges as follows:

### NATURE OF THE ACTION

1. This action is brought on behalf of Plaintiff and all other similarly situated credit card customers residing in the State of New York for the harm caused by J.P. Morgan Chase & Co.'s and Chase Bank USA, N.A.'s ("Chase" or "Defendants") systematic practice of decreasing a credit card customer's credit limit without timely and reasonably disclosing the decrease to the customer, and consequently imposing over-the-limit fees ("OTL fees") on credit card customers who exceed their credit limit without knowledge of the credit limit decrease.

1

2. Use of credit card OTL fees by larger banking institutions has risen sharply over the past several years.

3. Robert Hammer, the chief executive of the credit card advisory firm R.K. Hammers, stated that in 2009, credit card companies such as Chase are expected to reap $3.7 billion from OTL fees on credit cards, up 16% from 2008. *See* Kathy Chu, *Over-Limit Fees Ending for 2 Cards*, (prepared by Interest.com) (2009), at http://credit-cards.interest.com/credit-cards/over-limit_fees_ending_for_two_credit_cards_0811.html. Hammer also stated that OTL fees contribute to 15% of all penalty fees that the firm tracks. *See* Tim Manni, *Card Companies Drop Overlimit Fees,* (prepared by HSH Financial News Blog) (2009), at http://blog.hsh.com/?p=5364.

4. Credit card companies are expected to impose $20.5 billion in penalty fees this year, up from $19.1 billion in 2008. Robin Sidel, *Card Firms' Loss Tally: Billions of Dollars in Fees*, (prepared by The Wall Street Journal) (2009), at http://online.wsj.com/article/SB124294936033345413.html.

5. Chase has utilized deceptive practices to increase the amount of OTL fees it receives from its credit card customers.

6. On information and belief, Chase has a practice of failing to disclose decreases in its credit card customers' credit limits (a material change in Chase's Cardmember Agreement ("Card Agreement")) until after it has imposed OTL fees resulting from the decrease, and in such a manner as to cause the occurrence of OTL fees. Thus, the credit card customer is not given a reasonable opportunity to avoid the OTL fees.

7.     As a result of Defendants' conduct, Plaintiff and other members of the Class have been harmed by Defendants' acts and practices, specifically those acts and practices related to Defendants' bad faith assessment and collection of OTL fees from Plaintiff and other members of the Class.

## THE PARTIES

8.     Plaintiff, Conor R. Crowley, a New York resident, opened a credit card account in 2005 with Providian Financial Corporation, an entity purchased by Washington Mutual ("WaMu") in 2005. When WaMu failed in 2008, it was auctioned off by the Federal Deposit Insurance Corp. and sold to Chase.

9.     On July 17, 2009, Crowley was reviewing his account activity on the Chase website when he noted that there had been a $4000 decrease of his credit limit. The new credit limit was lowered to an amount *below* his pre-existing outstanding balance. Accordingly, his account statement further reflected a $39 OTL fee imposed by Chase on July 17, 2009. On July 20, 2009, Crowley called Chase's customer service department, which informed him that notice of the change in his limit had been mailed to him that very day. Although the representative agreed that the imposition of the fee without proper notice had been unfair, the representative stated that he was not authorized to remove the OTL fee from Crowley's account. On or about July 25, 2009, Crowley received the mailed notice of the credit limit change. Contrary to the representations of Chase's customer service department, the notice was dated July 23, 2009, meaning it was sent at least[1] 6 days after his credit limit had been decreased and the OTL fee imposed, and was received at least 8 days after the change and OTL fee.

---

[1] At best, Crowley can only state that the decrease in credit limit was first *noted* by him on July 17, 2009. It could very well have been implemented prior to that date rendering the notice further tardy.

3

10. Defendant J.P. Morgan Chase & Co. is a Delaware corporation with its principal place of business in New York, New York. J.P. Morgan Chase & Co. provides investment banking, financial services for consumers and businesses, financial transaction processing, asset and wealth management and private equity services throughout the United States, including within the State of New York. J.P. Morgan Chase & Co.'s principal banking subsidiaries are J.P. Morgan Chase Bank, N.A. and Chase Bank USA, N.A.

11. Defendant Chase Bank USA, N.A. is incorporated and headquartered in Delaware. Chase Bank USA, N.A. is a subsidiary of J.P. Morgan Chase & Co. and is a significant participant in the financial services and credit card industry in the United States, including within the State of New York.

## JURISDICTION & VENUE

12. This Court has jurisdiction over Defendants pursuant to CPLR § 301 because Defendants are engaged in a continuous and systematic course of doing business in New York.

13. Venue is proper in New York County pursuant to CPLR § 503(a) because Plaintiff is a resident of New York County.

## FACTUAL BACKGROUND

14. Chase is one of the nation's largest banks and financial institutions, serving millions of customers nationwide.

15. Credit card contracts are agreements that include material terms, including limits in the amount of credit available to a credit card customer.

4

16.  OTL fees are imposed when a credit card customer exceeds the credit limit set forth in their Credit Agreement with Chase.

17.  OTL fees can also be imposed when (a) credit limits are reduced unilaterally below the outstanding balance; (b) finance charges are added to an account after the close of the current billing cycle, which can cause an over-the-limit status, even if the minimum payment has already been posted; (c) new charges are approved over the newly reduced credit limit prior to notice being given to the cardholder of said newly reduced credit limit; and/or (d) when new charges are approved over an existing credit limit.

18.  Between 2005 and 2009, OTL fees among major issuers ranged from $35 to $39. *See CA News & Special Reports*, (prepared by Consumer Action) (2009), at http://www.consumer-action.org/news/.

19.  The level of OTL fees Defendants charge are virtually pure profit for Defendants. Purported cost justifications for OTL fees are captured through interest rates and finance charges imposed on the entire balance due. Defendants incur *de minimis* or no actual damages, and increased interest revenue on outstanding balances more than compensates Defendants for any damage suffered due to over-the-limit charges.

20.  In fact, the Office of the Comptroller of Currency, in evaluating inappropriate policies by lenders, has noted the harm to consumers from "recurring over-limit fees and other charges that are primarily intended to increase recorded income for the lender rather than enhance the borrowers' performance or their access to credit…. Prolonged negative amortization, inappropriate fees, and other practices that inordinately

compound or protract consumer debt and disguise portfolio performance and quality raise safety and soundness concerns ...."[2]

21. Moreover, Congress, through the Credit Card Accountability Responsibility and Disclosure Act of 2009 ("Credit CARD Act"), sought to curb predatory and unfair conduct by, *inter alia*, mandating a 45-day advance notice of any significant changes, like the reduction of credit limits. The Credit CARD Act also makes it illegal to approve charges that would put a cardholder over their credit limit, thereby incurring OTL fees, absent prior consent by the cardholder for such over-the-limit approval.

22. Nevertheless, Defendants knowingly charge OTL fees of up to $39 per occurrence in a manner primarily intended to increase its income and not to enhance the borrowers' performance or their access to credit.

23. Defendants' OTL fees are not set in accordance with the reasonable expectations of the parties in that Plaintiff and the Class would reasonably expect (a) adequate notice of a reduced credit limit and (b) a reasonable opportunity to meet said reduced credit limit before the imposition of an OTL fee.

24. Instead, Defendants reduce a credit limit and immediately impose an OTL fee before notice to the credit card customer is even mailed, much less received. Under these circumstances, Plaintiff and the putative class have no opportunity to bring themselves within compliance with the newly and unilaterally imposed terms.

---

[2] Office of the Comptroller of Currency, Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation, and Office of Thrift Supervision, Credit Card Lending: Account Management and Loss Allowance Guidance, Jan. 8, 2003, available at http://www.occ.treas.gov/ftp/bulletin/2003-1a.pdf.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and all others similarly situated as members of a proposed plaintiff class. Plaintiff seeks to represent a class of all Chase credit card customers residing in the State of New York who were charged an OTL fee in connection with a decrease of their credit limit (the "Class"). Excluded from the Class are Defendants in this action, any entity in which Defendants have a controlling interest, and all officers and directors of Defendants.

26. **Numerosity of the Class**. The number of members in the Class is so numerous that their joinder herein is impracticable. Class members are believed to number in the thousands. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records.

27. **Predominance of Common Questions of Fact and Law**. There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to:

(a) Whether Chase's credit card policies described herein constitute an unlawful, unfair, or fraudulent business act in violation of N.Y. GBL §349;

(b) Whether Chase improperly assesses OTL fees to its credit card customers;

(c) Whether Chase uniformly failed to disclose to its credit card customers the truth regarding its OTL fee policies and procedures with respect to credit card use; and

(d) Whether Chase breached its contractual obligation to deal in good faith and fairly by failing to timely and reasonably disclose changes in the material terms of the

Card Agreement (the decrease in credit limit) in order to impose unreasonable OTL fees on Plaintiff and other members of the Class.

28.  **Typicality.**  Plaintiff's claims are typical of the claims of other members of the Class because Plaintiff is a credit card customer of Chase and was charged improper OTL fees by Chase when it decreased his credit limit without timely notifying him of the decrease.

29.  **Adequacy.**  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class.  Plaintiff will prosecute this action vigorously and has selected counsel that is highly experienced in consumer class actions.  The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

30.  **Superiority.**  The class action is superior to other available means for the fair and efficient adjudication of this controversy.  The damages suffered by individual Class members are small compared to the burden and expense of individual prosecution that would be needed to address Defendants' conduct.  Further, it would be virtually impossible for individual members of the Class to effectively redress the wrongs done to them.  Even if Class members could afford such individual litigation, the court system would be unduly burdened by such duplicative litigation.  In addition, individualized litigation would increase the delay and expense to all parties and to the court system.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because

of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

31. Alternatively, the Class may be certified because:

(a) the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members who are not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

(c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

### FIRST CAUSE OF ACTION
(Violations of § 349 of New York General Business Law:
Deceptive Acts and Practices)

32. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

33. Section 349 of New York's General Business Law makes deceptive acts and practices related to consumer matters illegal.

34. The actions complained of herein relate to consumer matters engaged in on behalf of Plaintiff and other members of the Class.

9

35. Chase has failed to timely and reasonably disclose material facts concerning the reduction of credit card customers' credit limits in order to collect OTL fees from its credit card customers.

36. Chase has deceived and continues to deceive Plaintiff and other members of the Class by systematically imposing OTL fees on its credit card customers who exceed their credit limit, when the decrease in their credit limit was not timely and reasonably disclosed to them by Chase.

37. As a result of its deceptive and unfair conduct, Chase exerts undue bargaining power over consumers. A consumer can either accept the credit limit reduction and pay the associated OTL fees required by Chase, or risk further charges or higher APR rates if the consumer is in default of the Card Agreement.

38. Chase's actions and failures to act include: (1) the false and misleading omissions of material fact regarding the reduction of the credit limit and the associated OTL fee charged in advance of disclosing the credit limit reduction to the credit card customer; and (2) and the exertion of undue bargaining power over the credit card customer by unilaterally reducing the credit card customer's credit limit and imposing OTL fees prior to disclosing the reduction of the credit limit.

39. Said conduct by Chase constitutes deception, fraud, unconscionable commercial practices, false pretenses, false promises, and misrepresentations. Furthermore, Chase's knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission is in violation of § 349 of New York's General Business Law, which makes such deceptive acts and practices illegal.

40. The unfair and deceptive acts and practices of Chase have directly, foreseeably, and proximately caused injury and damages to Plaintiff and the other members of the Class in the form of improperly charged OTL fees.

## SECOND CAUSE OF ACTION
### (Breach of Contract & Covenant of Good Faith and Fair Dealing)

41. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

42. The Card Agreement(s) entered into between Chase and Plaintiff and other members of the Class constitute contracts.

43. In every contract, there is a duty of good faith and fair dealing imposed on the parties. McKinney's Uniform Commercial Code § 1-203.

44. Where an agreement permits one party to unilaterally determine the extent of the other's required performance, an obligation of good faith in making such a determination is implied. Pursuant to its contractual agreements with its credit card customers, Chase unilaterally chooses whether and when to impose OTL fees by decreasing its credit card customer's credit limit without timely or adequate notice to the credit card customer.

45. Because the occurrence, amount, and frequency of OTL charges are set unilaterally by Chase, it has an obligation to impose and charge OTL fees on credit card customers' accounts in good faith and in a fair and reasonable manner.

46. Defendants breached this obligation, and have acted and continue to act in bad faith by intentionally failing to timely and reasonably notify their credit card customers of a decrease in their credit limit, thereby denying them the ability to pay on the balance and bring the outstanding amount within the new limit, or to refrain from

11

making further purchases with their credit card that would exceed their new credit limit and bring about the OTL fee. By doing so, Defendants allowed their credit card customers to exceed their credit limits in order to maximize the amount of OTL fees it collected and continues to collect.

47.   Plaintiff and other members of the Class performed their end of the bargain or were excused from nonperformance by Defendants' conduct, as alleged herein.

48.   The Card Agreement(s) and the monthly statements established the manner in which Chase promises to contract with Plaintiff and other members of the Class for the use of their credit cards.

49.   Specifically, Chase impliedly promises to charge fees to customers, including Plaintiff and other members of the Class, in accordance with principles of good faith and fair dealing.

50.   Chase breached its contract with Plaintiff and other members of the Class by failing to timely and reasonably disclose to its credit card customers that it had reduced their credit limits, thereby forcing Plaintiff and other members of the Class to incur OTL fees.

51.   Such OTL fees could have been avoided had Plaintiff and other members of the Class been timely informed by Chase of the reduction of their credit limits.

52.   Chase's conduct in this regard, by failing to timely inform Plaintiff and other members of the Class of the decrease in their credit limits, constitutes bad faith and unfair dealing.

53. By reason of Chase's breach of the contractual rights of Plaintiff and other members of the Class, Plaintiff and other members of the Class have been damaged in the manner set forth herein, and in amounts to be determined at trial.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

54. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein, and alleges this count in the alternative. This count is pled in the alternative to Count II.

55. A party cannot lawfully induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received. As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff and other members of the Class.

56. Plaintiff and other members of the Class transferred a benefit to Chase—in the form of money—via improperly charged OTL fees. Plaintiff and other members of the Class did not receive a benefit from Chase in return for those OTL fees, which were based on Defendants' improper practices. Therefore, Chase, under equitable principles, *inter alia*, ought to return that benefit.

57. Chase, the benefited party, equitably ought to compensate Plaintiff and other members of the Class for the OTL fees due to its unlawful conduct, as alleged herein. Chase has received and is holding funds or has otherwise spent said funds for its own use and benefit belonging to Plaintiff and other members of the Class which, in equity and good conscience, Chase should not be permitted to keep but should be required to refund.

58. Plaintiff and the other members of the Class have no adequate remedy at law. Plaintiff and other members of the Class have been damaged in the manner set forth herein, and in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

1. An order certifying that the action may be maintained as a class action, as defined herein, with the appointment of Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

2. For actual damages suffered by Plaintiff and other members of the Class;

3. For punitive damages;

4. Reasonable attorneys' fees, costs and expenses;

5. Pre- and post-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
September 1, 2009

LAW OFFICES OF ERIC J. GRANNIS

By: *[signature]*
Eric J. Grannis
620 Fifth Avenue
New York, New York 10020
(212) 903-1025
Attorneys for Plaintiff

*Of Counsel:*

Burton H. Finkelstein
Tracy D. Rezvani
Rosalee B. Connell
**FINKELSTEIN THOMPSON LLP**
The Duval Foundry
1050 30th Street NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Ben Barnow
Blake A. Strautins
**BARNOW AND ASSOCIATES P.C.**
One N. LaSalle Street
Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

INDEX NO.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CONOR R. CROWLEY, individually and on behalf of
all others similarly situated,

                Plaintiff,

- against -

J.P. MORGAN CHASE BANK, N.A.,

                Defendants.

**CLASS ACTION COMPLAINT**

**LAW OFFICES OF ERIC J. GRANNIS**
*Attorneys for Plaintiff*
Rockefeller Center
620 Fifth Avenue
New York, New York 10020
Tel (212) 903-1025
Fax (212) 208-4597
egrannis@grannislaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CONOR R. CROWLEY, individually and on behalf of all others similarly situated,

                    Plaintiff,

- against -

J.P. MORGAN CHASE & CO., and CHASE BANK USA, N.A.,

                     Defendants.

Index No.

**SUMMONS**

Plaintiff designates New York County as the place of trial.

09112540

---

To the above-named Defendants:

    *YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York), and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          September 1, 2009

                                            LAW OFFICES OF ERIC J. GRANNIS

                                            By: _[signature]_
                                                Eric J. Grannis
                                            620 Fifth Avenue
                                            New York, New York 10020
                                            (212) 903-1025
                                            Attorneys for Plaintiff

[Stamp: FILED SEP 02 2009 COUNTY CLERK'S OFFICE NEW YORK]

INDEX NO.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CONOR R. CROWLEY, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

J.P. MORGAN CHASE BANK, N.A.,

Defendants.

**SUMMONS**

---

**LAW OFFICES OF ERIC J. GRANNIS**
*Attorneys for Plaintiff*
Rockefeller Center
620 Fifth Avenue
New York, New York 10020
Tel (212) 903-1025
Fax (212) 208-4597
egrannis@grannislaw.com

---