

**NOSSAMAN** LLP

ATTORNEYS AT LAW

50 California Street
34th Floor
San Francisco, CA 94111
T 415.398.3600
F 415.398.2438

Natasha A. Saggar Sheth
D 415.438.7210
nsaggarsheth@nossaman.com

Refer To File #: 500926-0001

**VIA ECF**

March 21, 2014

The Honorable James C. Francis IV
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18D
New York, NY 10007-1312

    Re:    *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*
             No. 1:09-cv-03701-JPO (S.D.N.Y.)

Dear Judge Francis:

FDIC-Receiver proposed a limited supplemental protective order ("SPO") in this case to protect borrowers of failed financial institutions and provide post-production procedures to claw back documents protected under the Court's 502(d) order. (*See* Exhibit 1.) The discovery dispute before Your Honor centers on FDIC-Receiver's request for three things:

1. Limits on contacts with the borrowers;

2. Notice prior to use of documents, that is, an opportunity to claw back protected documents post-production; and

3. Third parties' acknowledgment of the confidential nature of borrowers' nonpublic, personal information ("NPPI").

**Discussion**

    **1.  Limits on contacts with the borrowers.**

    Paragraph six of FDIC-Receiver's proposed SPO provides that Counsel may not contact borrowers whose identities were obtained only through FDIC-Receiver's production under the subpoena, and if counsel may otherwise contact, and *do* contact these borrowers, counsel may not disclose to the borrowers the contents of Confidential Information containing NPPI or the fact that Confidential Information containing NPPI has been produced by FDIC-Receiver. Plaintiff acknowledges that this is a reasonable request and agrees to comply with the request, yet argues that a SPO is not necessary because it has assured FDIC-Receiver that it will not be contacting the borrowers.

    Plaintiff's assurance is insufficient because <u>all</u> parties in this case will have access to the documents produced by FDIC-Receiver, and none of them will be bound by *Plaintiff's* assurances. *See, e.g.*, Fed. R. Evid. 502(e) ("An agreement on the effect of disclosure in a federal proceeding is binding

The Honorable James C. Francis IV
March 21, 2014
Page 2

only on the parties to the agreement, unless it is incorporated into a court order.")  The requested SPO is therefore reasonable and appropriate.

**2. Notification prior to use.**

FDIC-Receiver's proposed SPO outlines specific post-production procedures to identify protected documents and provide an opportunity to claw them back.  Without notice that documents are to be used, the FDIC-R has no other reasonable opportunity to determine if claw back of the documents under 502(d) is necessary.  This suggested procedure – which has been agreed upon in multiple other cases – is used so that FDIC-Receiver need only review a *limited* set of documents that the parties actually intend to use.  The burden on Plaintiff and other recipients is minimal because it only requires them to make one extra copy of the documents, or identify them by bates numbers, and provide them to FDIC-Receiver.  The burden is on FDIC-Receiver to review and respond within the agreed timeframe.

Although the existing protective order in this case does provide strong protection against waiver of privilege for documents produced without any pre-production review, under that order documents are only clawed back under two circumstances:

- If and when the receiving party notifies the FDIC-Receiver of an the inadvertent production, or,

- If FDIC-Receiver later discovers an inadvertent production.

These two circumstances require FDIC-Receiver to rely on the requesting parties' notice, or conduct its own post-production review, in order to identify and claw back privileged documents.  Such an arrangement is inconsistent with the intent and purpose of Rule 502(d), which is to facilitate large document productions in cases such as this where the inadvertent production of privileged information is a constant risk.  Here, Plaintiff's subpoena seeks documents relating to some 800 loans involving AmTrust Bank and NetBank.  Thus, the risk of inadvertently producing privileged material is significant.

To ameliorate the risk, FDIC-Receiver proposed a reasonable post-production protocol to claw back protected documents in three instances:

- <u>For documents filed with Court (¶7)</u>.  Provide copies of the redacted and unredacted versions of the filing to the FDIC-Receiver within twenty-four (24) hours after filing.  If the FDIC-Receiver has an objection to further disclosure based on a claim of privilege or a similar protection, it shall advise counsel and the Court within fourteen (14) days after filing.

- <u>For documents used in depositions (¶8)</u>.  Notify the FDIC-Receiver of such use and provide copies of the documents (or identify by Bates numbers) at least three business days before such use.  The FDIC-Receiver will advise the party within twenty-one days, or a longer period if requested by the FDIC-Receiver and approved by the party or the Court, of any objection it has to further disclosure of such Discovery Material based on a claim of privilege or similar protection.

285339_1

The Honorable James C. Francis IV
March 21, 2014
Page 3

- For documents used hearing or trial (¶8). Provide copies of the documents (or identify by Bates numbers) at least five business days before using the materials in open court to provide the FDIC-Receiver with the opportunity to object to the use of such Discovery Material based on a claim of privilege, attorney work product or other protection. Except as necessary to resolve disputes with the Court, FDIC-Receiver will not disclose the content or identity of the documents to any party other than the party that provided the copies to FDIC-Receiver.

These and similar notice provisions have been entered in many other cases and have not proven to be "unmanageable, burdensome and prejudicial" to the parties in those actions. Indeed, it is in the parties' best interest to provide notice *before* documents are used in a deposition or at a hearing so that documents are not sought to be clawed back months after they have been relied upon as key evidence. *See, generally*, Thomas C. Gricks III "The Effective Use of Rule 502(d) in E-Discovery Cases" at 2-3, The Legal Intelligencer (Oct. 25, 2011). (*See* Exhibit 2.)

3. **Sign-off by third parties acknowledging the confidentiality of borrower NPPI.**

FDIC-Receiver's proposed SPO expands the class of recipients required to execute an agreement to comply with the protective order, which requires all recipients to acknowledge the confidentiality of the documents produced by the FDIC-Receiver. This is a significant concern in today's technology-based environment where issues of identity theft are the norm, rather than the exception.

The subpoenaed documents are replete with borrowers' NPPI, including social security numbers, credit histories, schedules of bank accounts, credit and debit cards, automobile loans and other lines of credit, and much more. The extraordinary sensitivity of NPPI, and the corresponding duty to guard consumers from improper disclosure, is recognized in an array of federal and state laws, including, inter alia, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq., California Financial Information Privacy Act, Cal. Fin. Code § 4052, et seq., and California Information Practices Act, Cal. Civ. Code § 1798, et seq.

FDIC-Receiver's proposals highlight the extraordinarily sensitive nature of NPPI and seek further acknowledgment by the parties and any third parties who are provided access to this information. Exhibit A to the existing protective order does not specifically address NPPI. Moreover, the existing order does not require certain categories of people to sign any undertaking at all – for example, the existing protective order does not require that third party vendors acknowledge the sensitive nature of the documents they may be handling (Fort Worth Protective Order, ¶ 7.2). For example, paragraph 7.2 of the existing order permits disclosure to a wide variety of recipients, but does not require any of them to acknowledge the nature of the confidential NPPI being disclosed, or to confirm they will handle such information appropriately, as FDIC-Receiver's SPO suggests at paragraph 5.

4. **Additional requested provisions.**

FDIC-Receiver also requests two additional provisions that it believes are important. Paragraph 4 incorporates the broad protections outlined in ¶ 19.1 of the existing protective order, but goes further to provide a catch-all protection to bar against any claim that FDIC-Receiver violated privacy protections under any applicable state or federal law as a result of producing NPPI. Paragraph 10 provides that documents produced via electronic database are deemed Confidential – a concern that is not addressed in the existing protective order (*See* Fort Worth Protective Order, ¶ 5).

285339_1

The Honorable James C. Francis IV
March 21, 2014
Page 4

### 5. The Court's prior ruling on WAMCO's application is not applicable.

Plaintiff references its prior negotiations with third-party Western Asset Management Company (WAMCO) over a supplemental protective order. However, the Court's prior order with respect to WAMCO does not apply here, because WAMCO sought entirely different protections than what FDIC-Receiver seeks. For example, WAMCO sought:

1. To limit each party to one challenge to WAMCO's confidentiality designation;

2. To have any challenges to WAMCO's confidentiality designations brought in the Central District of California;

3. To have WAMCO's supplemental protective order governed by California rather than New York law;

4. To have WAMCO's supplemental protective entered in the Central District of California;

5. To provide that if WAMCO's documents were used at depositions not attend by WAMCO, the transcript would reflect their use consistent with the confidentiality designations and notify WAMCO of their use; and,

6. To require a meet and confer before any use of WAMCO's documents.

(*See* Exhibit 1 to Plaintiff's Letter (Dec. 31, 2013 Letter from Scheiner to Judge Francis, at 2)).

FDIC-Receiver is seeking none of these same protections. The only similarity is with respect to the use of documents actually produced. However, unlike WAMCO, FDIC-Receiver is only requesting a copy or the bates numbers of the documents prior to use so that it has an opportunity to review and assert any applicable privileges.

### Conclusion

In its capacity as receiver for failed banks across the nation, the FDIC deals with hundreds of subpoenas, many of which require voluminous document productions and which request the same borrower information as Plaintiff seeks here. To protect the borrowers of these failed financial institutions while simultaneously allowing for expeditious discovery, the FDIC seeks the additional protections sought here. The proposed SPO is substantially similar to those that have been entered in numerous other cases without objection.[1]

---

[1] *See, e.g.,* Fed. Home Loan Bank of Seattle (FHLB) v Bank of America Securities LLC, Case No. 09-2-46319-1 SEA (King County, WA); FHLB v Barclays Capital Inc., Case No. 09-2-46320-4 SEA (King County, WA); FHLB v Bear, Stearns & Co. Inc., Case No. 09-2-46298-4 SEA (King County, WA); FHLB v Countrywide Securities Corp., Case No. 09-2-46321-2 SEA (King County, WA); FHLB v. RBS Securities, Inc., Case No. 09-2-46347-6 SEA (King County, WA); FHLB v. Morgan Stanley & Co., Inc.., Case No. 09-2-46348-4 SEA (King County, WA); FHLB v. Goldman Sachs, Case No. 09-2-46349-2 SEA (King County, WA); FHLB v. UBS Securities, LLC, Case No. 09-2-46350-6 SEA (King County, WA); FHLB v Deutsche Bank Securities, Inc., Case No. 09-2-46351-4 SEA (King County, WA); FHLB v Merrill Lynch, Pierce, Fenner & Smith, Inc., Case

The Honorable James C. Francis IV
March 21, 2014
Page 5

FDIC-Receiver has engaged in good faith negotiations with Plaintiff to resolve this discovery dispute. After a meet and confer call on or around February 14, 2014, FDIC-Receiver proposed the revised limited supplemental protective order sought here (Exhibit 2 to Plaintiff's Letter, Feb. 28, 2014 Email from Sheth to Ngo and accompanying proposed order). Regrettably, the parties have not been able to resolve their differences.

Because FDIC-Receiver seeks only a limited supplemental protective order to address legitimate concerns about protecting borrowers' personal information and post-production claw back rights, it respectfully requests that this Court enter FDIC-Receiver's SPO, as proposed.

Sincerely,

*Natasha A. Saggar Sheth*

Natasha A. Saggar Sheth
Nossaman LLP

*For FDIC in its capacity as Receiver for AmTrust Bank and NetBank*

---

No. 09-2-46352-2 SEA (King County, WA); FHLB v Credit Suisse Securities LLC (USA), Case No. 09-2-46353-1 SEA (King County, WA); The Western and Southern Life Ins. Co., et al v. Morgan Stanley Mortg. Cap., Inc., et al, Case No. A1105563 (Court of Common Pleas, Hamilton County, Ohio); The Western and Southern Life Ins. Co., et al v. Bank of America, et al, Case No. A1106524 (Court of Common Pleas, Hamilton County, Ohio); The Western and Southern Life Ins. Co., et al v. DLJ Mortg. Cap. Inc., et al, Case No. A1105352 (Court of Common Pleas, Hamilton County, Ohio).

285339_1

The Honorable James C. Francis IV
March 21, 2014
Page 6

## EXHIBITS

**EXHIBIT 1**:  FDIC-Receiver's proposed Supplemental Protective Order

**EXHIBIT 2:**  Thomas C. Gricks III "The Effective Use of Rule 502(d) in E-Discovery Cases" at 2-3, The Legal Intelligencer (Oct. 25, 2011).