# Robbins Geller
# Rudman & Dowd LLP

| Atlanta | Melville | San Diego |
|---|---|---|
| Boca Raton | New York | San Francisco |
| Chicago | Philadelphia | Washington, DC |

Susan G. Taylor
susant@rgrdlaw.com

July 14, 2014

**VIA ECF**

The Honorable James C. Francis IV
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18D
New York, NY 10007-1312

> Re:  *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.,*
> No. 1:09-cv-03701-JPO-JCF (S.D.N.Y.)

Dear Judge Francis:

We represent plaintiffs in the above-referenced action and write in response to Defendants' July 7, 2014 letter ("Defs.' Letter") requesting a pre-motion conference regarding Laborers Pension Trust Fund for Northern California's ("Northern California Laborers") and Construction Laborers Pension Trust for Southern California's (collectively "Lead Plaintiffs" or "the Funds") objections to Defendants' Fourth Set of Document Requests (the "Fourth Document Requests"), Defendants' Third Set of Interrogatories, Defendants' Fourth Set of Interrogatories (the "Fourth Interrogatories"), and Defendants' First Request for Admissions (the "RFAs"). For all of the reasons set forth below, Defendants' motion to compel responses to these discovery requests should be denied.

## Work Performed by ICE Is Irrelevant to Defendants' Loss Causation Defense

Defendants request that Northern California Laborers produce all documents and communications concerning an "investment study" performed on its behalf by a company called Investment Change Evaluators ("ICE"). *See* Defs.' Letter, Ex. A at 6. Defendants also request, redundantly, that Northern California Laborers produce all documents provided to or received from ICE and all communications between Northern California Laborers and ICE concerning the "investment study." *Id.* Defendants claim that these documents "may" support their loss causation defense because they "may" concern the prudence of Northern California Laborers' investments. *Id.* Defendants are wrong.

First, Defendants' characterization of the work performed by ICE as an "investment study" is entirely inaccurate and misleading. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable James C. Francis IV
July 14, 2014
Page 2



*Id.* The report's findings as to how Northern California Laborers' funds were allocated on an asset class basis have no bearing on whether Defendants' misstatements and omissions in the Offering Documents regarding the securities at issue caused Lead Plaintiffs' losses. Defendants' purported reason for needing the information relating to the "study" is therefore baseless.

Second, ICE's review – conducted years after the investments at issue here were made – does not contain information regarding the prudence or performance of any particular investment.



Thus, Defendants' speculation that the information sought "may" include explanations regarding the performance of the investments is incorrect. Moreover, even if the study did provide information regarding Northern California Laborers' losses *generally* during the class period, such information would be irrelevant to Defendants' loss causation defense. Losses Northern California Laborers may have suffered on an entire portfolio of investments, the majority of which are unrelated to the securities at issue, in no way negates Lead Plaintiffs' claims that their losses on the Certificates were caused by the poor quality of mortgage loans underlying them and that Defendants misrepresented that those loans were originated in accordance with stated underwriting guidelines. In light of these facts, Defendants' motion to compel Lead Plaintiffs to produce the ICE report should be denied.

---

i

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable James C. Francis IV
July 14, 2014
Page 3

**Identification of Board of Trustee Members Will Not Lead to the Discovery of Admissible Evidence**

Interrogatory Nos. 4, 12 and 13 request the identification of Lead Plaintiffs' board members, ostensibly on the grounds that Defendants are entitled to the identification of witnesses during discovery.[2] However, the whole of Defendants' argument regarding the need for the identification of these individuals is that they were present at particular board meetings for which Lead Plaintiffs were ordered to produce those minutes. *See* Defs.' Letter at 2-3. Defendants have provided no specific basis for *why* they think the board members would have relevant information, nor any suggestion of what that information may be. Without more, Defendants have not sustained their burden to prove this discovery is warranted. *See* Dkt. No. 242 at 4 ("The burden of demonstrating relevance is on the party seeking discovery.").

First, their mere presence at a meeting does not demonstrate that the individuals in question have any knowledge of issues relevant to the claims or defenses in this case. Indeed, a review of the information in the minutes Lead Plaintiffs were ordered to produce clearly demonstrates these individuals' *lack* of relevant information. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*See* Ex. 1 at NOCALAB0000627; Ex. 2 at SOCALAB0000948; Ex. 3 at SOCALAB0000937; Ex. 4 at SOCALAB0000959; Ex. 5 at SOCALAB0000966, attached hereto. None of these topics have any relevance to Lead Plaintiffs' claims that the offering documents for the Certificates they and the class purchased contained false and misleading information regarding the quality of the loans backing those Certificates.

---

[2]   Defendants first requested the identification of all board members for each Lead Plaintiff for a period of six years. *See* Defs.' Letter, Ex. B at 4. Apparently realizing the futility and overbreadth of this request, Defendants served their Fourth Interrogatories which seek the identification only of board members present at certain of Lead Plaintiffs' Board meetings. *See* Defs.' Letter, Ex. C at 3.

[3]   *See* Exs. 1-5, attached hereto. This fact further supports Lead Plaintiffs' arguments that their boards did not discuss any particular securities or classes of securities at their quarterly meetings and that they certainly did not discuss the purchases of the Certificates at issue here.



**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable James C. Francis IV
July 14, 2014
Page 4

Second, even if the topics discussed were relevant to the claims and defenses – which they are not – board members' recollections or knowledge of those discussions would not be relevant evidence. Both of the funds serving as Lead Plaintiffs are externally managed, meaning that all decisions regarding the purchase or sale of the Funds' investments are delegated to the Funds' investment managers. The individual board members have no ability to influence or affect the manner in which specific investments are made. Therefore, even if information about the Funds' investment decisions was discussed at a meeting, the board members' recollections of such discussions would be irrelevant, and would not lead to the discovery of relevant, admissible evidence.

Indeed, the individuals with actual knowledge of the Funds' investments, including the timing of the purchases and sales and the reasons underlying them – the fund managers and advisors – have either already been deposed by Defendants or were made available to Defendants for deposition.



. In addition, the quarterly reports Lead Plaintiffs' advisors prepared and presented at the board meetings have also already been produced to Defendants.

In sum, Defendants' failure or inability to collect the evidence they believe necessary for their defense is not a reason to burden and harass the Lead Plaintiffs' board members, who possess no additional information.

**The Information Sought in the Damages Interrogatories Has Already Been Produced**

Interrogatory Nos. 5-9 seek identification of the amounts paid for the Certificates, the amounts received through sale of the Certificates, and the amounts received in principal and interest. Defs.' Letter, Ex. B at 4-5. As Lead Plaintiffs explained during the parties' meet-and-confer discussions, however, the information sought by these interrogatories is readily available in the documents produced in this action – documents that Defendants have already utilized in making damages arguments in this case.

Robbins Geller
Rudman & Dowd LLP

The Honorable James C. Francis IV
July 14, 2014
Page 5

Specifically, Lead Plaintiffs provided detailed purchase, sale, and payment information related to their investments in the Certificates in their PSLRA certifications submitted to the Court with their Lead Plaintiff applications. *See* Ex. 7, attached hereto. Furthermore, Lead Plaintiffs and their investment advisors – the entities that purchased and maintained the Certificates on Lead Plaintiffs' behalf – produced investment reports detailing the amounts paid for the Certificates and the amounts received in principal and interest throughout the holding periods. Indeed, Defendants' class certification expert relied on this precise information in formulating the "Summary of Plaintiff Purchases and Sales" included in his class certification expert report. *See* Ex. 8 (Ex. 6 to the Expert Report of Prof. Christopher M. James, dated January 10, 2014). Relying on the straightforward evidence, Defendants' expert detailed the amounts paid, principal and interest payments received, and amounts received by sale for all of Lead Plaintiffs' Certificates (*id.*) – the same information Defendants now inexplicably ask Lead Plaintiffs to regurgitate in interrogatory responses.

Simply put, there is no justification for requiring Lead Plaintiffs to respond to an interrogatory merely to provide numerical information that Defendants admittedly already have.[4] Rather, it is axiomatic that a party may refer to documents produced in the matter in lieu of responding to interrogatories. *See, e.g.*, Fed. R. Civ. P. 33(d); *see also In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646 (LAK) (JCF), 2013 U.S. Dist. LEXIS 154527, at *11 (S.D.N.Y. Oct. 28, 2013) (holding that, pursuant to Fed. R. Civ. P. 33(d), defendants may refer to documents in lieu of responding to interrogatories). Here, Lead Plaintiffs and third parties have produced evidence detailing the amounts paid and received on the Certificates at issue. Defendants have that evidence, have analyzed that evidence, and have used the evidence in connection with their expert report and in making damages arguments at class certification. Accordingly, Defendants' motion to compel information they already have should be denied.

**Interrogatory No. 10 Prematurely Seeks Information Which Is the Subject of Expert Testimony**

Interrogatory No. 10 seeks the amount of compensatory damages sought by each Lead Plaintiff. Although Local Civil Rule 33.3(a) allows for interrogatories seeking "the computation of each category of damage alleged," where, as here, damages will be the subject of expert analysis and testimony, responses to damages interrogatories should await expert discovery. *See, e.g.*, Fed.

---

[4]   To the extent that Interrogatory Nos. 5-9 seek information related to interest payments Lead Plaintiffs received on the Certificates, Lead Plaintiffs also object on relevance grounds. As explained below in connection with RFA Nos. 3-13, information related to interest received on the Certificates is irrelevant to Lead Plaintiffs' damages or any other issue in this action.

Robbins Geller
Rudman & Dowd LLP

The Honorable James C. Francis IV
July 14, 2014
Page 6

R. Civ. P. 33(a)(2) ("the court may order that the interrogatory need not be answered until designated discovery is complete").

Damages will be the subject of expert analysis and testimony and Lead Plaintiffs should be given the opportunity to develop their expert testimony according to the schedule previously approved by this Court.  Moreover, Fed. R. Civ. P. 26(a)(2)(B) requires that all expert testimony be accompanied by a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as the data or other information considered by the witness in forming them.  Thus, Lead Plaintiffs' expert disclosures regarding damages (when given at the appropriate, designated time) will provide complete answers to Interrogatory No. 10. To avoid duplication of effort and needless revision of information, responses to Interrogatory No. 10 should not be required until Lead Plaintiffs have submitted their expert report concerning the very same damage information and calculations.  *See, e.g.*, *New Haven Temple SDA Church v. Consol. Edison Corp.*, No. 94 Civ. 7128 (AGS)(BAL), 1995 U.S. Dist. LEXIS 8220, at *15 (S.D.N.Y. June 13, 1995) (holding damages interrogatories "premature" where damages would be the subject of forthcoming expert testimony); *Discover Fin. Servs. v. Visa U.S.A.*, No. 04 Civ. 7844 (BSJ)(DFE), 2006 U.S. Dist. LEXIS 22097, at *6 (S.D.N.Y. Apr. 19, 2006) ("In essence, the six damages interrogatories seek tentative analyses, estimates and modeling from expert witnesses prior to the completion of fact discovery.  I find this to be premature."); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2004 U.S. Dist. LEXIS 18993, at *6 (N.D. Ill. Sept. 21, 2004) ("It is unreasonable for defendants to expect the exact damages formula from initial disclosures in a securities fraud action where expert analysis is undoubtedly necessary.").  Accordingly, Defendants' motion to compel damages figures at this stage should be denied.

**The RFAs Improperly Seek Irrelevant Information**

Request for Admission Nos. 3-13 seek admissions that the purchase price of each of Lead Plaintiffs' Certificates is less than the sum of the sale price, principal payments, and/or interest payments.[5]  The requested admissions are undoubtedly intended to bolster Defendants' arguments with regards to two issues in dispute at class certification: (1) whether Lead Plaintiffs suffered damages on their Certificates; and (2) whether past interest received should be included in damage calculations.

---

[5]   The RFAs originally sought this information on behalf of the entire class, which Lead Plaintiffs objected to as overly broad and unduly burdensome.  As indicated by Defendants' letter, this request has since been substantially narrowed to apply only to Lead Plaintiffs rather than the entire putative class.  *See* Defs.' Letter at 4.

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable James C. Francis IV
July 14, 2014
Page 7

        In opposing Lead Plaintiffs' motion to certify the class, Defendants claim that Lead
Plaintiffs did not suffer any damages when the interest payments they received on their Certificates
are added to the proceeds from the sale of their Certificates.  As Lead Plaintiffs explained in their
class certification papers concurrently pending before Judge Oetken, this method of calculating
damages is simply wrong.  Indeed, it is well-established that interest received on securities like the
Certificates is ***irrelevant*** to the calculation of damages in a Section 11 case.[6]  Consequently, the
information related to interest payments that RFA Nos. 3-13 seek has no bearing on a single issue in
this case, and Lead Plaintiffs are under no obligation to provide it.[7]  *See U.S. Bank Nat'l Ass'n v.
PHL Variable Ins. Co.*, No. 12 Civ. 6811 (CM) (JCF), 2013 U.S. Dist. LEXIS 57642 (S.D.N.Y.
Apr. 22, 2013) (Francis, J.) (rejecting motion to compel responses to RFAs that were geared
towards proving the movant's defense because they sought irrelevant information).   Moreover,
because the propriety of including interest payments in calculations of Lead Plaintiffs' damages is
currently under consideration by the Court in connection with Lead Plaintiffs' motion for class
certification, Defendants' motion is, at a minimum, premature until the Court issues a decision.

        Contrary to Defendants' contention, compelling Lead Plaintiffs to respond to the RFAs
would not streamline this litigation – the purpose behind Rule 36.  The purpose of RFAs, as
Defendants concede, is to "'eliminate the necessity of proving facts that are ***not in substantial
dispute*** and to narrow the scope of disputed issues.'"  *See* Defs.' Letter at 4 (emphasis added); *River
Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13 Civ. 3669 (DLC), 2014 U.S. Dist. LEXIS 47239, at *3
(S.D.N.Y. Apr. 4, 2014).  Defendants' RFAs ***do not*** address facts that are substantially undisputed;
rather, they request admissions that Defendants' proposed method of calculating damages is correct
and that Lead Plaintiffs in fact suffered no damages.[8]  Lead Plaintiffs can think of no issue that is
more at the heart of the disputes in this action than whether Lead Plaintiffs and the class were

---

[6]    *See, e.g.*, Ex. 2 to the Declaration of Daniel S. Drosman in Support of Plaintiffs' Reply in Further Support of
Motion for Class Certification and Appointment of Class Representatives and Class Counsel, Dkt. No. 289, ¶¶77-89.

[7]    Defendants do not assert that information related to interest payments received would be relevant to any issue aside
from Lead Plaintiffs' damages.  *See* Defs.' Letter at 4.

[8]    Defendants' reliance on *Freydl v. Meringolo*, No. 09 Civ. 07196 (BSJ)(KNF), 2011 U.S. Dist. LEXIS 67740
(S.D.N.Y. June 16, 2011) and *Pasternak v. Kim*, No. 10 Civ. 5045 (LTS)(JLC), 2011 U.S. Dist. LEXIS 113998
(S.D.N.Y. Sept. 28, 2011) is misplaced.  In each of these cases, the court noted that the information sought was both
relevant and not substantially in dispute.  *See Freydl*, 2011 U.S. Dist. LEXIS 67740, at *6 (requests for admission
related to defendants' actions which were not in substantial dispute were both relevant and material to the claims or
defenses in the action); *Pasternak*, 2011 U.S. Dist. LEXIS 113998, at *14-*15 (defendant's objections to RFAs were
rejected because the RFAs covered matters relevant to the case, would narrow issues for trial, and would serve a
clarifying purpose).  As described above, RFA Nos. 3-13 are neither relevant nor do they address matters that are
substantially undisputed.

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable James C. Francis IV
July 14, 2014
Page 8

damaged. Accordingly, Defendants' use of RFAs as an argumentative tool is inappropriate. *See
Concerned Citizens v. Belle Haven Club*, 223 F.R.D. 39, 46 (S.D.N.Y. 2004) (defendants in a racial
discrimination case could not be compelled to respond to an argumentative RFA); *River Light*, 2014
U.S. Dist. LEXIS 47239, at *3 ("RFAs are 'not to be used . . . in the hope that a party's adversary
will simply concede essential elements.'") (citation omitted).

At best, RFA Nos. 3-13 seek class certification discovery after the Court-ordered deadline
and are, therefore, untimely. At worst, the RFAs are an improper attempt to prevent the Court from
deciding an issue that is properly under its consideration. In both scenarios, the RFAs seek
information that Lead Plaintiffs should not be required to provide. Defendants' motion to compel
Lead Plaintiffs to admit or specifically deny RFA Nos. 3-13 should be denied.

Lead Plaintiffs submit that for all of the reasons set forth above, Defendants' requests for the
information in the document requests, interrogatories and RFAs should be denied. Lead Plaintiffs
are available to provide further briefing or attend a hearing on any of the issues outlined above
should the Court deem it necessary.

Respectfully submitted,

*Susan Taylor*

SUSAN GOSS TAYLOR

SGT:cac
Attachments

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 14, 2014.

s/SUSAN GOSS TAYLOR
SUSAN GOSS TAYLOR

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  susant@rgrdlaw.com

# Mailing Information for a Case 1:09-cv-03701-JPO-JCF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com

- **David Lionel Breau**
  dbreau@Sidley.com,nyefiling@Sidley.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com

- **Rebecca L. Butcher**
  butcher@lrclaw.com

- **Darrell Scott Cafasso**
  cafassod@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com,kcook@rgrdlaw.com

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrew James Ehrlich**
  aehrlich@paulweiss.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com

- **Joseph Peter Guglielmo**
  jguglielmo@scott-scott.com,sfein@scott-scott.com,edewan@scott-scott.com,tcrockett@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Geoffrey M. Johnson**
  gjohnson@scott-scott.com,edewan@scott-scott.com,efile@scott-scott.com

- **Roberta Ann Kaplan**
  rkaplan@paulweiss.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Angel P. Lau**
  alau@rgrdlaw.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Richard Franklin Lubarsky**
  rlubarsky@llf-law.com

- **Alison Leigh MacGregor**
  amacgregor@kelleydrye.com,docketing@kelleydrye.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **Daniel Allan McLaughlin**
  dmclaughlin@sidley.com,nyefiling@sidley.com

- **Danny Cameron Moxley**
  cmoxley@sidley.com,nyefiling@sidley.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alfred Robert Pietrzak**
  rpietrzak@sidley.com,nyefiling@sidley.com

- **Caroline M Robert**
  crobert@rgrdlaw.com

- **Ashley M Robinson**
  ashleyr@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com

- **Samuel Howard Rudman**
  e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Andrew Sacks**
  sacksr@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alan Howard Scheiner**
  ascheiner@llf-law.com

- **Owen Harris Smith**
  owen.smith@bfkn.com,lauren.dwyer@bfkn.com

- **Dorothy Jane Spenner**
  dspenner@sidley.com,nyefiling@sidley.com

- **Hillary B. Stakem**

hstakem@rgrdlaw.com

- **Andrew W. Stern**
  astern@sidley.com,nyefiling@sidley.com

- **Tobias James Stern**
  tstern@paulweiss.com

- **Susan G. Taylor**
  susant@rgrdlaw.com

- **Carolina Cecilia Torres**
  ctorres@csgrr.com

- **Sarah Penny Windle**
  windls@cahill.com

- **Adam Nelson Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)