# Robbins Geller
## Rudman & Dowd LLP

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Daniel S. Drosman
DDrosman@rgrdlaw.com

September 10, 2014

<u>VIA ECF</u>

The Honorable J. Paul Oetken
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

Re:   *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*,
No. 1:09-cv-03701-JPO-JCF (S.D.N.Y.)

Dear Judge Oetken:

We write in response to defendants' September 3, 2014 letter submitting *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, No. 09 C 7143, 2014 U.S. Dist. LEXIS 118028 (N.D. Ill. Aug. 21, 2014) ("*Boeing*"). Notwithstanding defendants' repeated disparagement of plaintiffs' counsel, there is no question that we are highly qualified to represent the class. *See, e.g., City of Livonia Emps.' Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 180 (S.D.N.Y. 2012) ("this Court agrees with other courts in this district that Robbins Geller is 'qualified, experienced, and able to conduct the litigation'") (citation omitted). Regardless of our views of the decision itself, the circumstances in *Boeing* and this case are inapposite. In *Boeing*, the key findings were that: (1) the recanting confidential witness was the only witness on which the complaint was based and the "only barrier to dismissal" of the complaint; (2) the witness repudiated his statements under oath in a declaration and, again, in a deposition; and (3) the investigative memorandum called into question the reliability of information that the witness supplied regarding his "reporting hierarchy." *Boeing*, 2014 U.S. Dist. LEXIS 118028, at *12-*13, *18-*21.

Here, on the other hand, this confidential witness was one of eleven witnesses who, along with publicly available documents, court records and expert analysis, supported the allegations in plaintiffs' complaint. Simply put, this witness was far from the only barrier to dismissal of the complaint. *See generally Emps.' Ret. Sys. v. J.P. Morgan Chase & Co.*, 804 F. Supp. 2d 141 (S.D.N.Y. 2011). Moreover, nothing in any of the interview memoranda questions the accuracy of any portion of this witness's account. After all, when this witness was re-contacted in 2011, in addition to confirming the accuracy of his own statements, he stated that it is a "shame that no one from these Wall Street firms have gone to jail." As described in Plaintiffs' Reply Memorandum of Law in Further Support of Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Reply Br."), the evidence produced in this case corroborates the witness's account. *See* Reply Br. at 34-35.

968701_1

**Robbins Geller
Rudman & Dowd** LLP

The Honorable J. Paul Oetken
September 10, 2014
Page 2

Recent admissions by JP Morgan also confirm the veracity of plaintiffs' allegations. In connection with a $13 billion settlement between JP Morgan and the Department of Justice, "JPMorgan acknowledged it made serious misrepresentations to the public – including the investing public – about numerous RMBS transactions." Ex. 1. JP Morgan's admissions mirror plaintiffs' allegations:

- "[E]mployees of JPMorgan . . . received information that, in certain instances, loans that did not comply with underwriting guidelines were included in the RMBS sold and marketed to investors; however, JPMorgan . . . did not disclose this to securitization investors."

- "JPMorgan employees were informed by due diligence vendors that a number of loans included in at least some of the loan pools that it purchased and subsequently securitized did not comply with the originators' underwriting guidelines, and, in the vendors' judgment, did not have sufficient compensating factors, and that a number of properties securing the loans had appraised values that were higher than the values derived in due diligence testing from automated valuation models, broker price opinions or other valuation due diligence methods."

- "Notwithstanding these representations [in RMBS offering documents], in certain instances, at the time these representations were made to investors, the loan pools being securitized contained loans that did not comply with the originators' underwriting guidelines."

Ex. 2 at 1-2 (footnote omitted). There is no question that the evidence and defendants' admissions confirm the accuracy of plaintiffs' allegations – including the challenged witness's account.

Finally, after the complaint was filed, this confidential witness reconfirmed the accuracy of the statements attributed to him in the Second Amended Complaint and only disavowed those statements when, years later, plaintiffs' counsel informed him that the Court had ordered the identities of the confidential witnesses disclosed. Even then, the witness did not disavow his prior statements under oath, and his reversal has never been subject to cross examination. Before recanting, this witness asked several times whether his prior conversations with plaintiffs' counsel or our investigator had been recorded and did not disavow his prior statements until after he was told that his interviews had not been recorded.

Plaintiffs' counsel informed Magistrate Judge Francis as soon as we learned of the confidential witness's recantation. Doc. No. 289, Exs. 8-9. We have kept the Court apprised of each of the developments as they occurred. *Id.* Our candor to the Court with respect to this confidential witness – and all other aspects of this litigation – cannot be legitimately questioned. Nor can our adequacy to represent the proposed class.

**Robbins Geller
Rudman & Dowd** LLP

The Honorable J. Paul Oetken
September 10, 2014
Page 3

Confronting similar allegations, the court in *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 278 F.R.D. 454 (D. Minn. 2011), rejected at class certification defendants' inadequacy of counsel arguments based on alleged misrepresentations of multiple confidential witness statements as "premature" because "[d]iscovery is ongoing, and these witnesses have yet to be deposed." *Id.* at 458. The *Medtronic* court recognized that it "cannot decide what the facts are until discovery is complete, including the deposition of the confidential witnesses." *Id.* Nonetheless, if the Court believes that the change in one confidential witness's story warrants further inquiry, plaintiffs request an evidentiary hearing so that plaintiffs have a fair opportunity to examine the confidential witness on his suspicious about-face. *See City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 952 F. Supp. 2d 633 (S.D.N.Y. 2013). In *Lockheed*, Judge Rakoff held an evidentiary hearing in response to the defendants' proffer of sworn declarations signed by three recanting confidential witnesses. After listening to the testimony from those witnesses (and from plaintiffs' investigator who had interviewed them), the court observed: "While the Court was not unsympathetic to the difficult position in which these three witnesses found themselves, their disrespect for their obligation to tell the truth hardly redounded to their credit." *Id.* at 637. In contrast to the recanting witnesses, the court found plaintiffs' investigator to be "credible." *City of Pontiac v. Lockheed Martin*, No. 11 CV 5026 (JSR), Hr'g Tr. at 212 (S.D.N.Y. Oct. 1, 2012) (Doc. No. 97).

There is some degree of irony in the defendants' attempt to tar plaintiffs' counsel with the broad brush of misconduct. According to published reports, Sidley Austin paid money to avoid criminal prosecution for its legal advice. *See, e.g.*, Ameet Sachdev, "Tax-shelter trial of former Sidley Austin partner to start," *Chi. Trib.*, Oct. 9, 2007, at C3 ("Sidley agreed to pay a $39.4 million penalty to the Internal Revenue Service to avoid criminal prosecution in the scandal linked to the once-popular shelters."). Likewise, JP Morgan has recently been sanctioned for destroying documents in a class action where JP Morgan "was put on notice multiple times that the destroyed data might be relevant to the potential litigation." *EEOC v. JP Morgan Chase Bank, N.A.*, 295 F.R.D. 166, 175 (S.D. Ohio Feb. 28, 2013). We recount these facts not to sling mud, but to emphasize that one cannot simply cherry-pick a few instances, while ignoring the many, to form an overall impression and cast judgment upon a firm, whether that firm is Sidley Austin, JP Morgan or Robbins Geller. Our firm's entire body of work shows not a pattern of misconduct, but a track record of practicing with integrity as leaders in the field. We have recovered billions of dollars on behalf of investors in thousands of cases, which reflects both the quality of the firm's lawyering and the rarity in which situations such as *Boeing* occur. Our law firm has 200 lawyers, many of whom, including the undersigned, are former state or federal prosecutors, and represents some of the largest and most respected institutional investors in the world.

In fact, the Firm has received substantial praise in this district and others for the quality of its representation in securities cases. *See, e.g.*, *City of Livonia Emps.' Ret. Sys. v. Wyeth*, No. 07 Civ. 10329 (RJS), 2013 U.S. Dist. LEXIS 113658, at *13 (S.D.N.Y. Aug. 7, 2013) (Judge Sullivan

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable J. Paul Oetken
September 10, 2014
Page 4

noting that "Lead Counsel is to be commended for this result: it expended considerable effort and resources over the course of the action researching, investigating, and prosecuting the claims, at significant risk to itself, and in a skillful and efficient manner, to achieve an outstanding recovery for the class members. Indeed, the result – and the class's embrace of it – is a testament to the experience and tenacity Lead Counsel brought to bear."). Robbins Geller is one of only a handful of firms to take a securities class action to trial, and also win, since the PSLRA's enactment. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02-C-5893, Final Judgment (N.D. Ill. Oct. 17, 2013) (Guzman, J.) (Doc. No. 1898) (entering judgment on $2.4 billion in claims).

We regret that we have had to respond to defendants' persistent, yet baseless, attacks. They are intended to distract the Court from JP Morgan's misdeeds in this case which infected billions of dollars of mortgaged backed securities sold by defendants. We will not let them distract us from proving the plaintiffs' case.

Respectfully submitted,

DANIEL S. DROSMAN

DSD:th

cc:    All Counsel (via ECF)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 10, 2014.

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ddrosman@rgrdlaw.com

# Mailing Information for a Case 1:09-cv-03701-JPO-JCF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com

- **David Lionel Breau**
  dbreau@Sidley.com,nyefiling@Sidley.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com

- **Rebecca L. Butcher**
  butcher@lrclaw.com

- **Darrell Scott Cafasso**
  cafassod@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com,kcook@rgrdlaw.com

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrew James Ehrlich**
  aehrlich@paulweiss.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com

- **Joseph Peter Guglielmo**
  jguglielmo@scott-scott.com,sfein@scott-scott.com,edewan@scott-scott.com,tcrockett@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Geoffrey M. Johnson**
  gjohnson@scott-scott.com,edewan@scott-scott.com,efile@scott-scott.com

- **Roberta Ann Kaplan**
  rkaplan@paulweiss.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Angel P. Lau**
  alau@rgrdlaw.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Richard Franklin Lubarsky**
  rlubarsky@llf-law.com

- **Alison Leigh MacGregor**
  amacgregor@kelleydrye.com,docketing@kelleydrye.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **Daniel Allan McLaughlin**
  dmclaughlin@sidley.com,nyefiling@sidley.com

- **Danny Cameron Moxley**
  cmoxley@sidley.com,nyefiling@sidley.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alfred Robert Pietrzak**
  rpietrzak@sidley.com,nyefiling@sidley.com

- **Caroline M Robert**
  crobert@rgrdlaw.com

- **Ashley M Robinson**
  ashleyr@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com

- **Samuel Howard Rudman**
  e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Andrew Sacks**
  sacksr@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alan Howard Scheiner**
  ascheiner@llf-law.com

- **Owen Harris Smith**
  owen.smith@bfkn.com,lauren.dwyer@bfkn.com

- **Dorothy Jane Spenner**
  dspenner@sidley.com,nyefiling@sidley.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com

- **Andrew W. Stern**
  astern@sidley.com,nyefiling@sidley.com

- **Tobias James Stern**
  tstern@paulweiss.com

- **Susan G. Taylor**
  susant@rgrdlaw.com

- **Carolina Cecilia Torres**
  ctorres@csgrr.com

- **Sarah Penny Windle**
  windls@cahill.com

- **Adam Nelson Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)