```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
FORT WORTH EMPLOYEES' RETIREMENT       :   09 Civ. 3701 (JPO) (JCF)
FUND, et al.,                          :
                                       :           MEMORANDUM
                                       :           AND  ORDER
              Plaintiffs,              :
                                       :
    - against -                        :
                                       :
J.P. MORGAN CHASE & CO., et al.,       :
                                       :
              Defendants.              :
- - - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

This case concerns claims of securities fraud in connection with the issuance of residential mortgage backed securities "RMBS"). The defendants now seek an order (1) permitting the depositions of two non-parties, CoreLogic, Inc. ("CoreLogic") and Clayton Holdings LLC ("Clayton") after the close of discovery, or, in the alternative, (2) admitting in evidence transcripts of the testimony of these entities taken in other RMBS cases. The plaintiffs oppose either course. Because admitting the prior testimony would be the least costly option, I will address it first.

Rule 804(b) of the Federal Rules of Evidence identifies categories of evidence that "are not excluded by the rule against hearsay if the declarant is unavailable as a witness." One such category is

1

> [t]estimony that . . . was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and . . . is now offered against a party who had -- or, in a civil case, whose predecessor in interest had -- an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1).  Similarly, Rule 32 of the Federal Rules of Civil Procedure defines the circumstances under which a witness is deemed unavailable such that his or her deposition may be utilized for any purpose.  Fed. R. Civ. P. 32(a)(4).  The defendants' application to admit the prior testimony of CoreLogic fails at the threshold: there is no suggestion that CoreLogic is "unavailable" to provide testimony in the instant case.

The issue with respect to Clayton is more interesting.  From January 2013 to September 2014, Clayton's designated witness in thirteen different civil RMBS cases was an employee named Vicki Beal.  (Affidavit of Robert Harris dated March 17, 2015 ("Harris Aff."), attached as Exh. C to Letter of Dorthy J. Spenner dated March 19, 2015 ("Spenner Letter"), ¶ 4).  Ms. Beal died unexpectedly in November 2014.  (Harris Aff., ¶ 5).  According to Clayton's Senior Vice President and General Counsel,

> Clayton does not believe that any other Clayton employee would be able to provide testimony regarding Clayton's due diligence role, processes and procedures that Clayton would deem as complete, accurate and reliable as that provided by Ms. Beal in the thirteen matters in which she testified as Clayton's designee.  No individual within the Clayton organization possesses the same degree of

2

> institutional history and knowledge about RMBS matters that occurred in the 2005 to 2008 time frame. At best, a replacement designee could hope to replicate Ms. Beal's testimony. In all likelihood, however, the effort would fall short, at least in certain respects, and the replacement designee would fail to accurately communicate Clayton's position, resulting in imperfect and unreliable testimony, to the disservice of the court, the parties and Clayton.

(Harris Aff., ¶ 6).  Effectively, Clayton wishes to designate a deceased person as its Rule 30(b)(6) witness, but then, because the declarant is dead, the defendants seek to have her prior testimony admitted.   <u>See</u> Fed. R. Civ. P. 32(a)(4)(A) (party may use deposition in court proceedings where court finds witness is dead); Fed. R. Evid. 804(a)(4) (declarant is unavailable for purposes of hearsay rule where declarant is dead).

Endorsing this strategy would undermine the operation of Rule 30(b)(6) of the Federal Rules of Civil Procedure.

> While the Rule 30(b)(6) deposition of a corporation and an individual are similar, there is one factor which can distinguish them.  An individual's personal memory is no more extensive than his or her life. However, a corporation has a life beyond that of mortals. Moreover, it can discharge its "memory," i.e. employees, and they can voluntarily separate themselves from the corporation. Consequently, it is not uncommon to have a situation . . . where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased.  These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.  Of course, just like in the instance of an individual deponent, the corporation may plead lack of memory.  However, if it wishes to assert a position based

> on testimony from third parties, or their documents, the designee still must present an opinion as to why the corporation believes the facts should be so construed.

United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (internal citations omitted); accord Elan Microelectronics Corp. v. Pixcir Microelectronics Co., No. 2:10-cv-14, 2013 WL 4101811, at *6 (D. Nev. Aug. 13, 2013); Martin County Coal Corp. v. Universal Underwriters Insurance Services, Inc., No. Civ. A. 08-93-ART, 2010 WL 4629761, at *5 (E.D. Ky. Nov. 8, 2010). Accordingly, the prior deposition testimony of Clayton, given by Ms. Beal, may not substitute for a deposition in this case, even without considering issues such as whether the parties who participated in questioning in those prior depositions had interests sufficiently aligned to those of the plaintiffs here.

That leaves the question of whether the requested depositions should be precluded as too late. Both deposition subpoenas were served almost a month prior to the March 20, 2015, close of discovery. (Deposition Subpoena addressed to CoreLogic, Inc. dated Feb. 24, 2015, attached as Exh. B to Letter of Darrell S. Cafasso dated March 20, 2015; Deposition Subpoena addressed to Clayton Holdings LLC dated Feb. 25, 2015, attached as Exh. A to Spenner Letter). The fact that these issues were not presented to the Court until the eve of the discovery deadline is in large measure a function of counsel's attempts to resolve them without judicial

intervention. Furthermore, some depositions are being taken beyond the discovery deadline by agreement of counsel. There is, therefore, good cause for taking the Clayton and CoreLogic depositions after the close of discovery as well.

Conclusion

For the reasons discussed, the defendants' letter motions (Docket nos. 331 and 332) are granted to the extent that they may take Rule 30(b)(6) depositions of Clayton and CoreLogic by April 30, 2015, and are otherwise denied.

SO ORDERED.

*[signature]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       April 15, 2015

5

Copies transmitted this date:

Arthur C. Leahy, Esq.
Ivy T. Ngo, Esq.
Jonah H. Goldstein, Esq.
Matthew I. Alpert, Esq.
Nathan R. Lindell, Esq.
Scott H. Saham, Esq.
Susan G. Taylor, Esq.
Thomas E. Egler, Esq.
L. Dana Martindale, Esq.
Daniel S. Drosman, Esq.
Darryl J. Alvarado, Esq.
Caroline M. Robert, Esq.
Hilary B. Stakem, Esq.
Angel P. Lau, Esq.
Ashley M. Robinson, Esq.
Lucas F. Olts, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

David A. Rosenfeld, Esq.
Samuel H. Rudman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Rd.
Suite 200
Melville, NY 11747

Luke O. Brooks, Esq.
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104

Joseph P. Guglielmo, Esq.
Thomas L. Laughlin, IV, Esq.
Scott + Scott, L.L.P.
405 Lexington Ave.
40th Floor
New York, NY 10174

Geoffrey M. Johnson, Esq.
Scott + Scott, L.L.P.
12434 Cedar Rd., Suite 12
Cleveland Heights, OH 44106

Alfred R. Pietrzak, Esq.
Dorothy J. Spenner, Esq.
Owen H. Smith, Esq.
David L. Breau, Esq.
Daniel A. McLaughlin, Esq.
Danny C. Moxley, Esq.
Andrew W. Sters, Esq.
Tom A. Paskowitz, Esq.
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019

Alison L. MacGregor, Esq.
Kelley Drye & Warren, LLP
101 Park Ave.
New York, NY 10178

Darrell S. Cafasso, Esq.
William B. Monahan, Esq.
Tina G. Barton, Esq.
Sullivan & Cromwell, LLP
125 Broad St.
New York, NY 10004

Robert A. Sacks. Esq.
Sullivan & Cromwell, LLP
1888 Century Park East, Suite 2100
Los Angeles, CA 90067

Richard F. Lubarsky, Esq.
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036

Rebecca L. Butcher, Esq.
Landis Rath & Cobb LLP
919 Market St., Suite 1800
Wilmington, DE 19801