UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— x | | |
| FORT WORTH EMPLOYEES' RETIREMENT FUND, On Behalf of Itself and All Others Similarly Situated, | : : : | Civil Action No. 1:09-cv-03701-JPO-JCF |
| | : | CLASS ACTION |
| Plaintiff, | : : | STIPULATION AND AGREEMENT OF SETTLEMENT |
| vs. | : : | |
| J.P. MORGAN CHASE & CO., et al., | : : | |
| Defendants. | : : : | |
| ———————————————— x | | |

This Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Settlement is entered into by the Court-appointed Lead Plaintiffs and Class Representatives, the Laborers Pension Trust Fund for Northern California and Construction Laborers Pension Trust for Southern California (together, "Plaintiffs"), on behalf of the Class (as defined below), and Defendants J.P. Morgan Securities, Inc. (now known as J.P. Morgan Securities LLC), J.P. Morgan Acceptance Corporation I, Brian Bernard, Louis Schioppo Jr., Christine E. Cole, David M. Duzyk, William King, and Edwin F. McMichael (collectively, "Defendants"; and together with Plaintiffs, the "Settling Parties").

The Settlement is intended by the Settling Parties to fully and finally compromise, resolve, discharge and settle the Class Members' Released Claims (as defined below) against the Released Parties (as defined below), subject to the terms and conditions set forth below and final approval of the Court.

WHEREAS:

1. All terms with initial capitalization shall have the meanings ascribed to them in paragraph 20 below or elsewhere in this Stipulation.

2. On March 12, 2009, a class action complaint was filed against Defendants and certain others, in the Supreme Court of the State of New York, County of New York, Index No. 09-600767, on behalf of a class of all persons or entities that purchased or otherwise acquired certificates pursuant or traceable to an offering of mortgage loan pass-through certificates issued by J.P. Morgan Alternative Loan Trust 2007-A2; J.P. Morgan Alternative Loan Trust 2007-S1; J.P. Morgan Mortgage Acquisition Trust 2007-CH3; J.P. Morgan Mortgage Acquisition Trust 2007-CH4; J.P. Morgan Mortgage Acquisition Trust 2007-CH5; J.P. Morgan Mortgage Trust Mortgage 2007-A3;

- 1 -

J.P. Morgan Mortgage Trust Mortgage 2007-A4; J.P. Morgan Mortgage Trust Mortgage 2007-A5; J.P. Morgan Mortgage Trust Mortgage 2007-A6; J.P. Morgan Mortgage Trust Mortgage 2007-S2; and J.P. Morgan Mortgage Trust Mortgage 2007-S3, asserting certain claims under the Securities Act of 1933 (the "Securities Act").

3.      On April 10, 2009, the defendants removed the action referenced in paragraph 2 to the United States District Court for the Southern District of New York, Civil Action No. 09-cv-03701 (the "Action").

4.      On March 10, 2010, the Court appointed the Employees' Retirement System of the Government of the Virgin Islands ("USVI GERS") as lead plaintiff and appointed Robbins Geller Rudman & Dowd LLP (f/k/a Coughlin Stoia Geller Rudman & Robbins LLP) as Lead Counsel.

5.      On April 9, 2010, USVI GERS filed the Amended Complaint for Violation of §§11, 12 and 15 of the Securities Act of 1933, alleging Securities Act claims against Defendants and certain others, on behalf of a class of all persons or entities that purchased or otherwise acquired certificates pursuant or traceable to an offering of mortgage loan pass-through certificates issued by J.P. Morgan Alternative Loan Trust 2007-A2; J.P. Morgan Alternative Loan Trust 2007-S1; J.P. Morgan Mortgage Acquisition Trust 2007-CH3; J.P. Morgan Mortgage Acquisition Trust 2007-CH4; J.P. Morgan Mortgage Acquisition Trust 2007-CH5; J.P. Morgan Mortgage Trust Mortgage 2007-A3; J.P. Morgan Mortgage Trust Mortgage 2007-A4; J.P. Morgan Mortgage Trust Mortgage 2007-A5; J.P. Morgan Mortgage Trust Mortgage 2007-A6; J.P. Morgan Mortgage Trust Mortgage 2007-S2; and J.P. Morgan Mortgage Trust Mortgage 2007-S3.

6.      On July 8, 2010, USVI GERS filed the Second Amended Complaint for Violation of §§11, 12 and 15 of the Securities Act of 1933 ("Second Amended Complaint"), alleging Securities Act claims against Defendants and certain others, on behalf of a class of all persons or entities that

- 2 -

purchased or otherwise acquired certificates pursuant or traceable to an offering of mortgage loan pass-through certificates issued by J.P. Morgan Alternative Loan Trust 2007-A2; J.P. Morgan Alternative Loan Trust 2007-S1; J.P. Morgan Mortgage Acquisition Trust 2007-CH3; J.P. Morgan Mortgage Acquisition Trust 2007-CH4; J.P. Morgan Mortgage Acquisition Trust 2007-CH5; J.P. Morgan Mortgage Trust Mortgage 2007-A3; J.P. Morgan Mortgage Trust Mortgage 2007-A4; J.P. Morgan Mortgage Trust Mortgage 2007-A5; J.P. Morgan Mortgage Trust Mortgage 2007-A6; J.P. Morgan Mortgage Trust Mortgage 2007-S2; and J.P. Morgan Mortgage Trust Mortgage 2007-S3.

7.　　On May 10, 2011, the Court entered an Amended Opinion and Order granting in part and denying in part an August 9, 2010 motion to dismiss the Second Amended Complaint made by Defendants and certain others.

8.　　Defendants filed their Answer to the Second Amended Complaint on June 14, 2011.

9.　　On May 15, 2012, the Court granted USVI GERS's motion to withdraw as lead plaintiff.

10.　　On July 12, 2012, the Court appointed Plaintiffs as lead plaintiffs and approved Plaintiffs' selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

11.　　Following the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012), on October 1, 2012, Plaintiffs moved for reconsideration of the Court's May 10, 2011 Amended Opinion and Order. On January 4, 2013, the Court issued an order granting in part and denying in part Plaintiffs' motion for reconsideration and reinstating claims under Section 11 of the Securities Act.

12.　　On September 30, 2014, the Court issued an Opinion and Order granting in part and denying in part Plaintiffs' September 27, 2013 Motion for Class Certification and Appointment of Class Representatives and Class Counsel.

13.     The Court certified a class of investors, for purposes of liability only, that, prior to March 12, 2009, purchased or otherwise acquired certificates issued by the following nine trusts: J.P. Morgan Alternative Loan Trust 2007-A2; J.P. Morgan Alternative Loan Trust 2007-S1; J.P. Morgan Mortgage Acquisition Trust 2007-CH3; J.P. Morgan Mortgage Acquisition Trust 2007-CH4; J.P. Morgan Mortgage Acquisition Trust 2007-CH5; J.P. Morgan Mortgage Trust Mortgage 2007-A3; J.P. Morgan Mortgage Trust Mortgage 2007-A4; J.P. Morgan Mortgage Trust Mortgage 2007-S2; and J.P. Morgan Mortgage Trust Mortgage 2007-S3.  These are the nine offerings that are the subject of this Settlement.

14.     The Settling Parties engaged in extensive discovery between September 2013 and June 2015, taking and/or defending more than 40 depositions (both fact and expert witnesses) and producing and analyzing millions of documents.

15.     On June 4, 2015, after a mediation process conducted by the Honorable Daniel Weinstein (Ret.) as mediator and additional extensive arm's-length negotiations, and following a Mediator's Recommendation, the Settling Parties agreed in principle to settle the Action, the Class Members' Released Claims against the Released Parties, and the Released Parties' Claims for a Settlement Amount of $388 million, subject to satisfaction of certain conditions and negotiation of this Stipulation.

16.     On June 8, 2015, the parties informed the Court that they had reached an agreement in principle to settle the Action, subject to satisfaction of certain conditions and negotiation of a stipulation of settlement.

17.     Lead Counsel has conducted extensive investigations relating to the claims and the underlying events and transactions alleged in the Action.  Lead Counsel has analyzed evidence, including a substantial volume of documents produced by Defendants, and has researched the

- 4 -

applicable law with respect to the claims of Plaintiffs and the Class, as well as Defendants' potential defenses and other litigation issues.

18. This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. This Stipulation shall not be construed or deemed to be a concession by Plaintiffs of any infirmity in the claims asserted in the Action. This Stipulation shall not be admissible for any purpose other than to enforce its terms.

19. Based upon its investigation, Lead Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the Class, and in their best interests, and has agreed to settle the claims raised in the Action, the Class Members' Released Claims against the Released Parties, and the Released Parties' Claims pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Plaintiffs and the Members of the Class will receive from resolution of the Action as against the Defendants, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs as to any lack of merit of the Action whatsoever, and without any admission or concession of Defendants as to any liability or wrongdoing or lack of merit in the defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties, that the Action and all of the Class Members' Released

- 5 -

Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

20. As used in this Stipulation, the following terms shall have the meanings specified below.

(a) "Action" means *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co. et al.*, Civil Action No. 1:09-cv-03701-JPO-JCF (S.D.N.Y.).

(b) "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator (in accordance with the requirements established by the Court) that is approved for payment from the Net Settlement Fund.

(c) "Certificates" means certificates from the following nine offerings: J.P. Morgan Alternative Loan Trust 2007-A2; J.P. Morgan Alternative Loan Trust 2007-S1; J.P. Morgan Mortgage Acquisition Trust 2007-CH3; J.P. Morgan Mortgage Acquisition Trust 2007-CH4; J.P. Morgan Mortgage Acquisition Trust 2007-CH5; J.P. Morgan Mortgage Trust Mortgage 2007-A3; J.P. Morgan Mortgage Trust Mortgage 2007-A4; J.P. Morgan Mortgage Trust Mortgage 2007-S2; and J.P. Morgan Mortgage Trust Mortgage 2007-S3.

(d) "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

(e) "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and Release (substantially in the form attached hereto as Exhibit A-2) that a Claimant or Class Member must complete if that Claimant or Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

- 6 -

(f)     "Claimant" means a Person that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)     "Claims Administrator" means Gilardi & Co. LLC.

(h)     "Class" means all Persons who, prior to March 12, 2009, purchased or otherwise acquired any Certificates in any of the Offerings.  Excluded from the Class are: (i) Defendants and the other Released Parties and any entity in which any Defendant has or had a controlling interest, except that affiliates and entities in which a Defendant has or had a controlling interest, other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles), are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.*, for their own account) interest in the Certificates and not to the extent that they have held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class; (ii) originators of any loans underlying the Certificates; and (iii) Persons that have separately asserted or pursued their claims against Defendants asserting claims arising from securities covered by the Class, including by filing individual actions or privately entering into confidential tolling or settlement agreements with Defendants, as such Persons are identified on Appendix 1 hereto, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing of this Stipulation.  The Notice shall provide that any Certificate purchaser or holder may call the Claims Administrator with questions as to whether or not that Certificate purchaser or holder is excluded.  Also excluded from the Class are any Persons who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

(i)     "Class Member" or "Member of the Class" means a Person that is a member of the Class.

(j)     "Complaint" or "Second Amended Complaint" means the Second Amended Class Action Complaint filed in this Action on July 8, 2010.

(k)     "Court" means the United States District Court for the Southern District of New York.

(l)     "Defendants" means J.P. Morgan Securities, Inc. (now known as J.P. Morgan Securities LLC), J.P. Morgan Acceptance Corporation I, Brian Bernard, Louis Schioppo Jr., Christine E. Cole, David M. Duzyk, William King, and Edwin F. McMichael.

(m)     "Defendants' Counsel" means the law firms of Sullivan & Cromwell LLP and Sidley Austin LLP.

(n)     "Effective Date" means the first day following the day on which the Settlement contemplated by this Stipulation shall become effective as set forth in paragraph 52 below.

(o)     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s) in interest.

(p)     "Final" when referring to an order or judgment means the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Settling Parties elects to terminate this Settlement, the date that such

- 8 -

Alternative Judgment is no longer subject to appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; ***provided, however***, that any disputes or appeals relating solely to amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment becomes Final.

(q)     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(r)     "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, general partner, managing member, or other similar capacity; provided, however, that any Claim submitted by an Investment Vehicle shall be pro-rated in accordance with the amount owned by the Defendants and their affiliates.

(s)     "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

(t)     "Lead Plaintiffs" or "Plaintiffs" means the Laborers Pension Trust Fund for Northern California and Construction Laborers Pension Trust for Southern California.

(u)     "Litigation Expenses" means Plaintiffs' Counsel's litigation expenses which, for the avoidance of doubt, does not include attorneys' fees, for which Lead Counsel intends to apply to the Court for payment out of the Settlement Fund.

(v)     "Net Settlement Fund" means the Settlement Fund less: (i) any attorneys' fees awarded by the Court; (ii) any required Taxes and Tax Expenses; (iii) any reimbursement of expenses to Plaintiffs as awarded by the Court; (iv) any Notice and Administration Costs paid from

- 9 -

the Settlement Fund; and (v) any Litigation Expenses awarded by the Court and paid from the Settlement Fund.

(w) "Notice" means the Notice of Pendency of Class Action and Proposed Settlement and Settlement Hearing (substantially in the form attached hereto as Exhibit A-1), which is to be sent to Members of the Class.

(x) "Notice and Administration Costs" means the reasonable costs and fees of notice and administration of the Settlement that are incurred by the Claims Administrator in connection with, among other duties, (i) providing notice to the Class; (ii) administering the Claims process; and (iii) distributing the Net Settlement Fund.

(y) "Offerings" means the following nine offerings: J.P. Morgan Alternative Loan Trust 2007-A2; J.P. Morgan Alternative Loan Trust 2007-S1; J.P. Morgan Mortgage Acquisition Trust 2007-CH3; J.P. Morgan Mortgage Acquisition Trust 2007-CH4; J.P. Morgan Mortgage Acquisition Trust 2007-CH5; J.P. Morgan Mortgage Trust Mortgage 2007-A3; J.P. Morgan Mortgage Trust Mortgage 2007-A4; J.P. Morgan Mortgage Trust Mortgage 2007-S2; and J.P. Morgan Mortgage Trust Mortgage 2007-S3.

(z) "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to paragraph 50 of this Stipulation substantially in the form of Exhibit B attached hereto.

(aa) "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, government and any political subdivision thereof, or any other type of business or legal entity.

(bb) "Plaintiffs' Counsel" means Lead Counsel and any other legal counsel who represented or contributed to the representation of Lead Plaintiffs or other plaintiffs in the Action.

- 10 -

(cc)     "Plan of Allocation" means the proposed plan for allocating the Net Settlement Fund to Authorized Claimants as attached to the Notice, or such other plan of allocation as the Court shall approve.

(dd)     "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Class.

(ee)     "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(ff)     "Released Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that relate to the purchase or other acquisition, ownership or disposition of the Certificates and that Lead Plaintiffs or any other Member of the Class (a) asserted in the Action, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or referred to in the Action.  "Released Claims" shall not include:  (i) claims to enforce this Stipulation and Agreement of Settlement; (ii) any direct claims (including contractual, statutory or tort claims) against the trustees, servicers or master servicers of the issuing trusts, except those claims against the Released Parties; (iii) any derivative claims (including contractual, statutory or tort claims) belonging to the issuing trusts; or (iv) any claims belonging to the trustees of the issuing trusts.  Nothing herein shall be construed to suggest or imply that any such claims exist or have merit.

(gg)     "Released Parties" means: (a) the Defendants; and (b) the Defendants' current and former officers, directors, agents, parents, affiliates (including, but not limited to, former

defendants JPMorgan Chase & Co. and J.P. Morgan Mortgage Acquisition Corp.), subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such.

(hh) "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Plaintiffs, Plaintiffs' Counsel, or any other Class Member.

(ii) "Settlement" means this Stipulation and the settlement contained herein.

(jj) "Settlement Amount" means the total principal amount of three hundred and eighty-eight million dollars (US $388,000,000.00) in cash.

(kk) "Settlement Fund" means an escrow account maintained by the Escrow Agent and controlled by Lead Counsel into which the Settlement Amount shall be deposited, plus interest or income earned thereon.

(ll) "Settling Parties" means (i) Defendants and (ii) Plaintiffs individually and on behalf of the Class.

(mm) "Stipulation" means this Stipulation and Agreement of Settlement.

(nn) "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(oo) "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Amount, including any interest or penalties thereon.

(pp)     "Unknown" claims means any and all Released Claims that Plaintiffs and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code §1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in

the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown" claims in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

21.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Defendants and any and all of the Class Members' Released Claims as against all Released Parties.

22.     Upon the Effective Date of this Settlement, Plaintiffs and each of the other Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed, and forever discharged the respective Class Member's Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

23.     Upon the Effective Date of this Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed, and forever discharged all the Released Parties' Claims against Plaintiffs, Plaintiffs' Counsel, and any other Class Member.

## THE SETTLEMENT CONSIDERATION

24.     On or before ten (10) business days following the date of the entry of the Preliminary Approval Order, the Defendants, in full and complete settlement of the Class Members' Released Claims against the Released Parties, shall pay or shall cause to be paid the Settlement Amount into the Settlement Fund established by Lead Counsel and maintained by the Escrow Agent for the benefit of the Class, in accordance with the payees' Form W-9, wiring instructions on letterhead and

- 14 -

Lead Counsel's provision to Defendants of the contact name and telephone number of an individual at the Escrow Agent who can confirm the wiring instructions, to have been provided prior to the entry of the Preliminary Approval Order. The Settlement Fund shall be invested or held as provided in paragraph 26 hereof.

## USE OF SETTLEMENT FUND

25. The Settlement Fund shall be used to pay: (i) any required Taxes and Tax Expenses; (ii) any reimbursement of expenses to Plaintiffs as awarded by the Court; (iii) any Notice and Administration Costs; (iv) any attorneys' fees awarded by the Court; and (v) any Litigation Expenses awarded by the Court. The balance remaining in the Settlement Fund, *i.e.,* the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below. In no event shall Defendants bear any responsibility for any such fees, costs or expenses beyond payment of the Settlement Amount.

26. The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the escrowed Settlement Fund prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Settlement Fund exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) or other instruments backed by the full faith and credit of the United States and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

- 15 -

27.     After payment of the Settlement Amount into the Settlement Fund, the Settling Parties agree to treat the Settlement Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by paragraph 28 below. Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Amount for any Taxes and Tax Expenses owed with respect to the Settlement Fund. Defendants will provide to Lead Counsel the statement described in Treasury Regulation §1.468B-3(e). Lead Counsel, as administrator of the Settlement Amount within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

28.     All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund. The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses. Lead Counsel, or their agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treasury Regulation §1.468B-

2(k), and to the extent applicable, Treasury Regulation §1.468B-2(l). Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph. Lead Counsel, or their agents, shall also cause to be timely paid Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this Stipulation. The Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents.

29. This is not a claims-made settlement. As of the Effective Date, neither Defendants nor any other Person who paid any portion of the Settlement Amount on any of their behalves, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of claims submitted, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. If any portion of the Settlement Fund remains following distribution (or redistribution) pursuant to paragraph 26 and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Class, then such remaining funds, after payment of any further notice and administration costs and taxes and tax expenses shall be distributed by Lead Counsel to an appropriate nonsectarian non-profit charitable organization, without Lead Counsel claiming credit for such contribution.

30. The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as otherwise expressly provided herein, the

Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any Person, including, but not limited to, the Class Members, in connection with any such administration. Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those Members of the Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents. Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court. Defendants agree to cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Class Members, including by, to the extent reasonably and readily accessible to Defendants without material cost, providing or causing to be provided to Lead Counsel and/or the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) lists in the possession of J.P. Morgan Securities, Inc. (now known as J.P. Morgan Securities LLC) sufficient to identify potential Class Members, in electronic form within five (5) business days after the entry of the Preliminary Approval Order. To the extent such lists have already been produced to Lead Plaintiffs, they need not be provided again.

31. Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or order of the Court, all reasonable Notice and Administration Costs actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing and paying the submitted claims, and the reasonable fees, if any, of the Escrow Agent. In the event that the

Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund.

32.     The finality of the Settlement shall not be conditioned upon any ruling by the Court concerning the Plan of Allocation or any award of attorneys' fees or Litigation Expenses.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims.  Unless otherwise ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

33.     Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees, plus interest.  Lead Counsel also will apply to the Court for payment from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses.  Lead Counsel may also apply for payment from the Settlement Fund to Plaintiffs in accordance with 15 U.S.C. §77z-1(a)(4).

34.     The Court-awarded attorneys' fees and Litigation Expenses shall be paid to Lead Counsel from the Settlement Fund.  Attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or collateral attack on the

- 19 -

Settlement or any part thereof, subject to Lead Counsel's obligation to repay such amounts with the interest earned thereon if the Settlement is terminated for any reason, or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such termination, reduction or reversal is final and no longer subject to appeal or other review. Lead Counsel shall make the appropriate refund or repayment no later than ten (10) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses.

35. Lead Counsel shall allocate the attorneys' fees and Litigation Expenses amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the institution, prosecution and resolution of the Action.

36. Defendants shall have no responsibility for, and no liability with respect to, the allocation of the fees and Litigation Expenses that Lead Counsel may make in connection with this Action or any other person who may assert some claim thereto.

37. The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, shall not be a condition of the Settlement. Lead Counsel shall request that their application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from the Court's consideration of the fairness and adequacy of the Settlement. Any order or proceeding relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims or the Released Parties' Claims. The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses.

## CLAIMS ADMINISTRATOR

38.     The Claims Administrator, subject to the supervision, direction and approval of Lead Counsel and the Court, shall administer and calculate the Claims submitted by Class Members, oversee distribution of the Net Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith. Defendants and the other Released Parties shall have no liability, obligation or responsibility for the Notice, administration or processing of Claims or of the Settlement or disbursement of the Net Settlement Fund, including without limitation, determinations as to the validity of any Proof of Claim Form, the amounts of Claims, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator. Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

39.     The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Plaintiffs and approved by the Court, or according to such other plan of allocation as the Court approves. The proposed Plan of Allocation is appended to the Notice attached hereto as Exhibit A-1.

40.     The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Plaintiffs, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation proposed in the appendix to the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action. Neither Defendants nor any other

Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund.

41.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  Neither Defendants nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Neither Defendants nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

42.     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by order of the Court. Any Class Member who fails to submit a Claim Form by such date shall be, absent a court order, forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.  A Claim Form shall be deemed to be submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution (or redistribution) of the Net Settlement Fund is not materially delayed as a result.

43.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for in the Order and Final Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

44.     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

45.     Payment pursuant to the Court-approved Settlement, the Stipulation, the Plan of Allocation, or as otherwise ordered by the Court shall be final and conclusive against any and all Class Members. No person shall have any claim against Plaintiffs, Lead Counsel, Defendants, Defendants' Counsel, any other Released Person, or the Claims Administrator based on distributions made substantially in accordance with the Court-approved Settlement, the Stipulation, the Plan of Allocation, or as otherwise ordered by the Court.

46.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## REQUESTS FOR EXCLUSION

47.     A Class Member requesting exclusion from the Class shall be requested to provide certain information to the Claims Administrator as set forth in the Notice.  Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by the Notice shall be bound by the Settlement.

48.     The Claims Administrator shall scan and send electronic copies of all requests for exclusion in .pdf format (or such other format as shall be agreed) to Defendants' Counsel and to Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.  As part of the motion papers in support of final approval of the Settlement, Lead Counsel will cause to be provided a list of all Persons who have requested exclusion from the Class.

## TERMS OF PRELIMINARY APPROVAL ORDER
## IN CONNECTION WITH SETTLEMENT PROCEEDINGS

49.     Plaintiffs, by and through Lead Counsel, shall submit the Stipulation together with its Exhibits to the Court and shall move for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

50.     The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

51.     Simultaneously herewith, the Settling Parties are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at the discretion of Defendant J.P. Morgan Securities, Inc. (now known as J.P. Morgan Securities LLC) if potential Class Members who meet certain criteria exclude themselves from the

Class.  The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court.  The parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them. In the event of a withdrawal from this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.  In the event the Settlement and this Stipulation are terminated, the provisions of paragraphs 31 and 53-56 shall survive termination.  Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by the Defendants to exercise their option to withdraw from the Settlement pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

52.     The Effective Date of Settlement shall be the day following the date when all of the following shall have occurred:

(a)     entry of the Preliminary Approval Order;

(b)     approval by the Court of the Settlement following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

(c)     entry by the Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the Court enters an Alternative Judgment and none of the Settling Parties elects to terminate this

Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

53.     Defendants and Plaintiffs each shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve this Settlement or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified or reversed in any material respect; (e) an Alternative Judgment is vacated, modified or reversed in any material respect; or (f) the Effective Date of Settlement otherwise does not occur. Defendants may also terminate the Settlement and this Stipulation pursuant to paragraph 51. The foregoing list is not intended to limit or impair the parties' rights under the law of contracts with respect to any breach of this Stipulation. In the event the Settlement and this Stipulation are terminated, the provisions of paragraphs 31 and 53-56 shall survive termination.

54.     Except as otherwise provided herein, in the event the Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, the parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of June 4, 2015, and except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of this Settlement.

55.     Except as otherwise provided herein, in the event this Stipulation is terminated or if the requirements set forth in paragraph 52 for determining the Effective Date fail to be satisfied for

any reason, then within fifteen (15) business days after written notice is sent by Lead Counsel or Defendants' Counsel, the balance of the Settlement Fund, less any Notice and Administration Costs paid, incurred, or owing and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded pursuant to written instructions from Defendants' Counsel, including interest accrued thereon, in the proportion to which the Settlement Fund was paid.

**NO ADMISSION OF WRONGDOING**

56. Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including Exhibits, the Plan of Allocation methodology, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a) shall not be offered or received against Defendants, other Released Parties, Plaintiffs or the other members of the Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or other Released Parties or by Plaintiffs or the other Members of the Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or other Released Parties;

(b) shall not be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other Members of the Class as evidence of any infirmity in the claims of Plaintiffs and the other Members of the Class;

- 27 -

(c)     shall not be offered or received against the Released Parties, Plaintiffs or the other Members of the Class as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Released Parties, Plaintiffs' Counsel or Plaintiffs or the other Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or the other Members of the Class or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

## MISCELLANEOUS PROVISIONS

57.     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit hereto, the terms of this Stipulation shall prevail.

58.     Defendants shall be responsible for timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), including by

mailing out the CAFA notice within ten (10) calendar days of the filing of this Stipulation with the Court. Defendants shall promptly inform Lead Counsel that such timely mailing has occurred.

59. The Parties shall request that the Court schedule the Final Approval Hearing no sooner than 90 days after Defendants complete the service of the notices required by paragraph 58 above.

60. Defendants each warrant that, as to the payments made by or on behalf them, at the time of such payment that Defendants made or caused to be made pursuant to paragraph 24 above, they were not insolvent, nor will the payment required to be made by or on their behalf render them insolvent, within the meaning of and/or for the purposes of the United States Code (Bankruptcy), including Sections 101 and 547 thereof. This representation is made by Defendants and not by Defendants' Counsel.

61. If a case is commenced in respect of any Defendant (or any Person contributing funds to the Settlement on behalf of Defendants) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Order and Final Judgment entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior

to June 4, 2015, and any cash amounts in the Settlement Fund shall be returned as provided and to the extent set forth in paragraph 53 above.

62.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of all Settling Parties or their successors-in-interest.

63.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

64.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Class Members' Released Claims.  Accordingly, Plaintiffs, Lead Counsel, Defendants, and Defendants' Counsel agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.  The parties to this Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.  The Parties shall request that the Order and Final Judgment include a finding that during the course of the Action, the Settling Parties and their counsel complied with Rule 11 of the Federal Rule of Civil Procedure.

65.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

66.     This Stipulation and its Exhibits and the Supplemental Agreement constitute the entire agreement among these parties, and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits and Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

- 30 -

67.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via electronic mail.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

68.     The Settling Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation.

69.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of Plaintiffs or Defendants, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

70.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties, including any and all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

71.     Notices required by this Stipulation shall be submitted by any form of overnight mail, electronic mail, facsimile, or in person to each of the signatories below.

72.     The administration, consummation, and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the parties intend that the Court retain jurisdiction for the purpose of, *inter alia,* entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation and the Settlement.

73.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

1051805_1

74. This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed by their duly authorized attorneys as of July 17, 2015.

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
DANIEL S. DROSMAN
LUKE O. BROOKS

_____
        DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

1051805_1

SULLIVAN & CROMWELL LLP
ROBERT A. SACKS
WILLIAM B. MONAHAN
DARRELL S. CAFASSO

_____
ROBERT A. SACKS

1888 Century Park East
Los Angeles, CA 90067-1725
Telephone: 310/712-6600
310/712-8800 (fax)

Counsel for Defendants

SIDLEY AUSTIN LLP
DOROTHY J. SPENNER
TOM A. PASKOWITZ

_____
DOROTHY J. SPENNER

787 Seventh Avenue
New York, NY 10019
Telephone: 212/839-5300
212/839-5599 (fax)

Counsel for Defendants

# APPENDIX 1

# REDACTED FOR FILING