UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FORT WORTH EMPLOYEES' RETIREMENT FUND, On Behalf of Itself and All Others Similarly Situated, | : : : : | Civil Action No. 1:09-cv-03701-JPO-JCF <br> CLASS ACTION |
| Plaintiff, | : : | ORDER PRELIMINARILY APPROVING SETTLEMENT AND |
| vs. | : : | PROVIDING FOR NOTICE |
| J.P. MORGAN CHASE & CO., et al., | : : | |
| Defendants. | : : | |

1051825_1

WHEREAS, an action is pending before this Court entitled *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., et al.*, No. 1:09-cv-03701-JPO-JCF (the "Action");

WHEREAS, the parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation and Agreement of Settlement (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and the Exhibits annexed thereto, and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on <u>December 4</u>, 2015, at <u>2:30 p.m.</u>, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 706, New York, NY 10007-1312, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether an Order and Final Judgment as provided in ¶50 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and Litigation Expenses that should be awarded

- 1 -

to Lead Counsel; and to determine the amount of expenses to be awarded to Plaintiffs. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

3. The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement and Settlement Hearing (the "Notice"), the Proof of Claim and Release Form (the "Proof of Claim Form"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below and in the Stipulation.

5. Not later than August 18, 2015 [ten (10) business days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim Form, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.JPMorganRMBSlitigation.com.

6. Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service.

7. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who purchased Certificates for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Notice additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

9. All Members of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked or submitted electronically no later than one hundred-twenty (120) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed as a result.

11. Members of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Member of the Class may appear and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and Litigation Expenses should or should not be awarded to Plaintiffs' Counsel, or why the expenses of Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before October 7, 2015 [fifty (50) calendar days after the Notice Date], by Robbins Geller Rudman & Dowd LLP, Daniel S. Drosman, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Sullivan & Cromwell LLP, Robert A. Sacks, 1888 Century Park East, Los Angeles, CA 90067, and filed said objections, papers,

and briefs with the Clerk of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007-1312, on or before <u>October 7</u>, 2015 [fifty (50) calendar days after the Notice Date]. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and Litigation Expenses to Lead Counsel or Plaintiffs, unless otherwise ordered by the Court.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and Litigation Expenses or by Plaintiffs for their expenses shall be filed and served by <u>Sept. 22</u>, 2015 [thirty-five (35) calendar days after the Notice Date]. Replies to any objections shall be filed and served by <u>Oct. 22</u>, 2015 [sixty-five (65) calendar days after the Notice Date].

15. Neither the Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

16. Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or


1051825_1

certiorari and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of Litigation Expenses, shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶28 or 31 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

22.     Pending final determination of whether the proposed Settlement should be approved, (a) neither the Plaintiffs, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants or the other Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims, and (b) all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, or in the form of Order and Final Judgment, is hereby stayed, and all hearings, deadlines and other proceedings in this Action, except the Settlement Hearing, are hereby taken off calendar.

IT IS SO ORDERED.

DATED: __August 4, 2015__                    _____
                                                                            J. PAUL OETKEN
                                                                            United States District Judge