Oether, P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
FORT WORTH EMPLOYEES' : 09-CV-3701 (JPO)
RETIREMENT FUND, On Behalf of Itself and :
All Others Similarly Situated, : CLASS ACTION
    :
        Plaintiff, : ORDER GRANTING LEAD COUNSEL'S
    : APPLICATION FOR AN AWARD OF
    vs. : ATTORNEYS' FEES AND EXPENSES
    : AND PLAINTIFFS' EXPENSES
J.P. MORGAN CHASE & CO., et al., : PURSUANT TO 15 U.S.C. §77z-1(a)(4)
    :
        Defendants. :
    :
---------------------------------------- x

Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Plaintiffs' Expenses Pursuant to 15 U.S.C. §77z-1(a)(4) (Dkt. No. 367, "Fee Application") duly came before the Court for hearing on December 4, 2015.  The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the December 4, 2015 hearing.  Due and adequate notice having been given to the Class as required by the Court's August 4, 2015 Order Preliminary Approving Settlement and Providing for Notice (Dkt. No. 362, the "Preliminary Approval Order"), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES, AND ORDERS AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 361, the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and §27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4. Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.

5. The Fee Application is hereby GRANTED in part.

6. Lead Counsel are hereby awarded attorneys' fees in the amount of **18%** of the Settlement Fund and $3,838,745.28 in Litigation Expenses, which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  Pursuant to ¶35 of the Stipulation, Lead Counsel shall allocate the attorneys' fees and expense amounts amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

7. Pursuant to ¶34 of the Stipulation, the fees and expenses awarded herein shall be paid from the Settlement Fund to Lead Counsel immediately upon entry of this Order, notwithstanding the existence of any timely filed objections thereto, if any, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in ¶34 of the Stipulation.

8. Lead Plaintiffs, the Laborers Pension Trust Fund for Northern California are hereby awarded $63,042.79, and Construction Laborers Pension Trust for Southern California are hereby awarded $30,410.82, from the Settlement Fund for their reasonable costs and expenses related to their representation of the Class.

9. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $388 million in cash that has been funded into an Escrow Account for the benefit of the Class pursuant to the terms of the Stipulation, and that Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel and Plaintiffs;

(b)     The fee sought by Lead Counsel has been approved as fair and reasonable by the Court-appointed Lead Plaintiffs and Class Representatives, sophisticated institutional investors that were substantially involved in the prosecution and resolution of the Action;

(c)     Copies of the Notice were mailed to over 13,100 potential Class Members or their nominees stating that Lead Counsel would seek fees of 25% of the Settlement Fund and recovery of Litigation Expenses in an amount not to exceed $4,885,000.00, plus interest earned at the same rate and for the same period as earned by the Settlement Fund, and there are no objections to the requested award of attorneys' fees or Litigation Expenses;

(d)     Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)     The Action involves complex factual and legal issues and was actively prosecuted for over five years;

(f)     Had the Settlement not been achieved, there would remain a significant risk that Plaintiffs and the other Members of the Class may have recovered less or nothing from Defendants; and

(g)     The amount of attorneys' fees awarded and expenses are fair and reasonable and consistent with awards in similar cases.

10.     Any appeal or any challenge affecting this Court's approval of the Fee Application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

11.     Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with terms of the Stipulation.

13. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: December 4, 2015

_____
J. PAUL OETKEN
United States District Judge