Oether, P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
FORT WORTH EMPLOYEES'          :      1:09-CV-3701 (JPO)
RETIREMENT FUND, On Behalf of Itself and :
All Others Similarly Situated, :      CLASS ACTION
                               :
                               :      ORDER AND FINAL JUDGMENT
            Plaintiff,         :
                               :
    vs.                        :
                               :
J.P. MORGAN CHASE & CO., et al., :
                               :
            Defendants.        :
                               :
------------------------------------------------------- x

This matter came for hearing on December 4, 2015 (the "Settlement Hearing"), on the application of the parties to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement") are fair, reasonable, and adequate and for approval of the Settlement. Due and adequate notice having been given to the Class, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment (the "Order" or the "Judgment") incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 361, the "Stipulation") and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and the Defendants to have adequately evaluated and considered their positions.

4. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Action and all Released Claims of the Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

5. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the other Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, dismissed, relinquished, and discharged any and all Released Claims (including Unknown claims) against each and all of the Released Parties, whether or not such Class Member executed and delivered the Proof of Claim Form or such Class Member shares in the Settlement Fund, with prejudice. Claims to enforce the terms of the Stipulation are not released.

6. Lead Plaintiffs and all other Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against each and all of the Released Parties.

7. Upon the Effective Date, and as provided in the Stipulation, Defendants and each of the other Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, dismissed, relinquished, and discharged any and all Released Parties' Claims against Lead Plaintiffs, each and all of the other Class Members, and Lead Counsel. Claims to enforce the terms of the Stipulation are not released.

8. The Notice of Pendency of Class Action and Proposed Settlement and Settlement Hearing given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort, and constituted due and sufficient notice to all persons and entities entitled thereto. The form and method of said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the

Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, and the requirements of due process. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

9. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fees and Litigation Expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered or received against Defendants, other Released Parties, Plaintiffs or the other Members of the Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or other Released Parties or by Plaintiffs or the other Members of the Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or other Released Parties;

(b) shall be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other Members of the Class as evidence of any infirmity in the claims of Plaintiffs and the other Members of the Class;

(c) shall be offered or received against the Released Parties, Plaintiffs or the other Members of the Class as evidence of a presumption, concession, or admission with respect to any

liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to the Stipulation and Settlement to effectuate the liability protection granted them hereunder;

(d) shall be construed against the Released Parties, Plaintiffs' Counsel or Plaintiffs or the other Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or the other Members of the Class or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

The Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon pursuant to ¶26 of the Stipulation; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and Litigation Expenses, plus interest earned thereon; (d) all parties herein for the purpose of construing,

enforcing, and administering the Stipulation; (e) enforcement and administration of this Order; and (f) other matters related or ancillary to the foregoing.

      12.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

      13.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and (b) the fact of the Settlement shall not be admissible in any trial of the Action (or any other action), and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of June 4, 2015.

      14.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: December 4, 2015

_____
J. PAUL OETKEN
United States District Judge